**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| SHENZHEN HUAIZHEN INNOVATION INVESTMENT FUND PARTNERSHIP (LIMITED PARTNERSHIP), <br><br> Plaintiff, <br><br> v. <br><br> KEVIN KELIN WAN, <br><br> Defendant. | Case No. 2:21-cv-02021-CSB-EIL <br><br><br> Hon. Colin S. Bruce <br><br> Magistrate Judge Eric I. Long |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) ("Huaizhen"), by its attorneys, Mazzola Lindstrom LLP and Smoler Law Office, P.C., hereby move this Court to enter judgment by default according to Rule 55(b)(2) of the Federal Rules of Civil Procedure for defendant Kevin Kelin Wan's ("Wan") failure to appear, answer, or otherwise plead. Further, in support of this motion Huaizhen, states as follows:

1. Rule 55 of the Federal Rules of Civil Procedure governs entry of default judgment. Fed. R. Civ. P. 55.

2. A party may seek entry of a default judgment after an adverse party is found to be in default. *In re* Catt, 368 F.3d 789 (7th Cir. 2004).

3. Defendant Wan was found to be in default by this Court on May 17, 2021 (*see* docket text dated May 17, 2021).

4. Upon default, the well-pleaded factual allegations of the Complaint relating to liability are deemed admitted, and a plaintiff is not required to further establish, and the defendant

has no further standing to contest, the plaintiff's right to recover. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

5.  Defendant's liability to plaintiff has been established based upon the Court's entry of default due to defendant's failure to answer or otherwise defend the factual allegations contained in the complaint. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

6.  Wan is the controlling shareholder, controller, and legal representative of Zmodo Technology Shenzhen Corp. Ltd. ("Zmodo"), a Sino-foreign joint venture company established in the People's Republic of China, with its address in Nanshan District, Shenzhen, People's Republic of China. Zmodo is in the business of researching, developing and selling security system cameras and intelligent home products.

7.  On March 28, 2016, Wan, Huaizhen and Zmodo entered into an agreement titled "Concerning Capital Increase and Subscription Agreement of Zmodo Technology Shenzhen Corp." (the "2016 Agreement"); and Huaizhen and Wan entered into a "Supplemental Agreement to Capital Increase and Additional Share Subscription Agreement" (the "Supplemental Agreement"). On May 12, 2016, Huaizhen paid the investment amount of RMB 15,000,000 to Zmodo, fulfilling its obligation under the 2016 Agreement.

8.  In March 2019, Huaizhen, Wan and Zmodo entered into a "Share Repurchase Agreement of Zmodo Technology Shenzhen Corp. Ltd. (the "Share Repurchase Agreement"). After consultation and reaching consensus, the parties agreed that Wan would repurchase the Zmodo shares held by Huaizhen as a result of Huaizhen's investment pursuant to the 2016 Agreement.

9. Wan failed to pay the amount due to Huaizhen on June 30, 2019, pursuant to the Share Repurchase Agreement.

10. On August 30, 2019, Huaizhen submitted its Request for Arbitration to the Shenzhen Court of International Arbitration (Shenzhen Arbitration Commission) in Shenzhen, People's Republic of China, pursuant to Article 4.2 of the Share Repurchase Agreement, requiring the parties to submit to arbitration any disputes not able to be resolved through amicable consultation. The Share Repurchase Agreement further provides that the execution, validity, interpretation, performance and dispute resolution thereof shall be governed by Chinese law.

11. On October 9, 2019, the Shenzhen Court of International Arbitration issued a Notice of Arbitration to Wan, attaching the Rules of Arbitration, Roster of Arbitrators of Shenzhen Court of International Arbitration, and Huaizhen's Request for Arbitration and attached exhibits.

12. Huaizhen appointed one arbitrator to serve on the panel. Wan neither appointed any arbitrator, nor entrusted the president of Shenzhen Court of International Arbitration to do so. Accordingly, the president of Shenzhen Court of International Arbitration appointed an arbitrator and a presiding arbitrator.

13. On November 25, 2019 the Shenzhen Court of International Arbitration issued a Notice on Formation of the Arbitration Tribunal to Huaizhen and Wan. Also on November 25, 2019, the Shenzhen Court of International Arbitration issued a Notice of Trial, providing for the trial to be held on December 16, 2019 at 9:30 a.m., and requiring both parties or their authorized agents to appear, and instructing them as to requirements for original evidence and electronic versions of written submissions for the case. Both Huaizhen and Wan submitted lists of exhibits for the arbitration trial.

14. On December 18, 2018, Huaizhen submitted an Application for Alteration of

Arbitration Claims, which particularized the monetary amounts at issue in its claims; and eliminated one of its claims against Wan. On December 19, 2019 Wan submitted a list of two supplementary exhibits for the arbitration.

15. On December 16, 2019, the arbitration tribunal opened a court session to hear the case. Huaizhen and Wan each entrusted their agents (counsel) to attend the trial on their behalf. Huaizhen and Wan respectively stated their arbitration claims and answers, and cross-examined the exhibits presented by the opposing party. Each of Huaizhen and Wan answered the arbitration tribunal's questions, and made final statements. Each of Huaizhen and Wan made their arguments, and agreed to cross-examine post-trial materials in writing. At the end of the trial, neither Huaizhen nor Wan expressed any objection to the jurisdiction of Shenzhen Court of International Arbitration, the formation of the arbitration tribunal, or the arbitration procedures.

16. All of the arbitration documents and evidentiary materials submitted by the parties and forwarded by the Shenzhen Court of International Arbitration, were served according to Article 6 of the Rules of Arbitration of the Shenzhen Court of International Arbitration.

17. On May 25, 2020, the arbitration tribunal issued its written award in favor of Huaizhen, rejecting Wan's asserted defenses and arguments, and ordered Wan to pay to Huaizhen within fifteen days of the date of the award: (a) the share repurchase money of RMB 15,000,000 yuan and its income, with income based on RMB 15,000,000 yuan and an annual interest rate of 12% calculated from July 29, 2016 to the date Huaizhen receives the full share repurchase money; (b) Huaizhen's attorney fees in the arbitration of RMB 400,000 yuan; (c) the arbitration fees of RMB 333,375 yuan, which Huaizhen had prepaid in full.

18. To date, Wan has not paid or remitted to Huaizhen any part of the amounts awarded by the arbitration tribunal. Nor has Wan challenged the arbitration award.

19. Accordingly, Huaizhen initiated this action to confirm the arbitral award as a judgment of this Court with respect to Wan, pursuant to Section 201 of the Federal Arbitration Act, 9 U.S.C. §201, and Article III of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"), which provides for the recognition and enforcement of foreign arbitration awards by states which contract to abide by the treaty.  The United States acceded to the Convention on September 30, 1970.  China acceded to the Convention on January 22, 1987.

20. Under Section 202 of the Federal Arbitration Act, "an arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title [affirming the validity, irrevocability and enforceability of arbitration agreements], falls under the Convention." 9 U.S.C. §202.  Under Section 207 of the Federal Arbitration Act, "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. §207.

21. No grounds exist for refusal or deferral of recognition or enforcement of the arbitration award issued by the arbitration tribunal of the Shenzhen Court of International Arbitration, in favor of Huaizhen and against Wan. Accordingly, pursuant to Section 207 of the Federal Arbitration Act, this Court is authorized and required to confirm and enforce the arbitration award issued by the arbitration tribunal of the Shenzhen Court of International Arbitration, in favor of Huaizhen and against Wan.

22. Wan is now liable to Huaizhen in the total amount of RMB 29,107,619.26 yuan, comprised of the following amounts:

    a. 15,000,000 yuan plus interest at an annual rate of 12% calculated from July 29, 2016 to the date Huaizhen is fully repaid for the share repurchase money;

    b. Huaizhen's attorney fees in the arbitration of RMB 400,000 yuan; and

    c. arbitration fees of RMB 333,375 yuan.

23. Huaizhen further requests that the total amount of the arbitration award to be confirmed, and any further amounts that may be awarded to Huaizhen pursuant thereto, be converted from yuan to U.S. dollars.

WHEREFORE, plaintiff Huaizhen prays that this Court enter a Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure in favor of plaintiff and against defendant Kevin Kelin Wan, as follows:

A. That the arbitration award of the Shenzhen Court of International Arbitration dated May 25, 2020, in favor of plaintiff Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) and against defendant Kevin Kelin Wan, be and is confirmed in its entirety;

B. That judgment be and is entered in favor of plaintiff Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) and against defendant Kevin Kelin Wan pursuant to the arbitration award, with interest accruing on the 15,000,000 yuan share repurchase amount of the arbitration award until the judgment is fully satisfied, at the rate of 12% pursuant prescribed in the arbitration award; and with the total amount due pursuant to the award, including the share repurchase amount, arbitration fees, and Huaizhen's attorney fees relating to the arbitration, and any further amounts

that may be due to Huaizhen pursuant thereto, converted to U.S. Dollars;

C. That defendant is decreed to pay to plaintiff all such monies determined to be due and owing to plaintiff at the time judgment is entered;

D. That defendant is decreed to pay all costs, interest, expenses, and attorney fees attendant to these proceedings;

E. That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under the Federal Arbitration Act, or as is otherwise just and equitable;

F. That the Court retain jurisdiction over this matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the judgment and/or any further judgments that may be issued.

Dated: June 6, 2021                              **MAZZOLA LINDSTROM LLP**

By: /s/ Laura D. Castner
Laura D. Castner
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Phone: 310.694.8585
Laura@mazzolalindstrom.com

Jean-Claude Mazzola (*admission forthcoming*)
Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Phone: 646.216.8440
jeanclaude@mazzolalindstrom.com

Emma Smoler
Smoler Law Office, P.C.
22 West Washington Street, Suite 1500
Chicago, IL 60602
Telephone: 312.332.9800
Facsimile: 312.332.9801
esmoler@smolerlaw.com

4847-6170-3661, v. 1

*Attorneys for Plaintiff Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership)*