UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHENZHEN HUAIZHEN INNOVATION INVESTMENT FUND PARTNERSHIP (LIMITED PARTNERSHIP), <br><br>      Plaintiff, <br><br> v. <br><br> KEVIN KELIN WAN, <br><br>      Defendant. | Case No. 2:21-cv-02021-CSB-EIL <br><br><br> Hon. Colin S. Bruce <br><br> Magistrate Judge Eric I. Long |

## MOTION FOR RECONSIDERATION

Plaintiff Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) ("Huaizhen"), by its attorneys, Mazzola Lindstrom LLP and Smoler Law Office, P.C., hereby moves this Court for reconsideration of the Court's order of June 29, 2021, setting aside defendant Kevin Kelin Wan's ("Wan") default and denying Huaizhen's Motion for Entry of Default Judgment. Further, in support of this motion Huaizhen, states as follows:

1.      Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

2.      "Courts have the inherent power to reconsider non-final orders, as justice requires, before entry of judgment." *Wilson v. Warren County*, Case No. 4:11-CV-04078-SLD-JEH, 2014 U.S. Dist. LEXIS 135903, at *4 (C.D. Ill. Sept. 26, 2014) (citation omitted). Motions for

1

reconsideration, including motions pursuant to FRCP 54(b) are appropriate to correct "manifest errors of law." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Wilson*, 2014 U.S. Dist. LEXIS 135903, at *4. A "manifest error" includes a "failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F3d 601, 606 (7th Cir. 2000); *see also Caisse Nationale De Credit Agricole v. CBI Indus*, 90 F.3d 1264, 1269 (7th Cir. 1996).

3. Defendant Wan was found to be in default by this Court on May 17, 2021 (*see* docket text dated May 17, 2021).

4. On June 7, 2021, Huaizhen served Wan with Notice of Entry of Default, and filed a motion for entry of default judgment (Dkt. 6-15).

5. On June 17, 2021, Wan moved to vacate the entry of his default, asserting as a defense that the Power of Attorney he gave his counsel in the Arbitration was invalid (Dkt. 16 at ¶10), and opposed the entry of default judgment. Wan claimed he "did not provide [his] counsel with a Power of Attorney notarized and certified by the Chinese Consulate for the purposes of appearing on my behalf at the arbitration proceedings …." (Dkt. 16-1 ("Wan Decl.") at ¶6), that he "expects the evidence . . . to show that the attorneys appearing in the arbitration proceedings did not obtain a valid Power of Attorney to represent him," "intends to retain an expert who will provide testimony that under Chinese law, the attorneys' legal authority was not valid" (Dkt. 16, ¶10), and that, "[b]ecause counsel purporting to represent Mr. Wan in the arbitration were not validly retained by him, it would violate [U.S.] public policy to enforce" the Award. (Dkt. 16, ¶11.)

6. Huaizhen's opposition to Wan's motion to vacate was due on July 1, 2021.

2

7. On June 29, 2021, before Huaizhen's opposition to Wan's Motion was due, this Court *sua sponte* vacated Wan's default, denied Huaizhen's motion for entry of default judgment, and gave Wan until July 12, 2021 to respond to the Complaint.

8. Wan's motion to vacate the entry of default failed to satisfy the Seventh Circuit's three-prong test for vacating default, in that Wan failed to set forth a meritorious defense and factual and legal support therefor. Wan offered only vague assertions and future promises to support his purported defense that the Power of Attorney granted to his Chinese counsel was invalid, which are insufficient under precedents of this Court and the U.S. Court of Appeals for the Seventh Circuit.

9. Further, as demonstrated in the concurrently-submitted Expert Opinion on Chinese Laws of Chinese attorney Bo Lin, Wan's proposed defense fails under governing Chinese law and rules of procedure, which do not require certification or notarization of a Power of Attorney given by a foreign national for use in arbitration proceedings in China, like the one Wan gave his Chinese counsel for the Arbitration with Huaizhen.

WHEREFORE, plaintiff Huaizhen prays that this Court enter an order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in favor of plaintiff and against defendant Kevin Kelin Wan, as follows:

A. Vacating the June 29, 2019 order vacating Wan's default;

B. Reinstating Wan's default;

C. Striking Wan's Answer to the Complaint;

D. Vacating the denial of Huaizhen's Motion for Entry of Default Judgment ordered on June 29, 2021; and

E. Restoring Huaizhen's Motion for Entry of Default Judgment to the Court's calendar.

Dated: July 13, 2021  **MAZZOLA LINDSTROM LLP**

By: /s/ Laura D. Castner
Laura D. Castner
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Phone: 310.694.8585
Laura@mazzolalindstrom.com

Jean-Claude Mazzola (*admission forthcoming*)
Stephen L. Brodsky (*admission forthcoming*)
Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Phone: 646.216.8440
jeanclaude@mazzolalindstrom.com

Emma Smoler
Smoler Law Office, P.C.
22 West Washington Street, Suite 1500
Chicago, IL 60602
Telephone: 312.332.9800
Facsimile: 312.332.9801
esmoler@smolerlaw.com

*Attorneys for Plaintiff Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership)*

# CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, the foregoing document was filed with the Clerk of the Court using the CM/ECF system. Notice will be sent to all counsel of record and/or parties by operation of the Court's electronic case filing system. Parties may access this through the Court's electronic case filing system.

By: <u>/s/ *Laura D. Castner*</u>
Laura D. Castner
MAZZOLA LINDSTROM LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Phone: 310.694.8585
laura@mazzolalindstrom.com