E-FILED
Tuesday, 13 July, 2021  11:25:18 PM
Clerk, U.S. District Court, ILCD

**EXHIBIT A**

# 有关中国法律的专家意见书

北京德恒（深圳）律师事务所

# 林 博　律师

## 有关中国法律的专家意见书目录

1. 引言 -------------------------------------------------1

2. 争议 -------------------------------------------------2

3. 专家意见处理的问题 -------------------------------2

4.专家意见 ---------------------------------------------3

5.附录 ------------------------------------------------14

　　　附录一　林博律师简历

　　　附录二　林博律师作为独立专家的声明

　　　附录三　林博律师参考的证据文件

　　　附录四　专家意见的案例

　　　附录五　相关中国法律、司法解释及仲裁规则

# 1. 引言

1.1 本专家意见书就中国法律向美国伊利诺伊州中央地区法院乌尔
   巴纳法庭（以下简称乌尔巴纳法庭）出具，目的是协助乌尔巴纳
   法庭正在审理的：

   深圳怀真创新投资基金合伙企业（有限合伙）（以下简称"深圳
   怀真"）（申请人）

   与

   Kevin Kelin Wan（以下简称"Wan 先生"）（被申请人）

   之申请承认（2019）深国仲涉外裁 5645 号仲裁裁决案提供有
   关中国法律的意见。


1.2 （2019）深国仲涉外裁 5645 号仲裁案以下简称"5645 号仲裁
案"；

   (2019)深国仲涉外裁 5645 号仲裁裁决以下简称"5645 号裁
决"；

   深圳怀真创新投资基金合伙企业（有限合伙）

   与

   Kevin Kelin Wan（以下简称"Wan 先生"）

   之申请承认（2019）深国仲涉外裁 5645 号仲裁裁决案以下简
称

   "申请承认仲裁裁决案"。

1.3 上述申请人深圳怀真创新投资基金合伙企业（有限合伙）是一

　　家于 2015 年 10 月 28 日成立的有限合伙企业，合伙人分别为深

　　圳怀新企业投资顾问股份有限公司，所占份额为 65.22%；深圳

　　市怀真资产管理有限公司，所占份额为 34.78%。

1.4 本人是林博律师，以中国法律专家的身份撰写本意见书。

　　本人是北京德恒（深圳）律师事务所的合伙人，自 2017 年以来

　　一直在中华人民共和国从事执业律师，熟悉中国法律，所在律所

　　的地址为深圳市福田区金田路 4018 号安联大厦 B 座 33 层。

　　关于本人的资格和主要执业领域等，请参考《附录一》。

1.5 为了提供本专家意见书，本人参考了详列于《附录三》《附录四》

　　《附录五》的文件。


## 2. 争议

2.1 在乌尔巴纳法庭审理的申请承认仲裁裁决案中，Wan 先生向法庭

　　申请不予承认 5645 号裁决，理由为：在 5645 号仲裁案中，Wan

　　先生委托中华人民共和国律师（蒋卫东律师、潘佳予律师，下同）

　　代理诉讼，但因为 Wan 先生的授权委托书未经所在国公证机关

　　证明，且未经中华人民共和国驻该国使领馆认证，Wan 先生的

- 2 -

授权委托书不具有效力。

## 3. 本意见书所处理的问题

3.1 在 5645 号仲裁案中，Wan 先生委托中华人民共和国律师代理仲
裁，授权委托书是否应当经所在国公证机关证明，并经中华人民
共和国驻该国使领馆认证？

## 4. 本律师现根据中国法律及仲裁规则对上述问题提供意见：

### 4.1 适用的中国法及仲裁规则

4.1.1《中华人民共和国仲裁法》第五条

当事人达成仲裁协议，一方向人民法院起诉的，**人民法院不予
受理**，但仲裁协议无效的除外。

4.1.2《中华人民共和国仲裁法》第二十九条

当事人、法定代理人可以委托律师和其他代理人进行**仲裁**活
动。委托律师和其他代理人进行仲裁活动的，应当向仲裁委员
会提交授权委托书。

4.1.3《中华人民共和国民事诉讼法》第三条

人民法院受理公民之间、法人之间、其他组织之间以及他们
相互之间因财产关系和人身关系提起的民事诉讼，适用本法的
规定。

4.1.4《中华人民共和国民事诉讼》第二百五十九条

在中华人民共和国领域内进行涉外民事诉讼，适用本编规定。本编没有规定的，适用本法其他有关规定。

4.1.5《中华人民共和国民事诉讼法》第二百六十四条

在中华人民共和国领域内没有住所的外国人、无国籍人、外国企业和组织委托中华人民共和国律师或者其他人代理**诉讼**，从中华人民共和国领域外寄交或者托交的授权委托书，应当经所在国公证机关证明，并经中华人民共和国驻该国使领馆认证，或者履行中华人民共和国与该所在国订立的有关条约中规定的证明手续后，才具有效力。

4.1.6《中华人民共和国民事诉讼法》第二百七十一条

涉外经济贸易、运输和海事中发生的纠纷，当事人在合同中订有仲裁条款或者事后达成书面仲裁协议，提交中华人民共和国涉外仲裁机构或者其他仲裁机构仲裁的，**当事人不得向人民法院起诉。**

当事人在合同中没有订有仲裁条款或者事后没有达成书面仲裁协议的，可以向人民法院起诉。

4.1.7《深圳国际仲裁院仲裁规则》

第三条 规则适用

（一）当事人同意由仲裁院进行仲裁的，除非另有约定，应**视为同意按照本规则进行仲裁。**

（二）当事人约定按照本规则或者仲裁院制定的特别规则进行仲裁，即视为同意将争议提交仲裁院仲裁。

（三）当事人约定适用其他仲裁规则，或约定对本规则有关内容进行变更的，从其约定。但其约定无法实施或与仲裁程序所适用法律的强制性规定相抵触的除外。当事人约定适用的其他仲裁规则规定由仲裁机构履行的职责，由仲裁院履行。

（四）当事人约定第二条第（一）款第 1 项或第 2 项案件适用《联合国国际贸易法委员会仲裁规则》的，仲裁院按照该规则及《深圳国际仲裁院关于适用〈联合国国际贸易法委员会仲裁规则〉的程序指引》管理案件。

（五）当事人将第二条第（二）款投资仲裁案件交付仲裁院仲裁的，仲裁院按照《联合国国际贸易法委员会仲裁规则》及《深圳国际仲裁院关于适用〈联合国国际贸易法委员会仲裁规则〉的程序指引》管理案件。

（六）仲裁院制定的特别规则或指引的规定与本规则不一致的，以特别规则或指引的规定为准。特别规则或指引未规定的，适用本规则。

（七）本规则未明确规定的事项，仲裁院或者仲裁庭有权按照

其认为适当的方式处理。

4.1.8《深圳国际仲裁院仲裁规则》

第二十四条 代理人

当事人可以委托包括中国内地、香港特别行政区、澳门特别行政区、台湾地区和外国律师在内的人士担任其**仲裁代理人**。当事人委托代理人进行仲裁活动的, 应当向仲裁院提交载明具体委托事项和权限的授权委托书。

## 4.2 对中国法律及仲裁规则的分析

4.2.1 根据《中华人民共和国仲裁法》第二十九条的规定, 当事人可以委托律师进行仲裁活动, 当事人委托律师进行仲裁活动的, 应当向仲裁委员会提交授权委托书。

由此可知, Wan 先生委托律师参与 5645 号仲裁案仲裁活动, 应当向深圳国际仲裁院提交授权委托书。

4.2.2 根据《中华人民共和国仲裁法》第五条、《中华人民共和国民事诉讼法》第二百七十一条的规定, 当事人之间有仲裁协议的, 一方向人民法院起诉, 人民法院不予受理。

由此可知, 仲裁与诉讼是两种不同的程序。

深圳怀真与 Wan 先生在 2019 年 3 月签订的《关于深圳市智美达科技股份有限公司之股份回购协议》（以下简称"《股份回购协议》"）4.2 约定："因本协议的签署、效力、解释和履行所产生的一切争议，本协议三方应先通过友好协商方式解决，若三方不能通过友好协商解决争议，预定由深圳国际仲裁院管辖，仲裁地点为深圳市"。

因深圳怀真与 Wan 先生之间已有仲裁协议，深圳怀真按照仲裁协议向深圳国际仲裁院申请仲裁，即 5645 号仲裁案，相应仲裁活动应根据与仲裁有关的中国法律及仲裁规则开展，适用《中华人民共和国仲裁法》以及仲裁规则。

4.2.3 根据《中华人民共和国民事诉讼法》第二百六十四条的规定，在中华人民共和国领域内没有住所的外国人委托中华人民共和国律师代理**诉讼**，从中华人民共和国领域外寄交或者托交的授权委托书，应当经所在国公证机关证明，并经中华人民共和国驻该国使领馆认证，或者履行中华人民共和国与该所在国订立的有关条约中规定的证明手续后，才具有效力。

但根据《中华人民共和国民事诉讼法》第三条的规定，提起民事诉讼才适用《中华人民共和国民事诉讼法》，因此，《中华人民共和国民事诉讼法》第二百六十四条的规定是对诉讼程序中委托律师代理诉讼的规定，不是对仲裁程序中委托律师代理仲裁的规定。

根据《中华人民共和国仲裁法》第二十九条的规定，该法并未要求委托律师代理仲裁需要办理公证、认证手续，该法仅规定当事人"应当向仲裁委员会提交授权委托书"。

Wan 先生是委托中华人民共和国律师进行仲裁，不是进行诉讼，因此，其授权委托书未经公证、认证的，未违反《中华人民共和国仲裁法》的规定。

4.2.4 按照前引《股权回购协议》4.2 的约定，深圳怀真与 Wan 先生约定由深圳国际仲裁院进行仲裁，但未约定适用的仲裁规则。根据 4.1.7 所引《深圳国际仲裁院仲裁规则》第三条第（一）款的规定，应视为深圳怀真与 Wan 先生同意按照深圳国际仲裁院的仲裁规则进行仲裁。

根据 4.1.8 所引《深圳国际仲裁院仲裁规则》第二十四条的规定，Wan 先生可以委托中国内地律师担任其仲裁代理人，其

委托代理人进行仲裁活动的，应当向仲裁院提交载明具体委托事项和权限的授权委托书。

由此可知，《深圳国际仲裁院仲裁规则》并不要求 Wan 先生就授权委托书办理公证、认证手续，而 Wan 先生亦按照仲裁规则的要求向仲裁院提交了授权委托书。

## 4.3 类似案例

4.3.1 在创博亚太科技（山东）有限公司（以下简称创博公司）与被申请人美国超微电脑股份有限公司（SuperMicroComputer, Inc.）申请撤销仲裁裁决一案【案号为（2015）四中民（商）特字第 263 号】中，北京市第四中级人民法院（以下简称"北京四中院"）认为"一、超微公司代理人的授权委托手续是否合法有效。首先，《仲裁规则》第二十条规定：'当事人可以授权中国及／或外国的仲裁代理人办理有关仲裁事项。当事人或其仲裁代理人应向仲裁委员会秘书局提交授权委托书'，超微公司在诉讼过程中向本院提交了在仲裁程序中该公司出具的授权委托书、仲裁委员会秘书局出具的收据等材料，由此可见，超微公司授权代理人办理相关仲裁事项的行为符合《仲裁规则》的规定；其次，《中华人民共和国民事诉讼法》第二百六十四条规定：'在中华人民共和国领域内没有住所的外国人、无国籍人、外国企业和组织委托中华人民共和国律师或者其他

人代理诉讼，从中华人民共和国领域外寄交或者托交的授权委托书，应当经所在国公证机关证明，并经中华人民共和国驻该国使领馆认证，或者履行中华人民共和国与该所在国订立的有关条约中规定的证明手续后，才具有效力，**其中并未明确写明该规定亦适用于仲裁程序，而《仲裁规则》中对外国人、外国企业等主体提交授权委托书的形式并无相应的强制性规定，故超微公司向仲裁庭提交的授权委托书虽未经过相应的公证认证程序，不影响其效力**；最后，对委托代理人的资格进行审查属于仲裁庭的职责范围，仲裁庭有权自行审查后允许超微公司的代理人参加仲裁开庭，加之创博公司并未提供证据否定仲裁庭业已收取超微公司提交的授权委托书，并进行合法性审查的事实，故对于创博公司提出超微公司未委托合法有效的代理人出庭，应按撤回仲裁申请处理的主张，本院不予采纳"。

4.3.2 在东风华神汽车有限公司（以下简称东风公司）与被申请人

RarotongaMotorCompanyLtd.(以下简称 Rarotonga 公司)申

请撤销仲裁裁决一案【案号为（2019）京 04 民特 408 号】中，

北京四中院认为"本案中，东风公司提出了三项申请理由，分别为：一是仲裁庭组成违反法定程序，**二是 Rarotonga 公司及**

**其代理人未向仲裁庭提交公证认证手续**，三是仲裁违反法定程序。其中，**东风公司提出第二项理由所依据的是民诉法解释关于民事诉讼程序中与公证认证相关的规定，上述司法解释不适用于仲裁程序，故本院对该项理由不予采纳**"。

4.3.3 在喻冬兵与李光浩、朴仁镐、东莞市合富置业有限公司申请撤销仲裁裁决一案【案号为（2019）粤19民特41号】中，广东

省东莞市中级人民法院（以下简称"东莞中院"）认为"《仲裁规则》、《中华人民共和国仲裁法》及其司法解释均未规定外国人委托代理人进行仲裁的，必须要经过公证认证手续，故喻冬兵主张李光浩、朴仁镐的委托手续不合法缺乏依据"。

## 4.4 结论

对于外国人委托代理人进行仲裁的，本案适用的中国法律及仲裁规则均未规定当事人委托代理人的授权委托书要经过公证、认证手续。在5645号仲裁案中，Wan先生委托律师进行仲裁活动，已经向深圳国际仲裁院提交其签名的载明具体委托事项和权限的授权委托书，该授权委托书符合本案适用的中国法律及仲裁规则的规定，合法有效，该授权委托书不需要另行办理公证、认证手续。

**4.5 以上是本人的专家意见，仅供法庭参考。**

出具人（签名）：

日期：　　　年　　月　　　日

# Expert Opinion on Chinese Laws

Beijing Deheng (Shenzhen) Law Firm

Lin, Bo, Attorney at Law

# List of Expert Opinion on Chinese Laws

1. Introduction             ------------------------------------------------3

2. Disputes             ------------------------------------------------3

3. Issues addressed in this Opinion      ------------------------------------------------3

4. Expert Opinion          ------------------------------------------------3

5. Appendix           ------------------------------------------------

     Appendix I. Resume of attorney Lin, Bo

     Appendix II. Statement by attorney Lin, Bo as an Independent expert

     Appendix III. Evidence documents referenced by attorney Lin, Bo

     Appendix IV. Cases in the Expert Opinion

     Appendix V. Relevant Chinese laws, judicial interpretation and Arbitration Rules

# 1. Introduction

1.1 This Expert Opinion is issued to the Urbana Courthouse of Central District Court (hereinafter referred to as Urbana Courthouse) of Illinois regarding Chinese laws. The purpose was to assist in providing an opinion on Chinese laws in application for recognition of Shenzhen Foreign-related Arbitration Award No. 5645 of Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) (hereinafter referred to as Shenzhen Huaizhen) (Applicant) vs Kevin Kelin Wan (hereinafter referred to as Mr. Wan) (Respondent) heard by Urbana Courthouse.

1.2 (2019) Shenzhen Foreign-related Arbitration No. 5645 Arbitration (hereinafter referred to as Arbitration No. 5645); (2019) Shenzhen Foreign-related Arbitration Award No. 5645 (hereinafter referred to as Arbitration Award No. 5645); application for recognition of Shenzhen Foreign-related Arbitration Award No. 5645 of Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) vs Kevin Kelin Wan (hereinafter referred to as Mr. Wan) (hereinafter referred to as Application for Recognition of Arbitration Award).

1.3 The above-mentioned applicant, Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership), is a limited partnership established on October 28, 2015. Its partners are Shenzhen Huaixin Enterprise Investment Consulting Co., Ltd. (with a share of 65.22%) and Shenzhen Huaizhen Asset Management Co., Ltd. (with a share of 34.78%).

1.4 I am Attorney Lin, Bo, writing this Opinion as an expert on Chinese laws. I am a partner of Beijing Deheng (Shenzhen)

Law Firm and have been practicing law in the People's Republic of China since 2017 and am familiar with Chinese laws.  The address of my law firm is 33/F, Tower B, Anlian Building, No. 4018 Jintian Road, Futian District, Shenzhen. Please  refer to Appendix I for my qualifications and main areas of practice, etc.

1.5 In order to provide this Expert Opinion, I have referred to the documents detailed in Appendix III, Appendix IV and

Appendix V.

## 2. Disputes

2.1 In the Application for Recognition of Arbitration Award, heard at Urbana Courthouse, Mr. Wan applied to the court for non-admission of Arbitration No. 5645.The reason is as below: In Arbitration No. 5645, Mr. Wan appointed attorneys from the People's Republic of China (Attorney Jiang, Weidong and Attorney Pan, Jiayu. Same below) to represent him in the lawsuit. However, since power of attorney of Mr. Wan has not been certified by a notary public in the host country and has not been authenticated by the embassy or consulate of the People's Republic of China in the host country, of attorney of Mr. Wan is not valid.

## 3. Issues addressed in this Opinion

3.1 In Arbitration No. 5645, Mr. Wan appointed attorneys from the People's Republic of China to represent him in the arbitration. Should his power of attorney be certified by a notary public in the host country and authenticated by the embassy or consulate of the People's Republic of China in that country?

## 4.  This attorney provides the opinion on the above issues in accordance with Chinese laws and Arbitration Rules.

### 4.1    Applicable Chinese Laws and Arbitration Rules

4.1.1 Article 5 of Arbitration Law of the People's Republic of China:

    If the parties have concluded an arbitration agreement and one-party institutes an action in a people's court, **the people's court shall not accept the case**, unless the arbitration agreement is null and void.

4.1.2 Article 29 of Arbitration Law of the People's Republic of China

    A party or statutory representative may appoint an attorney or other representative to carry out **arbitration** activities. To appoint an attorney or other representative to carry out arbitration activities, a power of attorney shall be submitted to the arbitration commission.

4.1.3 Article 3 of Civil Procedure Law of the People's Republic of China:

    The provisions of this Law shall apply to civil actions accepted by a people's court regarding property or personal relationships between citizens, between legal persons, between other organizations or between citizens and legal persons, citizens and other organizations or legal persons and other organizations.

4.1.4 Article 259 of Civil Procedure Law of the People's Republic of China:

    The provisions of this Part shall be applicable to civil proceedings within the territory of the People's Republic of China in regard to cases involving foreign element. Where it is not covered by the provisions of this Part, other relevant provisions of this Law shall apply.

4.1.5 Article 264 of Civil Procedure Law of the People's Republic of China:

    Any power of attorney mailed or forwarded by other means from outside the territory of the People's Republic of China by a foreign national, stateless person or a foreign enterprise and organization that has no domicile in the People's Republic of China for the appointment of an attorney or any other person of the People's Republic of China as an representative ad litem must be notarized by a notarial office in the country of domicile and authenticated by the Chinese embassy or consulate accredited to that country or, for the purpose of verification, must go through the formalities stipulated in the relevant bilateral treaties between China and that country before it becomes effective.

4.1.6 Article 271 of Civil Procedure Law of the People's Republic of China:

    In the case of a dispute arising from the foreign economic, trade, transport or maritime activities of China, if the parties have had an arbitration clause in the contract concerned or have subsequently reached a written arbitration agreement stipulating the submission of the dispute for arbitration to an arbitral organ in the People's Republic of China handling cases involving foreign element, or to any other arbitral body, **they may not bring an action in a people's court**.

    If the parties have not had an arbitration clause in the contract concerned or have not subsequently reached a written arbitration agreement, they may bring an action in a people's court.

4.1.7 Arbitration Rules of Shenzhen Court of International Arbitration:

    Article 3  Applicability of the rules

    (1) If the parties agree to arbitration by the Arbitration Court, they **shall be deemed to agree to arbitration** in accordance with these Rules unless otherwise agreed.

    (2) By agreeing to arbitrate in accordance with these Rules or the special rules established by the Arbitration Court, the parties shall be deemed to agree to submit the dispute to arbitration by the Arbitration Court.

    (3) If the parties agree to apply other Arbitration Rules or agree to make changes to the relevant parts of these Rules, their agreement shall apply. If the parties agree to apply other Arbitration Rules or agree to make changes to the relevant content of these Rules, their agreement shall be followed, except that their agreement cannot be implemented or is in conflict with the mandatory provisions of the law applicable to the arbitration proceedings. If the parties agree that the applicable other Arbitration rules stipulate that the arbitration institution shall perform the performance, then the Arbitration Court shall perform the performance.

(4) If the parties agree to apply the UNCITRAL Arbitration Rules to cases under Article II(1)(a) or (b), the Arbitration Court shall manage the case in accordance with the Rules and the "Procedural Guidelines of the Shenzhen Court of International Arbitration on the Application of the UNCITRAL Arbitration Rules".

(5) If the parties refer an Article II(2) investment arbitration case to the Arbitration Court, the Arbitration Court shall manage the case in accordance with the UNCITRAL Arbitration Rules and the Procedural Guidelines of the Shenzhen Court of International Arbitration on the Application of the UNCITRAL Arbitration Rules.

(6) If the provisions of the special Rules or Guidelines formulated by the Arbitration Court are inconsistent with these rules, the provisions of the special Rules or Guidelines shall prevail. If there are no special Rules or Guidelines, these rules apply.

(7) In matters not expressly provided for in these Rules, the Arbitration Court or the Arbitration Tribunal shall have the right to deal with them in the manner it deems appropriate.

4.1.8 Arbitration Rules of Shenzhen Court of International Arbitration:

Article 24 Representative

The parties may appoint attorneys from Mainland China, Hong Kong SAR, Macau SAR, Taiwan and foreign countries to act as their **arbitration proxies**. If the parties appoint proxies to carry out arbitration activities, they shall submit to the Arbitration Court a power of attorney stating the specific matters and powers entrusted to them.

## 4.2 Analysis of Chinese laws and Arbitration Rules

4.2.1 According to the Arbitration Law of Article 29 of the People's Republic of China, "A party or statutory representative may appoint an attorney or other representative to carry out arbitration activities. To appoint an attorney or other representative to carry out arbitration activities, a power of attorney shall be submitted to the arbitration commission.". From this, it is clear that since Mr. Wan has entrusted an attorney to participate in Arbitration No. 5645 arbitration activities, he should submit a power of attorney to the Shenzhen Court of International Arbitration.

4.2.2 According to the Arbitration Law of Article 5 of the People's Republic of China and Article 271 of the Civil Procedure Law of the People's Republic of China, "If the parties have concluded an arbitration agreement and one-party institutes an action in a people's court, the people's court shall not accept the case, unless the arbitration agreement is null and void.".

It is thus clear that arbitration and litigation are two different procedures.

Shenzhen Huaizhen and Mr. Wan entered into the "Share Repurchase Agreement in respect of Zmodo Technology Shenzhen Corp. Ltd.." dated March 2019 (hereinafter referred to as Share Repurchase Agreement) in which Article 4.2 has the following agreement: "All disputes arising from the execution, validity, interpretation and performance of this Agreement shall first be resolved by friendly negotiation between the three parties to this Agreement.

In the event that the three parties are unable to resolve the dispute through friendly negotiation, the arbitration shall be conducted under the jurisdiction of the Shenzhen International Arbitration Committee, with the place of arbitration being Shenzhen.". As there is an arbitration agreement between Shenzhen Huaizhen and Mr. Wan, Shenzhen Huaizhen applies to the Shenzhen International Arbitration Committee for arbitration (i.e. Arbitration No. 5645) based on the arbitration agreement. The arbitration shall be conducted in accordance with the laws of the People's Republic of China and the Arbitration Law of the People's Republic of China and its related Arbitration Rules.

4.2.3 According to the Article 264 of the Civil Procedure Law of the People's Republic of China, "Any power of attorney mailed or forwarded by other means from outside  the territory of the People's Republic of China

by a foreign national, stateless person or a foreign enterprise and organization that has no domicile in the People's Republic of China for the appointment of an attorney or any other person of the People's Republic of China as an **representative** ad litem must be notarized by a notarial office in the country of domicile and authenticated by the Chinese embassy or consulate accredited to that country  or,  for the purpose of verification, must go through the formalities stipulated in the relevant bilateral treaties between China and that country before it becomes effective.".

However, according to the provisions of Article 3 of the Civil Procedure Law of the People's Republic of China, only the filing of civil lawsuits can be applied to the Civil Procedure Law of the People's Republic of China. Therefore, the provisions of Article 264 of the Civil Procedure Law of the People's Republic of China is the provision on the entrustment of attorneys to represent litigation in litigation procedures, but not the provisions on the entrustment of attorneys to represent arbitration in arbitration procedures.

According to Article 29 of the Civil Procedure Law of the People's Republic of China, the Law does not require notarization and certification procedures for the appointment of attorneys to represent in arbitration. It only stipulates that the parties shall submit a power of attorney to the Arbitration Committee.

Mr. Wan entrusted his attorney from the People's Republic of China to conduct the arbitration, not the litigation. Therefore, its power of attorney, even if not notarized and certified, does not violate the provisions of the Arbitration Law of the People's Republic of China.

4.2.4 As agreed in Article 4.2 of the aforesaid Share Repurchase Agreement, Shenzhen Huaizhen and Mr. Wan agreed to have the arbitration conducted by the Shenzhen International Arbitration Committee but did not agree on the applicable Arbitration Rules. According to Article 3(1) of Arbitration Rules of Shenzhen Court of International Arbitration mentioned in 4.1.7, it shall be deemed that Shenzhen Huaizhen and Mr. Wan have agreed to arbitrate in accordance with the Arbitration Rules of the Shenzhen International Arbitration Committee.

According to Article 24 of the Arbitration Rules of Shenzhen Court of International Arbitration as mentioned in 4.1.8, Mr. Wan may appoint a Chinese attorney to act as his representative in the arbitration. In order to carry out arbitration activities, the presentative shall submit to Arbitration Court a power of attorney specifying the matters and powers to be delegated.

Therefore, the Arbitration Rules of Shenzhen Court of International Arbitration does not require Mr. Wan to have the power of attorney notarized and certified, and Mr. Wan submitted the power of attorney to the Arbitration Court as required by the Arbitration Rules.

## 4.3 Similar Cases

4.3.1 In the case of application for revocation of arbitration award of Chuangbo Asia Pacific Technology (Shandong) Co., Ltd. (hereinafter referred to as Chuangbo Company) and the respondent Super Micro Computer, Inc. (case No.: (2015) Sizhongmin (Business) Special No. 263), Beijing Fourth Intermediate People's Court (hereinafter referred to as "Beijing Fourth Intermediate Court") held that: 1. Whether the authorization procedure of the representative of the Super Micro Computer is legal and valid. Firstly, First, Article 20 of the "Arbitration Rules" stipulates: 'The parties may authorize Chinese and/or foreign arbitration proxies to handle relevant arbitration matters. The parties or their arbitration proxies shall submit a power of attorney to the Secretariat of the Arbitration Commission. During the litigation process, Super Micro Computer submitted to this court materials such as the power of attorney issued by the company in the arbitration proceedings and the receipt issued by the Secretary of the Arbitration Commission. Thus, Super Micro Computer's authorization of its representative to handle the relevant arbitration matters is in compliance with the Arbitration Rules; Secondly, Article 264 of Civil Procedure Law of the People's Republic of China stipulates, "Any power of attorney mailed or forwarded by other means from outside the

territory of the People's Republic of  China by a foreign national, stateless person or a foreign enterprise and organization that has no domicile in the People's Republic of China for the appointment of an attorney or any other person of the People's Republic of China as an representative ad litem must be notarized by a notarial office in the country of domicile and authenticated by the Chinese embassy or consulate accredited to that country or, for the purpose of verification, must go through the formalities stipulated in the relevant bilateral treaties between China and that country before it becomes effective." **It does not clearly state that this provision also applies to arbitration procedures. However, there are no corresponding mandatory regulations on the form of submission of power of attorney for foreigners, foreign enterprises and other entities in the "Arbitration Rules". Therefore, although the power of attorney submitted by Super Micro Computer to the tribunal has not undergone the corresponding notarization and authentication procedures, it does not affect its validity;** Finally, it is the duty of the arbitral tribunal to examine the qualification of the representative, and the arbitral tribunal has the right to examine and allow the representative of Super Micro Computer to attend the arbitration hearing. Therefore, the Court does not accept Chuangbo Company's claim that Super Micro Computer did not appoint a legally valid representative to appear in the Court and should be treated as a withdrawal of the arbitration application.

4.3.2 In the case of application for revocation of arbitration award of Dongfeng Huashen Automobile Co., Ltd. (hereinafter referred to as Dongfeng Company) and the respondent Rarotonga Motor Company Ltd. (hereinafter referred to as Rarotonga Company) (case No.:  (2019) Beijing 04 Civil Special No. 408 Special No. 263), Beijing Fourth Intermediate Court held that: In this case, Dongfeng Company raised three application reasons, which are: First, the composition of the arbitral tribunal violated the statutory procedure; **second, Rarotonga Company and its representative failed to submit the notarization procedure to the arbitral tribunal;** and third, the arbitration violated the statutory procedure. The second reason provided by Dongfeng Company is based on "the adoption of the Civil Procedure Law to interpret the provisions relating to notarial certification in civil proceedings".  This judicial interpretation does not apply to arbitration proceedings. Therefore, the Court will not accept this reason.

4.3.3 In the case of application for revocation of arbitration award of Yu Dongbing and Li Guanghao, Piao Renhao, Dongguan Hefu Real Estate Co., Ltd. (case No.: (2019) Guangdong 19 Civil Special No. 41), Intermediate People's Court of Dongguan City, Guangdong Province (hereinafter referred to as " Dongguan Intermediate Court") held that: Neither in the Arbitration Rules nor the Arbitration Law of the People's Republic of China, the judicial interpretation does not require that foreigners entrust an representative to conduct arbitration must go through the notarization and certification procedures. Therefore, Yu Dongbing's claim that the entrusting procedures of Li Guanghao and Piao Renhao are illegal lacks foundation.

## 4.4 Conclusion

For foreigners who appoint a representative to conduct arbitration, neither the Chinese laws nor the Arbitration Rules applicable to this case require the power of attorney of the party to appoint a representative to be notarized and certified. In Arbitration No. 5645, Mr. Wan entrusted his attorney to conduct the arbitration and submitted to the Shenzhen International Arbitration Committee a power of attorney signed by him stating the specific matters and authority of the power of attorney, which complied with the provisions of the Chinese laws and Arbitration Rules applicable to the case and was legal and valid.

**4.5 The above is my Expert Opinion and is for the Court's reference only.**

Issued by (signature):
Date:    Year   Month   Date



**Certified Translation**

# Certificate of Accuracy

Frank Li
Translator/Interpreter

Translated documents:
- Resume of, statement by, and evidence documents referenced by attorney Lin Bo
- Expert Opinion on Chinese Laws by attorney Lin Bo from Beijing Deheng (Shenzhen) Law Firm

As a translator for Day Translations, Inc., I, Frank Li, declare that I am a bilingual translator who is thoroughly familiar with the English and Japanese languages. I have translated the attached document to the best of my knowledge from Japanese into English and the English text is an accurate and true translation of the original document presented to the best of my knowledge and belief.

Signed on June 30, 2021

*Frank Li*
Frank Li

*Professional Translator for Day Translations, Inc.*








