E-FILED
Tuesday, 13 July, 2021  11:25:18 PM
Clerk, U.S. District Court, ILCD

**EXHIBIT B**

# APPENDIX I

## 附录一：林博律师简历

**基本资料：**

林博，男，1979年生，中国国籍

**学历及专业背景**

2001年，取得中南财经政法大学法学学士

2002年，取得中华人民共和国法律职业资格

2004年，取得中山大学法学硕士

2017年，取得中华人民共和国律师执业资格

**工作经历：**

2004 年至 2009 年，中华人民共和国广东省深圳市中级人民法院法官助理

2009 年至 2014 年，中华人民共和国广东省深圳市中级人民法院助理审判员

2015 年至今，北京德恒（深圳）律师事务所，现为该所合伙人、执业律师

**附录二：林博律师作为独立专家的声明**

# 专家证人声明

本人作下述声明:

1. 本人明白本人的首要职责是公正和独立地帮助法庭处理与本人专业知识有关的事项。

2. 本人明白本人的首要职责是对法庭履行义务而不是对指示本人的人或向本人支付报酬的人，本人不是诉讼任一方的代理人。

3. 本意见书中所有的英文翻译均系真实且正确的。

4. 本人明白作为专家证人，本人对法庭所负的责任。本人已履行并会继续履行该责任。

声明人（签名）：

日期：　　　年　　月　　日

## 附录三：林博律师参考的证据文件

| 序号 | 证据文件名称 |
|------|-------------|
| 1 | Kevin Kelin Wan 的授权委托书 |
| 2 | （2019）深国仲涉外裁 5645 号裁决书 |
| 3 | 深圳怀真创新投资基金合伙企业（有限合伙）申请承认仲裁裁决一案的申请书 |
| 4 | Kevin Kelin Wan 对深圳怀真创新投资基金合伙企业（有限合伙）申请承认仲裁裁决一案的答辩意见 |
| 5 | Kevin Kelin Wan 对（2019）深国仲涉外裁 5645 号裁决的异议声明 |

**附录四：专家意见的案例**

| 序号 | 案号 | 案例名称 |
|---|---|---|
| 1 | （2015）四中民（商）特字第 263 号 | 创博亚太科技（山东）有限公司与美国超微电脑股份有限公司申请撤销仲裁裁决案 |
| 2 | （2019）京 04 民特 408 号 | 东风华神汽车有限公司与 RarotongaMotorCompanyLtd. 申请撤销仲裁裁决案 |
| 3 | （2019）粤 19 民特 41 号 | 喻冬兵与李光浩、朴仁镐、东莞市合富置业有限公司申请撤销仲裁裁决案 |

# 附录五：相关中国法律及仲裁规则

1、《**中华人民共和国仲裁法**》（1994 年 8 月 31 日第八届全国人民代表大会常务委员会第九次会议通过  根据 2009 年 8 月 27 日第十一届全国人民代表大会常务委员会第十次会议《关于修改部分法律的决定》第一次修正  根据 2017 年 9 月 1 日第十二届全国人民代表大会常务委员会第二十九次会议《关于修改<中华人民共和国法官法>等八部法律的决定》第二次修正）

2、《**中华人民共和国民事诉讼法**》（1991 年 4 月 9 日第七届全国人民代表大会第四次会议通过  根据 2007 年 10 月 28 日第十届全国人民代表大会常务委员会第三十次会议《关于修改<中华人民共和国民事诉讼法>的决定》第一次修正  根据 2012 年 8 月 31 日第十一届全国人民代表大会常务委员会第二十八次会议《关于修改<中华人民共和国民事诉讼法>的决定》第二次修正  根据 2017 年 6 月 27 日第十二届全国人民代表大会常务委员会第二十八次会议《关于修改<中华人民共和国民事诉讼法>和<中华人民共和国行政诉讼法>的决定》第三次修正）

3、《**深圳国际仲裁院仲裁规则**》（深圳国际仲裁院第二届理事会第七次会议通过，自 2019 年 2 月 21 日起施行）

# Appendix I. Resume of attorney Lin Bo

**Basic information:**

Bo Lin, male, born in 1979, Chinese nationality

**Academic and professional backgrounds:**

2001: Bachelor of Laws, Zhongnan University of Economics and Law

2002: Legal professional qualification of the People's Republic of China

2004: Master of Laws, Sun Yat-sen University

2017: Practicing qualifications of lawyers in the People's Republic of China

**Working experiences:**

2004-2009: Assistant Judge, Shenzhen Intermediate People's Court, Guangdong Province, People's Republic of China

2009-2014: Assistant Judge, Shenzhen Intermediate People's Court, Guangdong Province, People's Republic of China

2015-Present: Beijing DeHeng (Shenzhen) Law Firm, now a partner and practicing lawyer of the firm

# Appendix II. Statement by attorney Lin Bo as an Independent expert

## Expert Witness Statement

I hereby provide the following statement:

1. I understand that my primary duty is to assist the Court impartially and independently in matters relating to my expertise.

2. I understand that my primary duty is to perform my duties to the Court and not to the person who instructed me or paid me remuneration. I am not a proxy of either party to the litigation.

3. All English translations in this Opinion are based on truth and accurate.

4. I understand my responsibilities to the Court as an expert witness. I have fulfilled and will continue to fulfill that responsibility.

Declarant (signature):

Date:     Year   Month   Date

2

## Appendix III. Evidence documents referenced by attorney Lin Bo

| Serial No. | Name of evidence documents |
|---|---|
| 1 | Power of Attorney for Kevin Kelin Wan |
| 2 | (2019) Shenzhen Foreign-related Arbitration Award No. 5645 |
| 3 | Application form of application for recognition of Shenzhen Foreign-related Arbitration Award of Huazhen Innovation Investment Fund Partnership (Limited Partnership) |
| 4 | Kevin Kelin Wan's defense on the Huazhen Innovation Investment Fund Partnership (Limited Partnership) application for recognition of the arbitration award |
| 5 | Kevin Kelin Wan's statement of objection to (2019) Shenzhen Foreign-related Arbitration Award No. 5645 |

# Appendix IV. Cases in the Expert Opinion

| Serial No. | Case No. | Case name |
|---|---|---|
| 1 | (2015) Sizhongmin (Business) Special No. 263), | Application for revocation of arbitration award of Chuangbo Asia Pacific Technology (Shandong) Co., Ltd. and Super Micro Computer, Inc. |
| 2 | (2019) Beijing 04 Civil Special No. 408 Special No. 263 | Application for revocation of arbitration award of Dongfeng Huashen Automobile Co., Ltd. and the respondent Rarotonga Motor Company Ltd. |
| 3 | (2019) Guangdong 19 Civil Special No. 41 | Application for revocation of arbitration award of Yu Dongbing and Li Guanghao, Piao Renhao, Dongguan Hefu Real Estate Co., Ltd. |

2:21-cv-02021-CSB-EIL   # 21-2   Page 12 of 88

# Appendix V. Relevant Chinese laws, judicial interpretation and Arbitration Rules

1. **Arbitration Law of the People's Republic of China** (Adopted at the Ninth Meeting of the Standing Committee of the Eighth National People's Congress on August 31, 1994. First amendment on August 27, 2009 at the Decision on Amending Some Laws at the Tenth Meeting of the Standing Committee of the Eleventh National People's Congress. Second amendment on September 1, 2017 at the Decision on Amending Eight Laws, including the Judges Law of the People's Republic of China at the Twenty-ninth Meeting of the Standing Committee of the Twelfth National People's Congress.)

2. **Civil Procedure Law of the People's Republic of China** (Adopted at the Fourth Session of the Seventh National People's Congress on April 9, 1991. First amendment on October 28, 2007 at the Decision on Amending Civil Procedure Law of the People's Republic of China at the Thirtieth Meeting of the Standing Committee of the Tenth National People's Congress. Second amendment on August 31, 2012 at the Decision on Amending Civil Procedure Law of the People's Republic of China at the Twenty-eighth Meeting of the Standing Committee of the Eleventh National People's Congress. Third amendment on June 27, 2017 at the Decision on Amending Civil Procedure Law of the People's Republic of China and Administrative Procedure Law of the People's Republic of China at the Twenty-eighth Meeting of the Standing Committee of the Twelfth National People's Congress.)

3. **Arbitration Rules of Shenzhen Court of International Arbitration** (Adopted at the seventh meeting of the second council of Shenzhen International Arbitration Committee on April 9, 1991, effective from February 21, 2019.)



**Certified Translation**

# Certificate of Accuracy

Frank Li
Translator/Interpreter

Translated documents:
- Resume of, statement by, and evidence documents referenced by attorney Lin Bo
- Expert Opinion on Chinese Laws by attorney Lin Bo from Beijing Deheng (Shenzhen) Law Firm

As a translator for Day Translations, Inc., I, Frank Li, declare that I am a bilingual translator who is thoroughly familiar with the English and Japanese languages. I have translated the attached document to the best of my knowledge from Japanese into English and the English text is an accurate and true translation of the original document presented to the best of my knowledge and belief.

Signed on June 30, 2021

*Frank Li*

Frank Li

*Professional Translator for Day Translations, Inc.*








2202 N Westshore Blvd., #200 Tampa, FL 33607 | Toll Free: 1-800-969-6853  Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com


# APPENDIX II

# Appendix II. Statement by attorney Lin Bo as an Independent expert

## Expert Witness Statement

I hereby provide the following statement:

1. I understand that my primary duty is to assist the Court impartially and independently in matters relating to my expertise.

2. I understand that my primary duty is to perform my duties to the Court and not to the person who instructed me or paid me remuneration. I am not a proxy of either party to the litigation.

3. All English translations in this Opinion are based on truth and accurate.

4. I understand my responsibilities to the Court as an expert witness. I have fulfilled and will continue to fulfill that responsibility.

Declarant (signature):

Date:    Year   Month   Date

# APPENDIX III



# 授 权 委 托 书

## （案号：（2019）深国仲涉外受 5645 号）

委托人：Kevin Kelin Wan（护照号：488687985）

受委托人一：

姓　　名：蒋卫东

律师执业证号：14403201410053328

工作单位：广东鹏鼎律师事务所

职　　务：律师　　　　电　话：18676365242

联系地址：广东省深圳市龙华区龙观东路 90 号二层

邮编：518109

受委托人二：

姓　　名：潘佳予

律师执业证号：14403201411053550

工作单位：广东鹏鼎律师事务所

职　　务：律师　　　　电　话：18598021460

联系地址：广东省深圳市龙华区龙观东路 90 号二层

邮编：518109

**代理权限：**

1、　代为提出、承认、变更、撤回、放弃仲裁请求；

2、　代为答辩，提出、承认、变更、撤回、放弃仲裁反请求；

3、　代为约定仲裁庭组成方式、选定仲裁员；

4、　参加开庭审理、陈述事实及意见并参加调查、质证活动；

5、　代为调解、和解；

6、　代为领取各种仲裁文书。

兹委托上列受委托人在深圳怀真创新投资基金合伙企业（有限合伙）与委托人之股权回购纠纷一案（案号：（2019）深国仲涉外受 5645 号）中，作为我方的仲裁代理人。

委托人（签名或印章）：

二〇一九 年十二月 ＿ 日

| Receipt of Arbitration Documents | Respondent's Materials |
|---|---|
| | *December 16, 2019* |

## Power of Attorney

(Case No.: (2019) Shen Guo Zhong She Wai Shou No. 5645)

Principal: Kevin Kelin Wan (Passport No.: 488687985)

Agent 1:

      Name: Weidong Jiang

      No. of Lawyer's Practice License: 14403201410053328

      Work Unit: Guangdong Pengding Law Firm

      Position: Lawyer      Phone No.: 18676365242

      Address: 2/F, No. 90 Longguan East Road, Longhua District, Shenzhen, Guangdong Province

      Zip Code: 518109

Agent 2:

      Name: Jiayu Pan

      No. of Lawyer's Practice License: 14403201411053550

      Work Unit: Guangdong Pengding Law Firm

      Position: Lawyer      Phone No.: 18598021460

      Address: 2/F, No. 90 Longguan East Road, Longhua District, Shenzhen, Guangdong Province

      Zip Code: 518109

**Agents' Authority of Power:**

1. To put forward, acknowledge, change, withdraw or waive the arbitration claims as an agent;
2. To defend the principal, and to put forward, acknowledge, change, withdraw or waive the arbitration counterclaims as an agent;
3. To discuss the ways for formation of the arbitral tribunal and to select the arbitrators as an agent;
4. To attend court hearings, to state the facts and opinions, and to take part in the investigation and cross-examinations;
5. To mediate and to reconcile as an agent;
6. To receive and collect various arbitration documents as an agent.

The agents listed above are hereby entrusted to act as the arbitration agents of ours for the case concerning the equity repurchase dispute between Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) and the principal (Case No.: (2019) Shen Guo Zhong She Wai Shou No. 5645).

Principal (Signature or Seal):

[signature: *illegible*]

*December 1*, 2019



**Certified Translation**

# Certificate of Accuracy

Rujun Shen
Translator/Interpreter

Translated document: Power of Attorney dated December 1, 2019 for Case No.: (2019) Shen Guo Zhong She Wai Shou No. 5645, where the principal, Kevin Kelin Wan, entrusted Weidong Jiang and Jiayu Pan to act as the arbitration agents for the case concerning the equity repurchase dispute between Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) and the principal.

As a translator for Day Translations, Inc., I, Rujun Shen, declare that I am a bilingual translator who is thoroughly familiar with the English and Chinese languages. I have translated the attached document to the best of my knowledge from Chinese into English and the English text is an accurate and true translation of the original document presented to the best of my knowledge and belief.

Signed on July 13, 2021

*Rujun Shen*

_____

**Rujun Shen**

*Professional Translator for Day Translations, Inc.*










477 Madison Ave., 6th Floor New York, NY 10017 | Toll Free: 1-800-969-6853  Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com

# EXHIBIT A

# 深 圳 国 际 仲 裁 院

# 裁　决　书

申　请　人：深圳怀真创新投资基金合伙企业（有限合伙）

统一社会信用代码：█████████

法定代表人：深圳市怀真资产管理有限公司

住　　　所：中国广东省深圳市前海深港合作区██████████████████████

代　理　人：罗志强　北京市环球（深圳）律师事务所律师

徐梦静　北京市环球（深圳）律师事务所律师

陈　创　北京市环球（深圳）律师事务所律师助理

被申请人：KEVIN KELIN WAN

美国护照：████████

住　　　址：中国广东省深圳市南山区███████████████████

代　理　人：蒋卫东　广东鹏鼎律师事务所律师

潘佳予　广东鹏鼎律师事务所律师

中国 深圳

二〇二〇年五月二十五日



# 裁　决　书

（2019）深国仲涉外裁 5645 号

深圳国际仲裁院（又名华南国际经济贸易仲裁委员会、深圳仲裁委员会，曾用名中国国际经济贸易仲裁委员会华南分会、中国国际经济贸易仲裁委员会深圳分会，下称"仲裁院"）根据申请人与被申请人于 2019 年 3 月签订的《关于深圳市智美达科技股份有限公司之股份回购协议》（下称《股份回购协议》）中的仲裁条款以及申请人于 2019 年 8 月 30 日向仲裁院提交的书面仲裁申请，受理了本案。本案受案号为（2019）深国仲涉外受 5645 号。

本案仲裁程序适用自 2019 年 2 月 21 日起施行的《深圳国际仲裁院仲裁规则》（下称《仲裁规则》）。

2019 年 10 月 9 日，仲裁院向被申请人发出《仲裁通知》，并随函发送《仲裁规则》《深圳国际仲裁院仲裁员名册》以及申请人提交的仲裁申请书及所附证据材料。相关文件也一并向申请人发送。

申请人指定林一飞作为本案仲裁员；被申请人未指定亦未委托仲裁院院长指定仲裁员，仲裁院院长指定叶渌作为本案仲裁员；双方未共同指定或共同委托仲裁院院长指定首席仲裁员，仲裁院院长指定李建辉作为本案首席仲裁员。上述仲裁员于 2019 年 11 月 25 日组成仲裁庭审理本案。

2019 年 12 月 16 日，仲裁庭对本案进行了开庭审理。双方当事人均委派代理人出席了庭审。庭审中，申请人与被申

1



请人分别陈述了仲裁请求及答辩意见，对对方出示的证据进行了质证，回答了仲裁庭的调查提问，并作了最后陈述。双方当事人发表了意见，同意对庭后材料进行书面质证，并于庭审结束时表示对仲裁院管辖权、仲裁庭组成及已进行的全部仲裁程序没有异议。

本案所有仲裁文书，包括但不限于仲裁院发出的《仲裁通知》《仲裁庭组成通知》《开庭通知》以及转递的当事人提交的仲裁文书及证明材料，均已依照《仲裁规则》第六条之规定送达。

本案已审理终结，仲裁庭根据庭审情况以及现有书面材料，依法作出本裁决。现将本案案情、仲裁庭意见以及裁决内容分述如下（如无特别说明，本裁决书所涉币种均为人民币）。

# 一、 案　情







3





4









**（二）申请人的仲裁请求、事实及理由**

申请人在其仲裁申请中主张：2016 年 3 月 28 日，申请

6



人与被申请人、智美达公司签订《增资认购协议》，约定申请人以每股 17.1126 元的价格向智美达公司增资 15,000,000 元，获得智美达公司 876,547 股。被申请人为智美达公司的控股股东及实际控制人。同日，申请人与被申请人签订《补充协议》，约定申请人有权在《补充协议》约定条件成就的情况下，要求被申请人回购其持有的智美达公司股份。

2016 年 5 月 12 日，申请人已向智美达公司支付投资价款 15,000,000 元，履行了《增资认购协议》下的出资义务。

2019 年 3 月，申请人与被申请人、智美达公司签订《股份回购协议》，三方协商一致，同意由被申请人回购申请人所持的智美达公司股份，并就相关事宜达成如下约定：甲方（即被申请人）或甲方届时指定的第三方以投资金额 15,000,000 元及以投资金额为基数按年化利率 12%收益之和作为对价，对乙方（即申请人）所持丙方（即智美达公司）股份进行现金回购，回购期限如下：（1）2019 年 6 月 30 日前回购投资款 15,000,000 元本金中的 30%，即 4,500,000 元及其截止回购日利息（具体结算日以 4,500,000 元回购款实际到达乙方账户之日止）；（2）2019 年 9 月 30 日前回购投资款 15,000,000 元本金中的 30%，即 4,500,000 元及其截止回购日利息（具体结算日以 4,500,000 元回购款实际到达乙方账户之日止）；（3）2019 年 12 月 31 日前回购投资款 15,000,000 元本金中的 40%，即 6,000,000 元及其截止回购日利息（具体结算日以 6,000,000 元回购款实际到达乙方账户之日止）。

此外，《股份回购协议》第 1.2 条规定回购款金额的具体计算方法为："回购款金额=投资价款×（1+n×12%），其中

7



n 为 2016 年 5 月 12 日至回购款实际到达乙方账户之日的日历天数÷365"。

但是，至申请人出具本仲裁通知书之日，被申请人并未支付第一期回购款 4,500,000 元及其截止回购日利息，已构成《股份回购协议》第 3.1 条约定的"若其中任何一期未按期回购，均构成根本违约"。

针对被申请人的违约情况，申请人委托北京市环球（深圳）律师事务所于 2019 年 8 月 16 日向被申请人出具《律师函》，要求其自收到《律师函》之日起 5 日内履行全部股份回购义务，及/或将持有的智美达公司股份作为担保质押给申请人。但被申请人至今未有回应。

申请人于 2019 年 8 月 19 日向智美达公司出具《律师函》，要求智美达公司协助被申请人履行上述义务，但智美达公司至今未有回应。申请人已经尝试通过协商方式解决争议，但对方均不作回应。

根据《中华人民共和国合同法》（下称《合同法》）第八条、第一百零七条、第一百一十四条之规定，被申请人应按照《股份回购协议》第 3.1 条约定对申请人现持有的智美达公司股份进行现金回购，回购款金额计算自 2016 年 5 月 12 日至回购款实际到达申请人指定账户或其他方式支付给申请人之日；和/或，被申请人将持有的智美达公司股份作为担保质押给申请人，且无条件配合申请人办理股权质押登记。另根据《仲裁规则》第六十四条第四款之规定，被申请人应承担本案全部的仲裁费、保全费、保全担保费、律师费、公证费、证人作证费及交通费。

8



据此，申请人提出如下仲裁请求：

1. 裁决被申请人履行全部股份的回购义务，将回购款支付给申请人（回购款金额计算自 2016 年 5 月 12 日至回购款实际到达申请人指定账户或其他方式支付给申请人之日；回购款金额=投资价款×（1+n×12%），其中 n 为 2016 年 5 月 12 日至回购款实际到达申请人账户或其他方式支付给申请人之日的日历天数÷365；截至本仲裁通知书出具之日，回购款为 20,937,534.20 元）。

2. 裁决被申请人将持有的深圳市智美达科技股份有限公司股份作为担保质押给申请人，且无条件配合申请人办理股权质押登记。

3. 裁决被申请人承担本案全部的仲裁费、保全费、保全担保费、律师费、公证费、证人作证费及交通费。

2020 年 1 月 15 日，申请人提交书面的《变更仲裁请求申请书》，变更后的仲裁请求如下：

1. 裁决被申请人履行全部股份回购义务，将回购款支付给申请人（回购款金额计算自 2016 年 5 月 12 日至回购款实际到达申请人指定账户或其他方式支付给申请人之日；回购款金额=投资价款 15,000,000 元×（1+n×12%），其中 n 为 2016 年 5 月 12 日至回购款实际到达申请人账户或其他方式支付给申请人之日的日历天数÷365）。

2. 裁决被申请人承担本案全部律师费 400,000 元及仲裁费。

9



### （三）被申请人的答辩意见

被申请人于庭审中口头发表答辩意见如下：

第一，根据深圳市市场监督管理局官方网站显示的智美达公司的工商登记信息，该公司的股份已因（2019）粤 0391执 718 号之一被冻结工商登记，冻结期限为 3 年，自 2019年 3 月 15 日至 2022 年 3 月 14 日。因此，申请人所持有的智美达公司已经无法办理转让变更登记，具有法律上履行不能的障碍。

被申请人主张其在支付对价后实际无法受让申请人持有的智美达公司的股份，被申请人也已经向仲裁院出具了调查取证申请书，请仲裁庭依法核实智美达公司无法办理工商变更登记的情况。

鉴于《股份回购协议》约定的被申请人的股份回购义务对应的是申请人转让其持有的标的股份的义务，如实际上存在申请人无法转让智美达公司股份的情况，申请人仍要求被申请人按照约定支付股份回购款，对被申请人不公。

第二，被申请人持有的智美达公司 30.7044% 的股份，已经于 2019 年 9 月 25 日因（2019）粤 03 财保 118 号民事裁定书被深圳市中级人民法院冻结，冻结期限为 36 个月，自 2019年 10 月 8 日起至 2012 年 10 月 7 日止，因此被申请人持有的的智美达公司股份已无法办理股权质押登记。股份回购协议第 3.1 条约定存在履行不能的情况，并非被申请人可以控制。

另外根据《最高人民法院关于人民法院执行工作若干问题的规定（试行）》第五十五条第（二）款，即便申请人的



第一项仲裁请求被支持，到执行阶段根据该条规定如果被执行人除了在中外合资合作中的股份以外，别无其他财产进行执行，其他股东不予转让的可以强制转让被执行人的股份，但是应当保证他方的优先购买权，因此申请人可以直接执行被申请人持有的智美达公司的股份，无须办理股权质押登记，第二项仲裁请求已无实际必要，因此请仲裁庭驳回申请人的第二项仲裁请求。

第三，申请人并未提交任何证据证明被申请人有转让智美达公司财产及逃避债务的情况，被申请人对申请人的该项陈述不予以认可。

除了申请人已经提供的律师费发票证据外，申请人并未提供其他证据证明已实际发生相关的保全费、保全担保费、公证费等费用，因此请求仲裁庭对申请人的第三项仲裁请求予以驳回。



11





12





13





14





15









17





18





19





20





21





22





# 三、裁　决

综上，仲裁庭对本案作出裁决如下：

（一）被申请人向申请人支付股份回购款人民币 15,000,000 元及收益（收益以人民币 15,000,000 元为基数，按照 12%的年利率自 2016 年 7 月 29 日计算至申请人收到全部股份回购价款之日止）。

23



（二）被申请人向申请人补偿因本案而支出的律师费人民币 400,000 元。

（三）本案仲裁费人民币 333,375 元，全部由被申请人承担。申请人已预交人民币 333,375 元，被申请人直接向申请人支付人民币 333,375 元。

以上确定的各项应付款项，被申请人应在本裁决作出之日起十五日内支付完毕。

本裁决为终局裁决，自作出之日起发生法律效力。



首席仲裁员：

仲　裁　员：

仲　裁　员：

二〇二〇年五月二十五日

办案秘书：姚瑶

24

# Shenzhen Court of International Arbitration

## Award

Claimant: Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership)

Unified Social Credit Code: ▮▮▮▮▮▮

Legal Representative: Shenzhen Huaizhen Asset Management Co., Ltd.

Address: ▮▮▮▮▮▮ ▮▮ Shenzhen-Hong Kong Cooperation Zone, Qianhai, Shenzhen, Guangdong Province, China ▮▮▮▮▮▮
▮▮

| Agents: | Zhiqiang Luo | Lawyer of Beijing Global Law Office (Shenzhen) |
| | Mengjing Xu | Lawyer of Beijing Global Law Office (Shenzhen) |
| | Chuang Chen | Assistant lawyer of Beijing Global Law Office (Shenzhen) |

Shenzhen Court of International Arbitration SCIA [paging seal]

Respondent: KEVIN KELIN WAN

U.S. Passport: ▮▮▮▮▮▮

Address: ▮▮▮▮▮▮ Nanshan District, Shenzhen, Guangdong Province, China

| Agents: | Weidong Jiang | Lawyer of Guangdong Pengding Law Firm |
| | Jiayu Pan | Lawyer of Guangdong Pengding Law Firm |

Shenzhen China

May 25, 2020



## Award

(2019) Shen Guo Zhong She Wai Cai No. 5645

Shenzhen Court of International Arbitration (also known as South China International Economic and Trade Arbitration Commission or Shenzhen Arbitration Commission, formerly known as China International Economic and Trade Arbitration Commission South China Sub-Commission or China International Economic and Trade Arbitration Commission Shenzhen Sub-Commission, hereinafter referred to as the "court of arbitration") accepted this case in accordance with the provisions of arbitration in *Concerning Share Repurchase Agreement of Zmodo Technology Shenzhen Corp. Ltd.* (hereinafter referred to as the *Share Repurchase Agreement*) entered into by the claimant and the respondent in March 2019, and the written request for arbitration submitted by the claimant on August 30, 2019 to our court. The case acceptance number of this case is (2019) Shen Guo Zhong She Wai Shou No. 5645.

The *Rules of Arbitration of Shenzhen Court of International Arbitration* (hereinafter referred to as the *Rules of Arbitration*), which is in effect since February 21, 2019, applies to the arbitration procedures of this case.

On October 9, 2019, the court of arbitration issued the *Notice of Arbitration* to the respondent, and attached the *Rules of Arbitration*, the *Roster of Arbitrators of Shenzhen Court of International Arbitration* and the request for arbitration and the attached exhibits submitted by the claimant. Relevant documents were also sent to the claimant.

The claimant appointed Yifei Lin to serve as an arbitrator for this case; the respondent neither appoint, nor entrust the president of the court of arbitration to appoint an arbitrator, and the president of the court of arbitration appointed Lu Ye to serve as an arbitrator for this case; the two parties neither jointly appoint, nor jointly entrust the president of the court of arbitration to appoint the presiding arbitrator, and the president of the court of arbitration appointed Jianhui Li to serve as the presiding arbitrator for this case. The arbitrators mentioned above formed the arbitration tribunal on November 25, 2019 to try this case.

On December 16, 2019, the arbitration tribunal opened a court session to hear this case. The two concerning parties both entrusted their agents to attend the trial. In the court trial, the claimant and



the respondent respectively stated their arbitration claims and answers, and cross-examined the exhibits presented by the counterparty. They answered the arbitration tribunal's inquiry questions and made their final statements. Both concerning parties gave their opinions, and agreed to cross-examine the post-trial materials in writing, and at the end of the court trial, they expressed no objection to the jurisdiction of the court of arbitration, the formation of the arbitration tribunal and all the arbitration procedures that have already taken place.

All the arbitration documents of this case, including but not limited to the *Notice of Arbitration*, the *Notice on Formation of the Arbitration Tribunal* and the *Notice of Trial* issued by the court of arbitration, and the arbitration documents and evidentiary materials submitted by the concerning parties and forwarded by the court of arbitration, have been served according to Article 6 of the *Rules of Arbitration*.

The trial of this case has come to an end, and the arbitration tribunal renders this award according to law based on the court's trial and the written materials available. The details of the case, the opinions of the arbitration tribunal and the contents of the award are hereby respectively described as follows (Unless otherwise specified, the currency in this Award shall be RMB).

## I. Details of the Case

**(I) Agreements Related to This Case**



















**(II) Claimant's Arbitration Claims, and Facts and Reasons**

The claimant claimed in the request for arbitration: The claimant, the respondent, and Zmodo entered 

into *Capital Increase and Subscription Agreement* on March 28, 2016, agreeing that the claimant shall increase its capital in Zmodo by 15,000,000 yuan at the unit price of RMB 17.1126 yuan per share to acquire 876,547 shares of Zmodo. The respondent is the controlling shareholder and actual controller of Zmodo. On the same day, the claimant and the respondent entered into the *Supplemental Agreement*, agreeing that the claimant shall have the right to require the respondent to repurchase the Zmodo shares held by it when conditions specified under the *Supplemental Agreement* are met.

On May 12, 2016, the claimant paid the amount of investment of 15,000,000 yuan to Zmodo, fulfilling the obligation of capital contribution under the *Capital Increase and Subscription Agreement*.

In March 2019, the claimant, the respondent, and Zmodo entered into the *Share Repurchase Agreement*, with all the three parties reaching a consensus through consultation and agreeing that the respondent shall repurchase the shares of Zmodo held by the claimant, and reaching an agreement on relevant matters as follows: Party A (i.e. the respondent) or the third party then designated by Party A shall take the sum of the invested amount, which is 15,000,000 yuan, and the investment income, which is calculated at the annual interest rate of 12% of the invested amount, as consideration, and repurchase Party B's (i.e. the claimant's) shares in Party C (i.e. Zmodo) in cash, and the schedule for repurchase is as follows: (1) Repurchase 30% of the original capital of investment of 15,000,000 yuan before June 30, 2019, i.e. 4,500,000 yuan and its interest as of the date of repurchase (the specific settlement date shall be the date the repurchase money of 4,500,000 yuan actually arrives in Party B's account); (2) Repurchase 30% of the original capital of investment of 15,000,000 yuan before September 30, 2019, i.e. 4,500,000 yuan and its interest as of the date of repurchase (the specific settlement date shall be the date the repurchase money of 4,500,000 yuan actually arrives in Party B's account); (3) Repurchase 40% of the original capital of investment of 15,000,000 yuan before December 31, 2019, i.e. 6,000,000 yuan and its interest as of the date of repurchase (the specific settlement date shall be the date the repurchase money of 6,000,000 yuan actually arrives in Party B's account).

Moreover, according to Article 1.2 of the *Share Repurchase Agreement*, the specific method for calculation of the amount of repurchase money is "amount of repurchase money = amount of investment x (1 + n x 12%), among which n stands for calendar days from May 12, 2016 to the date the repurchase money actually arrives in Party B's account ÷ 365".



However, as of the date the claimant issues this Notice of Arbitration, the respondent has not paid the phase I repurchase money of 4,500,000 yuan and its interest as of the date of repurchase yet, which constitutes what is agreed upon in Article 3.1 of the *Share Repurchase Agreement*, "Should repurchase fail to be made on schedule for any phase, it should be deemed to constitute a fundamental breach of contract".

In response to the respondent's breach of contract, the claimant entrusted Beijing Global Law Office (Shenzhen) to issue a *Lawyer's Letter* to the respondent on August 16, 2019, requesting the respondent to fulfill its obligation to repurchase all the shares, and/or to pledge the shares of Zmodo held by it to the claimant as security, within 5 days after receiving the *Lawyer's Letter*. However, the respondent has made no response so far.

The claimant issued a *Lawyer's Letter* to Zmodo on August 19, 2019, requesting Zmodo to assist the respondent in fulfilling the obligation mentioned above, but Zmodo has made no response so far. The claimant has tried to settle the disputes through consultation, but the counterparties did not respond.

According to Article 8, Article 107, and Article 114 of the *Contract Law of the People's Republic of China* (hereinafter referred to as the "*Contract Law*"), the respondent shall, according to the agreement under Article 3.1 of the *Share Repurchase Agreement*, repurchase the shares in Zmodo currently held by the claimant in cash, for which the amount of repurchase money shall be calculated from May 12, 2016 to the date the repurchase money actually arrives in the account designated by the claimant or is otherwise paid to the claimant, and/or the respondent shall pledge the shares of Zmodo held by it to the claimant as security and unconditionally cooperate with the claimant to go through the formalities for registration of share pledge. In addition, according to Article 64.4 of the *Rules of Arbitration*, the respondent shall undertake all the arbitration fees, costs of preservation, costs of guarantee of preservation, lawyer's fees, notarial fees, witness fees and traveling expenses associated with this case.



Based on the above, the claimant put forward the arbitration claims as follows:

1.  Make an arbitration award to have the respondent fulfill its obligation to repurchase all the shares, and pay the repurchase money to the claimant (the amount of the repurchase money shall be calculated from May 12, 2016 to the date the repurchase money actually arrives in the account designated by the claimant or is otherwise paid to the claimant; amount of repurchase money = amount of investment x (1 + n x 12%), among which n stands for calendar days from May 12, 2016 to the date the repurchase money actually arrives in the claimant's account or is otherwise paid to the claimant ÷ 365; as of the date this Notice of Arbitration is issued, the repurchase money is 20,937,534.20 yuan).

2.  Make an arbitration award to have the respondent pledge the shares of Zmodo Technology Shenzhen Corp. Ltd. held by it to the claimant as security, and unconditionally cooperate with the claimant to go through the formalities for registration of share pledge.

3.  Make an arbitration award to have the respondent undertake all the arbitration fees, costs of preservation, costs of guarantee of preservation, lawyer's fees, notarial fees, witness fees and traveling expenses associated with this case.

On January 15, 2020, the claimant submitted the written *Application for Alteration of Arbitration Claims*, and the arbitration claims after alteration are as follows:

1. Make an arbitration award to have the respondent fulfill its obligation to repurchase all the shares, and pay the repurchase money to the claimant (the amount of the repurchase money shall be calculated from May 12, 2016 to the date the repurchase money actually arrives in the account designated by the claimant or is otherwise paid to the claimant; amount of repurchase money = amount of investment of 15,000,000 yuan x (1 + n x 12%), among which n stands for calendar days from May 12, 2016 to the date the repurchase money actually arrives in the claimant's account or is otherwise paid to the claimant ÷ 365).

2. Make an arbitration award to have the respondent undertake all the lawyer's fees of this case, which is 400,000 yuan, and the arbitration fees.



9

**(III) Respondent's Answers**

The respondent gave the following oral answers in the court trial:

First, according to the industrial and commercial registration information of Zmodo displayed on the official website of Shenzhen Administration for Market Regulation, the shares of the company have been frozen for industrial and commercial registration by (2019) Yue 0391 Zhi No. 781-1, and the frozen period is 3 years, from March 15, 2019 to March 14, 2022. Therefore, the shares of Zmodo held by the claimant are no longer available for registration of transfer and change. They have already become legally impossible of performance.

The respondent claimed that it could not actually acquire the shares held by the claimant in Zmodo through transfer after paying the consideration. The respondent has also submitted the Application for Investigation and Evidence Collection to the court of arbitration, requesting the arbitration tribunal to verify Zmodo's inability to handle the industrial and commercial registration of changes according to law.

As the respondent's obligation to repurchase the shares specified under the *Share Repurchase Agreement* is corresponding to the claimant's obligation to transfer the target shares held by the claimant, if the fact is the claimant cannot transfer the Zmodo shares, and still requires the respondent to pay the share repurchase money according to agreement, it would be unfair to the respondent.

Second, the 30.7044% shares of Zmodo held by the respondent were frozen on September 25, 2019 by Shenzhen Intermediate People's Court through the (2019) Yue 03 Cai Bao No. 118 Civil Ruling Paper. The frozen period is 36 months, from October 8, 2019 to October 7, 2012 [*sic:* 2022]. Therefore, the shares of Zmodo held by the respondent are no longer available for registration of share pledge. The agreement specified under Article 3.1 of the Share Repurchase Agreement is impossible of performance, and the respondent cannot control it.

In addition, according to Article 55(2) of the *Provisions of the Supreme People's Court on Several Issues Concerning Enforcement of the People's Court (Trial Implementation)*, even if the first arbitration claim



of the claimant is supported, when it comes to the process of enforcement, according to this provision, if the person subject to enforcement has no property to be enforced other than the shares held in the Sino-foreign joint venture, we may force other shareholders who refused to transfer to transfer the shares of the person subject to enforcement. However, we shall ensure the preemptive right of other parties. Therefore, the claimant may directly enforce the shares held by the respondent in Zmodo without going through the formalities for registration of share pledge. The second arbitration claim is not practically necessary. Therefore, we request the arbitration tribunal to reject the claimant's second arbitration claim.

Third, the claimant did not submit any exhibit to prove that the respondent has ever transferred the property of Zmodo or escaped from debts. The respondent disapproves of this statement made by the claimant.

Other than the invoice for lawyer's fees already provided by the claimant as an exhibit, the claimant has not provided other exhibits to prove relevant costs of preservation, costs of guarantee of preservation, notarial fees, etc. that are actually incurred. Therefore, we request the arbitration tribunal to reject the claimant's third arbitration claim.

















































### III. Award

In conclusion, the arbitration tribunal makes the following awards for this case:

(I) The respondent shall pay the share repurchase money of RMB 15,000,000 yuan and its income to the claimant (income shall be based on RMB 15,000,000 yuan and take the annual interest rate of 12% to calculate from July 29, 2016 to the date the claimant receives the full share repurchase money).



23

(II) The respondent shall compensate the claimant for the lawyer's fees of RMB 400,000 yuan paid for this case.

(III) The arbitration fees of this case amount to RMB 333,375 yuan, and shall be borne by the respondent in full. The claimant has prepaid RMB 333,375 yuan, and the respondent shall directly pay RMB 333,375 yuan to the claimant.

The respondent shall pay all the amounts due as determined above within fifteen days after the date this award is made.

[illegible] Court

[paging seal]

This award is the final award, and shall take legal effect as of the date it is made.

Presiding Arbitrator:   [signature: *Jianhui Li*]

Arbitrator:   [signature: *illegible*]

Arbitrator:   [signature: *illegible*]

Shenzhen Court of International Arbitration [seal]

May 25, 2020

Secretary for This Case: Yao Yao

You can verify the authenticity of the content of the court of arbitration's electronic documents. You can also scan the 2D code to check the case progress and get the secretary's contact info. The query code for this document is 0XG8RPY.





**Day** Translations

**Certified Translation**

# Certificate of Accuracy

Rujun Shen
Translator/Interpreter

Translated document: Shenzhen Court of International Arbitration's Award for Case No. (2019) Shen Guo Zhong She Wai Cai No. 5645 on May 25, 2020;

As a translator for Day Translations, Inc., I, Rujun Shen, declare that I am a bilingual translator who is thoroughly familiar with the English and Chinese languages. I have translated the attached document to the best of my knowledge from Chinese into English and the English text is an accurate and true translation of the original document presented to the best of my knowledge and belief.

Signed on January 20, 2021

*Rujun Shen*
_____

Rujun Shen

*Professional Translator for Day Translations, Inc.*







American Translators Association # 243874

ASSOCIATION OF TRANSLATION COMPANIES

European Union of Associations of Translation Companies




477 Madison Ave., 6th Floor New York, NY 10017 | Toll Free: 1-800-969-6853 Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com

E-FILED
Monday, 01 February, 2021  01:38:50 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| SHENZHEN HUAIZHEN INNOVATION INVESTMENT FUND PARTNERSHIP (LIMITED PARTNERSHIP),<br><br>      Plaintiff,<br><br>v.<br><br>KEVIN KELIN WAN,<br><br>      Defendant. | Case No. |

**PLAINTIFF SHENZHEN HUAIZHEN INNOVATION INVESTMENT FUND
PARTNERSHIP (LIMITED PARTNERSHIP)'S COMPLAINT
TO CONFIRM ARBITRAL AWARD AGAINST KEVIN KELIN WAN**

Plaintiff Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited

Partnership) ("Huaizhen") submits this Complaint to initiate a civil action to confirm a recently

issued arbitral award (a true and correct copy of which is attached hereto in Chinese as **Exhibit

A**, along with a certified translation thereof[1]), and in support thereof states as follows:

**PARTIES**

1.      Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited

Partnership) is a limited partnership established in the People's Republic of China, with its

address in the Shenzhen-Hong Kong Cooperation Zone, Qianhai, Shenzhen, People's Republic

of China.

---

[1] Exhibits A and B to this Complaint consist of original documents in Chinese, which are governed by confidentiality clauses under Chinese law, and certified English translations thereof, all of which have been redacted due to the confidentiality provisions.  Huaizhen will make unredacted copies of the original documents and translations available to the Court *in camera*, or upon entry of an appropriate protective order.

1

2.      The executive partner of Huaizhen is Shenzhen Huaizhen Asset Management Co., Ltd., a limited liability company established in the People's Republic of China, with its address in the Shenzhen-Hong Kong Cooperation Zone, Qianhai, Shenzhen, People's Republic of China. The legal representative of Shenzhen Huaizhen Asset Management Co., Ltd. is Dongping Li. Both Shenzhen Huaizhen Asset Management Co., Ltd. and Dongping Li are residents of Shenzhen, People's Republic of China.  Therefore, for purposes of diversity jurisdiction, Huaizhen is domiciled in the People's Republic of China.

3.      Defendant Kevin Kelin Wan is a U.S. citizen, and upon information and belief, a resident of the State of Illinois.  Upon further information and belief, Wan and his wife maintain a permanent residence in Champaign, Illinois.  For purposes of diversity jurisdiction, Wan is domiciled in Illinois.

## JURISDICTION AND VENUE

4.      There is complete diversity between the parties to this action because Huaizhen is domiciled in the People's Republic of China and Wan is domiciled in Illinois.

5.      This Court has personal jurisdiction over Wan, and this matter is filed in the Urbana Division of the Central District of Illinois, because Wan maintains a permanent residence in Champaign County, Illinois.

6.      This case involves an arbitration award entered by the Shenzhen Court of International Arbitration in Shenzhen, People's Republic of China, in favor of Huaizhen for RMB (Chinese yuan) 15,733,375, plus interest, equivalent to over $2,434,941.48 USD. Therefore, the matter in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §1332 (diversity jurisdiction).

2

8.      This Court also has subject matter jurisdiction over this controversy pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in this District and is subject to personal jurisdiction in this District.

## **FACTUAL BACKGROUND**

10.     Wan is the controlling shareholder, controller, and legal representative of Zmodo Technology Shenzhen Corp. Ltd. ("Zmodo"), a Sino-foreign joint venture company established in the People's Republic of China, with its address in Nanshan District, Shenzhen, People's Republic of China.  Zmodo is in the business of researching, developing and selling security system cameras and intelligent home products.

11.     Wan, Huaizhen and Zmodo entered into an agreement titled "Concerning Capital Increase and Subscription Agreement of Zmodo Technology Shenzhen Corp.," on March 28, 2016 (the "2016 Agreement").

12.     Also on March 28, 2016, Huaizhen and Wan entered into a "Supplemental Agreement to Capital Increase and Additional Share Subscription Agreement" (the "Supplemental Agreement").

13.     On May 12, 2016, Huaizhen paid the investment amount of RMB 15,000,000 to Zmodo, fulfilling its obligation under the 2016 Agreement.

14.     In March 2019, Huaizhen, Wan and Zmodo entered into a "Share Repurchase Agreement of Zmodo Technology Shenzhen Corp. Ltd. (the "Share Repurchase Agreement"). After consultation and reaching consensus, the parties agreed that Wan would repurchase the Zmodo shares held by Huaizhen as a result of Huaizhen's investment pursuant to the 2016 Agreement.  Attached hereto as **Exhibit B** is a true and correct copy of the Share Repurchase

3

Agreement as executed, in Chinese, and a certified translation thereof, redacted due to the confidentiality requirements thereof.

15.     Wan failed to pay the amount due to Huaizhen on June 30, 2019, pursuant to the Share Repurchase Agreement.

16.     On or about August 16, 2019, Huaizhen's Chinese counsel, Global Law Office, Shenzhen Office, issued a Lawyer's Letter to Wan on behalf of Huaizhen, regarding the share repurchase, noting that Wan had not paid the phase I repurchase money and interest as of the date of the letter, and as required by the Share Repurchase Agreement.  Based on this nonpayment, Huaizhen through its counsel requested that Wan fulfill his obligation to repurchase all shares held by Huaizhen, and/or that Wan pledge his 39.59% shares of Zmodo to Huaizhen as security and cooperate with Huaizhen to formally register the share pledge within five days after receiving the letter.  The letter was sent to Wan via EMS Worldwide Express Mail Service on August 16, 2019, and was received and signed for at the front desk of Mr. Wan's local address in Shenzhen (which is also Zmodo's address), in Nanshan District, Shenzhen, 518052, on August 17, 2019.

17.     On or about August 19, 2019, Global Law Office, Shenzhen Office, issued a Lawyer's Letter to Zmodo on behalf of Huaizhen, disclosing the Lawyer's Letter to Wan dated August 16, 2019, and requesting Zmodo's cooperation to assist Wan in fulfilling his obligations to repurchase the shares and complete the formalities for registration of the share pledge.  The letter was sent to Zmodo via EMS Worldwide Express Mail Service on August 20, 2019, and was received and signed for at the front desk of Zmodo's address in Nanshan District, Shenzhen, 518052, on August 21, 2019.

4

18.     Neither Wan nor Zmodo responded to Global Law Office, Shenzhen Office's correspondence, or to Huaizhen.  Therefore, on August 30, 2019, Huaizhen submitted its Request for Arbitration to the Shenzhen Court of International Arbitration (Shenzhen Arbitration Commission) in Shenzhen, People's Republic of China, pursuant to Article 4.2 of the Share Repurchase Agreement, requiring the parties to submit to arbitration any disputes not able to be resolved through amicable consultation:

> *For all disputes arising from the execution, the validity, the interpretation, and the performance of this Agreement, the three parties to this Agreement shall first try to settle them through amicable consultation.  Should the three parties fail to settle the disputes through amicable consultation, the agreement is made that such disputes shall be under the jurisdiction of Shenzhen Court of International Arbitration and the place of arbitration is in Shenzhen.*

*See* Exhibit B.

19.     The Share Repurchase Agreement further provides in Article 4.1 that, "*The execution, the validity, the interpretation, the performance, and the dispute resolution of this Agreement shall be governed by the laws of China.*"  *See* Exhibit B.

20.     On October 9, 2019, the Shenzhen Court of International Arbitration issued a Notice of Arbitration to Wan, attaching the Rules of Arbitration, Roster of Arbitrators of Shenzhen Court of International Arbitration, and Huaizhen's Request for Arbitration and attached exhibits.

21.     Huaizhen appointed one arbitrator to serve on the panel.  Wan neither appointed any arbitrator, nor entrusted the president of Shenzhen Court of International Arbitration to do

so. Accordingly, the president of Shenzhen Court of International Arbitration appointed an arbitrator and a presiding arbitrator.

22. On November 25, 2019 the Shenzhen Court of International Arbitration issued a Notice on Formation of the Arbitration Tribunal to Huaizhen and Wan, including Arbitrator's Statements for each of the three arbitrators appointed to the arbitration tribunal.

23. Also on November 25, 2019, the Shenzhen Court of International Arbitration issued a Notice of Trial, providing for the trial to be held on December 16, 2019 at 9:30 a.m., and requiring both parties or their authorized agents to appear in court on time. The arbitration court further instructed that "[p]ersonnel of both parties who appear in court are required to bring along the original evidence in order to facilitate the counterparty's cross-examination;" and that "[b]oth parties are required to submit the electronic versions of their written request for arbitration, statement of defense, counterclaim, defense of the counterclaim, agents' opinions, etc. when they submit such written materials for this case."

24. Claimant Huaizhen submitted a list of nine exhibits for the arbitration trial.

25. On December 16, 2019, Wan submitted a list of two exhibits for the arbitration trial.

26. On December 18, 2018, Huaizhen submitted an Application for Alteration of Arbitration Claims, which particularized the monetary amounts at issue in its claims; and eliminated one of its claims against Wan.

27. On December 19, 2019 Wan submitted a list of two supplementary exhibits for the arbitration.

28. On December 16, 2019, the arbitration tribunal opened a court session to hear the case. Huaizhen and Wan each entrusted their agents (counsel) to attend the trial on their behalf.

6

Huaizhen and Wan respectively stated their arbitration claims and answers, and cross-examined the exhibits presented by the opposing party. Each of Huaizhen and Wan answered the arbitration tribunal's questions, and made final statements. Each of Huaizhen and Wan made their arguments, and agreed to cross-examine post-trial materials in writing. At the end of the trial, neither Huaizhen nor Wan expressed any objection to the jurisdiction of Shenzhen Court of International Arbitration, the formation of the arbitration tribunal, or the arbitration procedures.

29. All of the arbitration documents, including without limitation the Notice of Arbitration, the Notice on Formation of the Arbitration Tribunal, and the Notice of Trial issued by the Shenzhen Court of International Arbitration, as well as the arbitration documents and evidentiary materials submitted by the parties and forwarded by the Shenzhen Court of International Arbitration, were served according to Article 6 of the Rules of Arbitration of the Shenzhen Court of International Arbitration.

30. On May 25, 2020, the arbitration tribunal issued its written award "according to law based on the court's trial and the written materials available." *See* Exhibit A. The arbitration tribunal found in favor of Huaizhen, rejecting Wan's asserted defenses and arguments, and ordered as follows:

> (1)     The respondent [Wan] shall pay the share repurchase money of RMB 15,000,000 yuan and its income to the claimant [Huaizhen] (income shall be based on RMB 15,000,000 yuan and take the annual interest rate of 12% to calculate from July 29, 2016 to the date the claimant receives the full share repurchase money).
>
> (2)     The respondent shall compensate the claimant for the lawyer's fees of RMB 400,000 yuan paid for this case.

7

(3)    The arbitration fees of this case amount to RMB 333,375 yuan, and shall be borne by the respondent in full.  The claimant has prepaid RMB 333,375 yuan, and the respondent shall directly pay RMB 333,375 yuan to the claimant.

The respondent shall pay all the amounts due as determined above within fifteen days after the date this award is made.

This award is the final award, and shall take legal effect as of the date it is made.

*See* Exhibit A, pp. 23-24.

31.    To date, Wan has not paid or remitted to Huaizhen any part of the amounts awarded by the arbitration tribunal.  Nor has Wan challenged the arbitration award.

32.    Huaizhen now requests that this Honorable Court confirm the arbitral award as a judgment of this Court with respect to Wan.

33.    Under Section 201 of the Federal Arbitration Act, "The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter."  9 U.S.C. §201.

34.    Article III of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention") provides for the recognition and enforcement of foreign arbitration awards by states which contract to abide by the treaty:

> *Each Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon, under the conditions laid down in the following articles. There shall not be imposed substantially more onerous*

> *conditions or higher fees or charges on the recognition or enforcement of*
>
> *arbitral awards to which this Convention applies than are imposed on the*
>
> *recognition or enforcement of domestic arbitral awards.*

35.    The United States acceded to the Convention on September 30, 1970. China acceded to the Convention on January 22, 1987.

36.    Under Section 202 of the Federal Arbitration Act, "an arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title [affirming the validity, irrevocability and enforceability of arbitration agreements], falls under the Convention." 9 U.S.C. §202.

37.    Under Section 207 of the Federal Arbitration Act, "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. §207.

38.    No grounds exist for refusal or deferral of recognition or enforcement of the arbitration award issued by the arbitration tribunal of the Shenzhen Court of International Arbitration, in favor of Huaizhen and against Wan.

39.    Accordingly, pursuant to Section 207 of the Federal Arbitration Act, this Court is authorized and required to confirm and enforce the arbitration award issued by the arbitration tribunal of the Shenzhen Court of International Arbitration, in favor of Huaizhen and against Wan.

9

**REQUESTED RELIEF**

40.    Huaizhen respectfully requests that this Court grant the following relief:

a.    To enter a judgment confirming the arbitral award found at Exhibit A, in the total amount of RMB 15,7333,375 (equivalent to USD $2,434,941.48), pursuant to 9 U.S.C. §207, with respect to Wan;

b.    To award Huaizhen interest in the amount accruing since entry of the arbitral award;

c.    To award attorneys' fees and legal expenses incurred in these judicial proceedings; and

d.    To award Huaizhen any other relief the Court may deem just, equitable and proper.

Dated:  February 1, 2021

Emma L. Smoler
Smoler Law Office, P.C.
22 West Washington Street
Suite 1500
Chicago, IL 60602
Telephone: 312-332-9800
Facsimile: 312-332-9801
esmoler@smolerlaw.com

Jean-Claude Mazzola (*admission forthcoming*)
Laura D. Castner (*admission forthcoming*)
Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2nd Floor
New York New York 10019
P:  646.216.8300
Jeanclaude@mazzolalindstrom.com
Laura@mazzolalindstrom.com

10

E-FILED
Thursday, 17 June, 2021 05:12:25 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| SHENZHEN HUAIZHEN INNOVATION INVESTMENT FUND PARTNERSHIP (LIMITED PARTNERSHIP), | |
| Plaintiff, | Case No. 2:21-cv-02021-CSB-EIL |
| v. | Hon. Colin S. Bruce |
| KEVIN KELIN WAN, | Magistrate Judge Eric I. Long |
| Defendant. | |

### MOTION TO VACATE ENTRY OF DEFAULT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Defendant Kevin Kelin Wan ("Mr. Wan"), by and through his undersigned attorneys, hereby moves this Court to vacate entry of default according to Rule 55(c) of the Federal Rules of Civil Procedure and opposes the motion filed by Plaintiff Shenzhen Huaizhen Innovation Investment Fund Partnership (Limited Partnership) ("Plaintiff" or "Huaizhen") for entry of default judgment ("Motion"). In support thereof, Mr. Wan states as follows:

1. Plaintiff filed a return of service of the complaint on April 9, 2021.

2. Due to a miscommunication, undersigned counsel was not alerted to the return of service filed by Plaintiff and was not aware of the Court's April 16, 2021 order setting Mr. Wan's deadline for responsive pleading.

3. On June 1, 2021, undersigned counsel learned of this Court's entry of default. This Motion to Vacate Entry of Default and Response in Opposition to Plaintiff's Motion for Entry of Default Judgment ("Motion & Response") follows.

4. Federal Rule of Civil Procedure 55(c) provides that a "Court may set aside an entry of default for good cause."

5.      Entry of default may be set aside, prior to entry of final judgment, if a party shows "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *In re Murchison*, No. 11-3279, 2012 WL 1135651, at *1 (C.D. Ill. Apr. 4, 2012) *quoting Cracco v. Vitran Express, Inc*., 559 F.3d 625, 630–31 (7th Cir. 2009) (citation omitted).

6.      "Seventh Circuit case law articulates a policy of favoring trial on the merits over default judgment." *Id.* Accordingly, while the same test applies for setting aside a default judgment, it is applied more liberally to entry of default. *Id.*

7.      Good cause to set aside entry of default exists in this case. Plaintiff effectuated service by presenting Mr. Wan's wife, not Mr. Wan, with a copy of the complaint. Due to various miscommunications, undersigned counsel was not aware of the responsive pleading deadline and was unable to meet it as a result. Mr. Wan should be afforded the opportunity to present his defenses in this case on the merits and should not be held to a default judgment when he stands prepared to respond to Plaintiff's complaint.

8.      Mr. Wan took quick action to correct the entry of default. When Mr. Wan learned of this Court's May 17 order, prior to receiving the Notice of Entry of Default served by Plaintiff, he contacted undersigned counsel and formalized retention of counsel in this case. Undersigned counsel immediately began investigating facts, researching applicable law, and drafting this Motion & Response for filing.

9.      Finally, Mr. Wan intends to present a meritorious defense to Plaintiff's complaint. The Federal Arbitration Act ("FAA") incorporates the Convention on the Recognition and Enforcement of Arbitral Awards ("New York Convention"). *See Generica Ltd. v. Pharm. Basics, Inc.,* 125 F.3d 1123, 1129 (7th Cir. 1997). The New York Convention provides that "enforcement of an arbitral award may . . . be refused if the competent authority in the country where . . .

enforcement is sought finds that . . . [the] enforcement of the award would be contrary to the public policy of that country."  New York Convention, Art. V, June 10, 1958.

10.     If allowed to defend himself on the merits in this matter, Mr. Wan intends to demonstrate that enforcement of the arbitration award would be contrary to public policy.  Mr. Wan is a United States citizen who left China in June of 2019 and has not returned since.  *See* Declaration of Kevin Kelin Wan ("Wan Declaration"), attached hereto as Exhibit A, at ¶¶ 3-4. The arbitration proceedings underlying Plaintiff's complaint took place in China six months after Mr. Wan left.  *See* Motion at 5.  Wan expects the evidence produced in this case to show that the attorneys appearing in the arbitration proceedings did not obtain a valid Power of Attorney to represent him.  *See* Wan Declaration at ¶ 6.  Mr. Wan will show that Chinese law mandates certain procedural requirements for certification of a Power of Attorney, which were not met. Mr. Wan intends to retain an expert who will provide testimony that under Chinese law, the attorneys' legal authority was not valid.

11.     Public policy requires that attorneys representing parties to legal proceedings, such as arbitrations, be properly engaged to advocate on their behalf.  Basic notions of the American justice system dictate that counsel be selected and engaged at the will of the party.  Because counsel purporting to represent Mr. Wan in the arbitration were not validly retained by him, it would violate public policy to enforce the arbitration award.  Mr. Wan maintains a meritorious defense to Plaintiff's complaint based on Article V of the New York Convention.

Dated:  June 17, 2021                    Respectfully Submitted,

                                          By: /s/ Christopher J. Esbrook

                                          Christopher J. Esbrook (ARDC No. 6282829)
                                          ESBROOK LAW LLC
                                          77 West Wacker Drive, Suite 4500
                                          Chicago, Illinois 60601
                                          Telephone:  312-319-7680
                                          christopher.esbrook@esbrooklaw.com

                                          *Attorney for Defendant Kevin Wan*

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned, an attorney of record for the Defendant, hereby certifies that he served a copy of the foregoing Motion to Vacate Entry of Default and Response in Opposition to Plaintiff's Motion for Entry of Default Judgment on all counsel of record by electronic means pursuant to the Electronic Case Filing (ECF) system.


                                     <u>/s/ Christopher J. Esbrook</u>

E-FILED
Thursday, 17 June, 2021 05:12:25 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

|  |  |
|---|---|
| SHENZHEN HUAIZHEN INNOVATION INVESTMENT FUND PARTNERSHIP (LIMITED PARTNERSHIP), | |
| Plaintiff, | Case No. 2:21-cv-02021-CSB-EIL |
| v. | Hon. Colin S. Bruce |
| KEVIN KELIN WAN, | Magistrate Judge Eric I. Long |
| Defendant. | |

## DECLARATION OF KEVIN KELIN WAN

I, Kevin Kelin Wan, state as follows:

1. I am over 18 years of age and competent to testify as to the matters set forth herein.

2. I am the above-named Defendant.

3. I am a United States citizen and I am not domiciled in the People's Republic of China. I reside in Champaign, Illinois.

4. I most recently left China in June 2019 and I have not returned since.

5. I was not aware of the responsive pleading deadline in the above-captioned matter until I was alerted to this Court's May 17 entry of default.

6. I did not provide counsel with a Power of Attorney notarized and certified by the Chinese Consulate for the purposes of appearing on my behalf at the arbitration proceedings on December 16, 2019.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

KEVIN KELIN WAN

Dated: June 16, 2021