E-FILED
Tuesday, 13 July, 2021  11:25:19 PM
Clerk, U.S. District Court, ILCD

# Appendix IV



Wolters Kluwer® Legal Information Database

### Civil Ruling of the First Instance on the Application for Revocation of Arbitration Award

Trial Court: Beijing No. 4 Intermediate People's Court

Case No.: (2015) Si Zhong Min (Shang) Te Zi No. 263

Judgement Date: December 16, 2015

Cause of Action: Causes of Action of Cases Subject to Civil / Non-litigation Procedures [Causes of Action of Cases Subject to Special Procedures] / Cases Subject to Arbitration Procedures

Beijing No. 4 Intermediate People's Court

Civil Ruling

(2015) Si Zhong Min (Shang) Te Zi No. 263

The People's Republic of China

Applicant (Arbitration Respondent): Trunkbow Asia-Pacific Science & Technology (Shandong) Co., Ltd., domiciled at 6th Floor, Main Building, Shandong University Science and Technology Industrial Park, Yingxiu Road, Innovation Zone, Jinan City.

Legal Representative: Wanchun Hou, chairman of the board.

Entrusted Agent: Weimin Ding.

Entrusted Agent: Yuzhong Chen.

Respondent (Arbitration Applicant): Super Micro Computer, Inc., domiciled at 980 Rock Ave., San Jose, CA 95131, the United States of America.

Legal Representative: Robert Aeschliman, chief legal officer.

Entrusted Agent: Weihe Liu, attorney.

Entrusted Agent: Yinwu Li.

For the case that the applicant, Trunkbow Asia-Pacific Science & Technology (Shandong) Co., Ltd. (hereinafter referred to as "Trunkbow Company") applied for the revocation of the arbitration award (hereinafter referred to as "the Arbitration Award") numbered [2015] Zhong Guo Mao Zhong Jing Cai Zi No. 0760 made by the China International Economic and Trade Arbitration Commission (hereinafter referred to as "the Arbitration Commission") on July 21, 2015, after this court accepted the case on August 19, 2015, a collegiate tribunal formed in accordance with the law heard the case, with the judge, Zhijun Wen, serving as the presiding judge, and with the participation of the judge, Jing Gao, and the judge, Xiang Wang. The hearing has now ended.

The applicant, Trunkbow Company, stated at the time of application that the Arbitration Award seriously violated the mandatory provisions of the *Arbitration Rules of the China International Economic and Trade Arbitration Commission* (hereinafter referred to as "the Arbitration Rules") and the *Civil Procedure Law of the People's Republic of China*, and requested the court to revoke the Arbitration Award in accordance with the law. The specific facts and reasons were

as follows:

1. Super Micro Computer, Inc. (hereinafter referred to as "Super Micro Company"), as one party, did not appoint any personnel to participate in the arbitration, its agent did not submit to the arbitration tribunal the relevant power of attorney and other legal documents proving its right of agency, and the arbitration tribunal did not conduct a legal review of whether its agent had the right of agency, which did not comply with the Arbitration Rules. In addition, the *Contract for the Employment of Lawyer* submitted by the agent participating in the trial stated that the principal was AIG Credit and Political Risk Insurance Company rather than Super Micro Company. According to the *Arbitration Rules*, Article 12 stipulates: "When submitting an application for arbitration, it is required to attach the evidence materials and other supporting documents on which the applicant's request is based", Article 20 stipulates: "The parties may authorize Chinese and/or foreign arbitration agents to handle relevant arbitration matters. The parties or their arbitration agents shall submit a power of attorney to the secretariat of the arbitration commission", and Article 37, Paragraph 1 stipulates: "If the applicant, without justifiable reasons, fails to appear in court during the hearing or withdraws from the court midway without the permission of the arbitration tribunal during the hearing, it may be deemed that the application for arbitration has been withdrawn". Super Micro Company did not appear in court to participate in the arbitration trial, and the agent participating in the trial was not legally authorized. It should be deemed that the application for arbitration had been withdrawn, so the arbitration tribunal had no right to make the Arbitration Award.

2. The entrusted agency procedures of Super Micro Company had not been notarized and authenticated through any legal procedures. According to the provisions of Article 264 of the *Civil Procedure Law of the People's Republic of China*: "When a foreigner, stateless person, foreign enterprise and organization who has no domicile in the territory of the People's Republic of China entrusts a lawyer or any other person of the People's Republic of China to serve as an agent in the litigation, the power of attorney sent or passed on from outside the territory of the People's Republic of China shall be valid only after it is notarized by the notary institution of the country where it is located and authenticated by the embassy or consulate of the People's Republic of China in that country, or fulfills the notarization procedures stipulated in the relevant treaties signed between the People's Republic of China and the country where it is located", Super Micro Company did not provide any legal documents notarized and authenticated through legal procedures, and the arbitration tribunal violated the mandatory provisions of China's Civil Procedure Law on foreign-related arbitration and failed to conduct a legal review on the identity materials of foreigners and the relevant documents of their agents, which was a major procedural violation.

3. In the original arbitration trial, Super Micro Company did not provide the legal and effective evidence for the expenditure of attorney fee, and the Arbitration Award determined that it was a legal expenditure, which was a ruling that seriously violated legal provisions.

4. In the original arbitration trial, Super Micro Company submitted relevant preliminary evidence to the arbitration tribunal for the dispute about the payment involved in the case in order to prove the objective fact that a dispute arises between both parties. Due to the absence of some key witnesses in China and other reasons, Trunkbow Company applied for an extension of the time limit for evidence production, but the arbitration tribunal did not consider the objective facts and believed that that Trunkbow Company's claims could not constitute a valid defense and deprived the company of its legal right to produce evidence and state opinions in accordance with the law, which was a serious illegal ruling.

The respondent, Super Micro Company, argued that the arbitration procedures were legal, and the Arbitration Award should not be revoked. Firstly, Super Micro Company had submitted the power of attorney and identity certificate issued by the company in the arbitration procedures. In the arbitration trial, Trunkbow Company did not raise any objection to the identity of the agent of Super Micro Company. The identity of the agent of Super Micro Company complied with the law at the time of arbitration. The principal stated in the *Contract for the Employment of Lawyer* was AIG Company, because the transaction between both parties was covered by credit insurance. AIG Company entrusted the agent of Super Micro Company to conduct a non-litigation treatment with Trunkbow Company before the arbitration, which incurred an attorney fee. The *Contract for the Employment of Lawyer* was the evidence for the attorney fee rather than the entrustment procedures; secondly, the law stipulates that the identity of a foreign company shall be valid only after notarization and authentication, which shall apply in the litigation procedures. In the arbitration procedures, only when the opposing party raises an objection to the qualifications of the foreign company and the authorization procedures of its agent, will the arbitration institution request the party to provide the materials that have been notarized and authenticated. In the arbitration procedures of the case, Trunkbow Company never raised any objection to the identity of the agent of Super Micro Company and the company's qualifications; finally, the third and fourth reasons of Trunkbow Company belonged to the issues of fact determination, and were not the legal reasons for the revocation of arbitration award in foreign-related arbitration. In summary, Super Micro Company agreed to the result of the Arbitration Award and requested the court to reject the request made by Trunkbow Company.

After review, this court believes that the respondent in the case (the applicant in the arbitration procedures), Super Micro Company, was a company incorporated in the United States, and the Arbitration Award was a foreign-related award made by the Arbitration Commission in accordance with the foreign-related arbitration procedures after the

trial. Regarding a foreign-related arbitration award, Article 70 of the *Arbitration Law of the People's Republic of China* stipulates: "If the parties submit evidence to prove that the foreign-related arbitration award has one of the situations stipulated in Article 258 (Article 274, after the amendment of this law in 2012), Paragraph 1 of the Civil Procedure Law, after it is reviewed and verified through a collegiate tribunal formed by the people's court, it shall be ruled to revoke", Article 274 of the *Civil Procedure Law of the People's Republic of China* stipulates: "For an award made by a foreign-related arbitration institution of the People's Republic of China, if the respondent provides evidence to prove that the arbitration award has one of the following situations, after it is reviewed and verified through a collegiate tribunal formed by the people's court, the award shall not be executed: (1) The parties do not include an arbitration clause in the contract or do not reach a written arbitration agreement afterwards; (2) The respondent has not been notified to appoint arbitrators or proceed with the arbitration procedures, or fails to state its opinions due to other reasons that are not the respondent's responsibility; (3) The composition of the arbitration tribunal or the arbitration procedures are inconsistent with the *Arbitration Rules*; (4) The matters to be arbitrated do not fall within the scope of the arbitration agreement or the arbitration institution has no right to arbitrate such matters. If the people's court finds that the execution of the ruling violates the public interests of the society, it shall rule not to execute it." The above clauses are the legal reasons for the people's court to revoke a foreign-related arbitration award.

In the case, there were three main reasons for the revocation of arbitration award proposed by Trunkbow Company: firstly, at the time of the arbitration trial, the personnel of Super Micro Company appearing in the court did not have the valid entrustment procedures that had been notarized and authenticated, and it should be deemed that Super Micro Company had not appeared in the court, which should be handled in accordance with the withdrawal of the application for arbitration; secondly, Super Micro Company did not submit legal and effective evidence to prove the expenditure of attorney fee, and the Arbitration Award should not determine it as a legal expenditure; thirdly, the arbitration tribunal did not approve the application made by Trunkbow Company for extension of the time limit for evidence production, which deprived Trunkbow Company of its right to produce evidence. In response to the aforementioned reasons for the revocation of arbitration award proposed by Trunkbow Company, this court will analyze and determine as follows:

According to the Arbitration Award and the statements of both parties, the *Arbitration Rules* that has come into effect since May 1, 2012 shall be applicable to the arbitration procedures involved in the case. Therefore, this court will only review whether the relevant arbitration procedures comply with the aforementioned specific *Arbitration Rules*.

1. Whether the entrustment procedures of the agent of Super Micro Company were legal and effective.

Firstly, Article 20 of the *Arbitration Rules* stipulates: "The parties may authorize Chinese and/or foreign arbitration agents to handle relevant arbitration matters. The parties or their arbitration agents shall submit a power of attorney to the secretariat of the arbitration commission". During the litigation, Super Micro Company submitted to this court the power of attorney issued by the company in the arbitration procedures, the receipt issued by the secretariat of the arbitration commission and other materials. It could be seen that the behavior of Super Micro Company's authorized agent to handle relevant arbitration matters complied with the provisions of the *Arbitration Rules*; secondly, Article 264 of the *Civil Procedure Law of the People's Republic of China* stipulates: "When a foreigner, stateless person, foreign enterprise and organization who has no domicile in the territory of the People's Republic of China entrusts a lawyer or any other person of the People's Republic of China to serve as an agent in the litigation, the power of attorney sent or passed on from outside the territory of the People's Republic of China shall be valid only after it is notarized by the notary institution of the country where it is located and authenticated by the embassy or consulate of the People's Republic of China in that country, or fulfills the notarization procedures stipulated in the relevant treaties signed between the People's Republic of China and the country where it is located", which does not clearly state that such provisions are also applicable to arbitration procedures, and there are no corresponding mandatory provisions on the form of the power of attorney submitted by foreigners, foreign companies and other entities in the *Arbitration Rules*. Therefore, although the power of attorney submitted by Super Micro Company to the arbitration tribunal had not gone through the corresponding notarization and certification procedures, its validity would not be affected; finally, it should be within the scope of duty of the arbitration tribunal to review the qualifications of an entrusted agent. The arbitration tribunal should have the right to allow the agent of Super Micro Company to participate in the arbitration trial after its own review. In addition, Trunkbow Company did not provide evidence to deny the fact that the arbitration tribunal had received the power of attorney submitted by Super Micro Company and had conducted a review for legality. Therefore, for the argument proposed by Trunkbow Company that Super Micro Company did not appoint a legal and effective agent to appear in court, and it should be handled in accordance with the withdrawal of the application for arbitration, this court will not accept it.

2. Whether the arbitration tribunal's determination for the expenditure of attorney fee was illegal.

After inquiry, Trunkbow Company stated that the arbitration tribunal determined that the attorney fee was legal only based on the copies of evidence submitted by Super Micro Company, which violated the provisions of the *Arbitration Rules* and constituted an illegal arbitration. Firstly, the copies of evidence do not certainly have no evidentiary effect and probative effect; secondly, the determination of the validity of evidence and whether to accept it shall be the substantive right of the arbitration tribunal for the determination of facts, which shall not be the legal reason for the court to revoke a foreign-related arbitration award. Accordingly, for the aforementioned argument proposed by Trunkbow Company, this court will not accept it.

3. Whether the arbitration tribunal deprived Trunkbow Company of its right to produce evidence.

Article 39 (2) of the *Arbitration Rules* stipulates: "The arbitration tribunal may set a time limit for the parties to submit evidence. The parties shall submit evidence within the specified time limit. If the submission is overdue, the arbitration tribunal may not accept it. If it is really difficult for the parties to submit evidence materials within the time limit for evidence production, an application for extension of the time limit for evidence production can be made before the time limit expires. Whether to extend the time limit for evidence production shall be decided by the arbitration tribunal". Accordingly, the arbitration tribunal shall have the right to decide whether to approve the application made by the parties for extension of the time limit for evidence production based on the specific situations of the case. In the case, the arbitration tribunal did not improperly handle the time limit for evidence production. Trunkbow Company's reason that the arbitration tribunal deprived of its right to produce evidence was not based on sufficient legal basis, and this court will not accept it.

In summary, the reasons given by Trunkbow Company for the revocation of Arbitration Award that Super Micro Company did not provide the legal and effective entrustment procedures to participate in the arbitration trial, the arbitration tribunal's determination for the expenditure of attorney fee was illegal, and the arbitration tribunal did not approve the application made by Trunkbow Company for extension of the time limit for evidence production, and deprived the company of its right to produce evidence could not be established. For its application for the revocation of arbitration award, this court will not support it. In accordance with Article 70 of the *Arbitration Law of the People's Republic of China* and Article 274 of the *Civil Procedure Law of the People's Republic of China*, the ruling is as follows:

The application made by Trunkbow Asia-Pacific Science & Technology (Shandong) Co., Ltd. for the revocation of arbitration award numbered [2015] Zhong Guo Mao Zhong Jing Cai Zi No. 0760 made by the China International Economic and Trade Arbitration Commission is rejected.

The case acceptance fee is RMB 400, which will be borne by Trunkbow Asia-Pacific Science & Technology (Shandong) Co., Ltd. (already paid).

This ruling is final.

Presiding Judge: Zhijun Wen

Judge:  Jing  Gao

Judge:  Xiang  Wang

December 16, 2015

Judge: Assistant, Xiaorui Li

Clerk: Shuo Bai

Scan it for more convenient reading on the mobile phone



Wolters Kluwer® Legal Information Database

**Civil Ruling on the Application for Revocation of Arbitration Award by Dongfeng Vasol Motor Co., Ltd.**

Trial Court: Beijing No. 4 Intermediate People's Court

Case No.: (2019) Jing 04 Min Te No. 408

Judgement Date: December 6, 2019

Cause of Action: Causes of Action of Cases Subject to Civil / Non-litigation Procedures [Causes of Action of Cases Subject to Special Procedures] / Cases Subject to Arbitration Procedures / Application for Revocation of Arbitration Award

Beijing No. 4 Intermediate People's Court

Civil Ruling

(2019) Jing 04 Min Te No. 408

Applicant: Dongfeng Vasol Motor Co., Ltd., domiciled at No. 7 Jieda Road, Zhangwan New Industrial Zone, Shiyan City, Hubei Province.

Legal Representative: Zhenyi Sun, chairman of the board.

Entrusted Litigation Agent: Xingjun Tian, attorney of Hubei Banghui Law Firm.

Respondent: Rarotonga Motor Company Ltd., domiciled at P.O. BOX 582, Rarotonga, Cook Islands, New Zealand.

Representative: Mervyn John Tansley, secretary of the company.

For the case of application for the revocation of arbitration award between the applicant, Dongfeng Vasol Motor Co., Ltd. (hereinafter referred to as "Dongfeng Company"), and the respondent, Rarotonga Motor Company Ltd. (hereinafter referred to as "Rarotonga Company"), this court conducted review after filing the case on August 7, 2019. The review has now ended.

The applicant, Dongfeng Company, stated that it respectfully requested the people's court to revoke the arbitration award (hereinafter referred to as "the Award") numbered [2019] Zhong Guo Mao Zhong Jing Cai Zi No. 0844 made by the China International Economic and Trade Arbitration Commission (hereinafter referred to as "the Arbitration Commission") in accordance with the law on July 11, 2019, and the application fee of the case should be borne by Rarotonga Company. The facts and reasons were:

1. The composition of the arbitration tribunal violated legal procedures. According to the Arbitration Commission's disclosure, the arbitrator, Jie Tao, was a member of the Beijing Lawyers Association and a practicing lawyer in New York State, the United States of America. He had been working in Haiwen & Partners since 1997. However, the official website of the Beijing Lawyers Association showed that the practicing status of Jie Tao was cancelled. In addition, the Arbitration Commission did not disclose that Jie Tao taught in a school and was a practicing lawyer in New York State, the United States of America. According to the relevant provisions on "disclosure" specified in Article 31 of the *Arbitration Rules of the China International Economic and Trade Arbitration Commission* (hereinafter referred to as "the Arbitration Rules"), namely: "(1) The selected or appointed arbitrator shall sign a declaration to disclose any facts or situations that may cause reasonable doubts about his or her impartiality and independence; (2) In the event of a situation that shall be disclosed during the arbitration procedures, the arbitrator shall immediately disclose it in writing", the Arbitration Commission should disclose the identity and resume of Jie Tao, but no disclosure or a deceptive disclosure was made. The composition of the arbitration tribunal was seriously illegal.

2. The information submitted by Rarotonga Company and its agent to the arbitration tribunal and the entrusted agency procedures had not been notarized by a notary institution in the Cook Islands, nor had they been authenticated by the embassy of the People's Republic of China in the Cook Islands, which violated the Arbitration Rules. Article 523 of the *Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China* (hereinafter referred to as "the Interpretation on the Civil Procedure Law") stipulates the notarization and authentication of identity. Article 73 of the *Arbitration Law of the People's Republic of China* (hereinafter referred to as "the Arbitration Law") stipulates that the relevant provisions on notarization and authentication in the *Civil Procedure Law of the People's Republic of China* (hereinafter referred to as "the Civil Procedure Law") shall apply in arbitration.

3. The arbitration violated legal procedures. Firstly, Rarotonga Company failed to submit an arbitration application signed or sealed by itself or its authorized agent to the Arbitration Commission, which did not comply with the provisions of Article 12, Paragraphs 1 and 2 of the Arbitration Rules. In the *Supplementary Sales Contract for Vehicles* signed by Dongfeng Company and Rarotonga Company on May 26, 2017, the name of Rarotonga Company's seal was RAROTONGA MOTOR CO. LTD (RARO CARS), while the name that it submitted to the Arbitration Commission was Rarotonga Motor Company Ltd., thus the two names were obviously different. Secondly, the Arbitration Commission did not review the application procedures for arbitration, nor did it request Rarotonga Company to complete the procedures with the arbitration tribunal, which did not comply with Article 13 (Case Acceptance), Paragraphs 2 and 3 of the Arbitration Rules, and also did not comply with Article 20 thereof. The name submitted by Rarotonga Company to the Arbitration Commission was Rarotonga Motor Company Ltd., while the name on the submitted business registration certificate was Rarotonga Motor Co Limited, thus both were inconsistent with RAROTONGA MOTOR CO. LTD (RARO CARS). Thirdly, Dongfeng Company mailed an evidence catalog and related evidence within the time limit for producing evidence permitted by the arbitration tribunal, but the arbitration tribunal returned them unreasonably. This deprived Dongfeng Company of the right to produce evidence, which did not comply with Article 41 of the Arbitration Rules. Fourthly, after the arbitration tribunal returned the evidence of Dongfeng Company, the returned evidence could not be cross-examined. This deprived Dongfeng Company of the right of cross-examination against Rarotonga Company, which did not comply with Article 42 of the Arbitration Rules. Fifthly, during the first hearing of the arbitration tribunal on April 9, 2019, the arbitral tribunal stated that the facts about transactions had not been ascertained and the parties needed to supplement evidence before the hearing was held again. However, the arbitral tribunal did not seek the consent of both parties. It refused to accept the evidence of Dongfeng Company within the time limit for producing evidence and made the Award under such situations, which did not comply with Article 35, Paragraph 2 of the Arbitration Rules. Sixthly, the arbitration fee of the case did not comply with the list of arbitration fee (1) in Appendix 2 of the Arbitration Rules. The amount in dispute in the case was approximately RMB 400,000. According to the list of arbitration fee (1) in Appendix 2 of the Arbitration Rules, the arbitration fee of the case should be 4% of the amount in dispute, plus RMB 10,000, which should be approximately RMB 26,000 in total. However, the Arbitration Commission actually collected an arbitration fee of RMB 39,847, which exceeded 50% of the amount receivable and had not been decided by the Arbitration Commission.

In summary, the people's court was respectfully requested to revoke the Award in accordance with the law based on the provisions of Article 58, Paragraph 1, Item 3 and Paragraph 3 of the Arbitration Law.

Dongfeng Company submitted the *Supplementary Opinions on the Application for the Revocation of Arbitration Award* after the trial, and held that: 1. Dongfeng Company and Rarotonga Company did not have an arbitration agreement. 2. The arbitrator, Jie Tao, deliberately concealed the cancellation of his lawyer's practicing certificate and other experience and identity information that should be disclosed but was not disclosed deliberately, which could no longer guarantee that he could handle the case independently and impartially. The composition of the arbitration tribunal violated legal procedures seriously.

The respondent, Rarotonga Company, stated that it respectfully requested the people's court to reject Dongfeng Company's application in accordance with the law.

1. The lawyer's practicing status of the arbitrator, Jie Tao, did not affect his impartiality or independence for the trial of the case and was not a matter that must be disclosed, and moreover, Dongfeng Company did not raise any recusal or objection to Mr. Jie Tao's serving as the arbitrator of the case during the arbitration. The composition of the arbitration tribunal complied with legal procedures.

2. The Arbitration Commission had reviewed the materials submitted by Rarotonga Company in accordance with the Arbitration Rules and required their completeness, and Rarotonga Company had also completed the materials as required. Dongfeng Company responded to the lawsuit in the arbitration trial and participated in the trial, and recognized Rarotonga Company's identity as the arbitration applicant. There was no illegality in the arbitration procedures. The "Raro Cars" in parentheses in the seal of Rarotonga Company was the trade name of Rarotonga Company. The trade name was shorter and easier to remember than the company name. It was generally used for communication with business partners and customers or external commercial publicity. Government departments also used "Raro Cars" to represent Rarotonga Company sometimes. The seal affixed by Rarotonga Company in the

*Supplementary Sales Contract for Vehicles* was the seal including the company name and trade name, namely Rarotonga Motor Co. Ltd (Raro Cars).

3. The argument of Dongfeng Company that the Arbitration Commission violated the provisions of the Arbitration Rules on the production of evidence, cross-examination, and trial had no factual basis.

4. The calculation and collection of arbitration fee by the Arbitration Commission was not within the scope of review for the revocation of arbitration award.

After review, this court found that on July 11, 2019, the China International Economic and Trade Arbitration Commission made the arbitration award numbered [2019] Zhong Guo Mao Zhong Jing Cai Zi No. 0844: (1) Dongfeng Company should pay USD 11,768 to Rarotonga Company as the liquidated damages for violation of contract. (2) Dongfeng Company should pay Rarotonga Company the site rent at a rate of NZD 400 per month, starting from September 2017 until Dongfeng Company could provide the right-hand drive headlights suitable for vehicles. (3) Dongfeng Company should provide Rarotonga Company with the right-hand drive headlights suitable for the contract goods in accordance with the quantity of the contracted goods and the requirements for spare parts. (4) Dongfeng Company shall deliver to Rarotonga Company the remaining 2% of the vehicle parts and components, the English version of the user manual and service manual in compliance with the quantity of the contracted goods, and the 22mm socket wrenches (wheel braces) of the appropriate size matching the vehicles. (5) Dongfeng Company should pay Rarotonga Company the legal service fee of USD 23,639.95 and RMB 50,000. (6) The arbitration fee was RMB 39,847, 10% of which should be borne by Rarotonga Company, i.e., RMB 3,984.70, and 90% of which should be borne by Dongfeng Company, i.e., RMB 35,862.30. The arbitration fee had been equally offset by the advance payment for arbitration paid by Rarotonga Company to the Arbitration Commission. Therefore, Dongfeng Company should pay Rarotonga Company RMB 35,862.30 to compensate for the arbitration fee prepaid by Rarotonga Company on its behalf. (7) Other arbitration requests of Rarotonga Company should be rejected.

The Award stated that the arbitration applicant was "Ratotonga Motor Company Ltd." and the arbitration respondent was Dongfeng Company (formerly known as Dongfeng Shenyu Vehicles Co., Ltd.).

The parties to the *Supplementary Sales Contract for Vehicles* were respectively "Party A: Dongfeng Industry (Shiyan) Vehicles Co., Ltd.", "Party B: Dongfeng Shenyu Vehicles Co., Ltd.", and "Party C: Ratotonga Motor Company Ltd.". The company name stated in the company seal at the sealing space of "Party C" to the *Supplementary Sales Contract for Vehicles* was "RATOTONGA MOTOR CO. LTD (RARO CARS)". The *Supplementary Sales Contract for Vehicles* was concluded by the above three parties in response to the sales contract numbered DFCL20160520. The *Supplementary Sales Contract for Vehicles* stipulated: "If a dispute arises due to the performance of the sales contract numbered DFCL20160520 and this supplementary agreement, Party B and Party C shall resolve it through negotiation. If the negotiation fails, both Party B and Party C shall agree to submit it to the China International Economic and Trade Arbitration Commission (Foreign Trade Arbitration Commission of the China Council for the Promotion of International Trade) for resolution through arbitration."

This court believes that in the judicial review of foreign-related arbitration cases, the people's court shall use the matters specified in Article 274 of the Civil Procedure Law as the legal reasons for the revocation of arbitration award. Rarotonga Company, the respondent in the case, was a legal person registered in the Cook Islands, New Zealand. The case was a foreign-related arbitration case and should be reviewed in accordance with the provisions of Article 274 of the Civil Procedure Law.

Article 274 of the Civil Procedure Law stipulates: "For an award made by a foreign-related arbitration institution of the People's Republic of China, if the respondent provides evidence to prove that the arbitration award has one of the following situations, after it is reviewed and verified through a collegiate tribunal formed by the people's court, the award shall not be executed: (1) The parties do not include an arbitration clause in the contract or do not reach a written arbitration agreement afterwards; (2) The respondent has not been notified to appoint arbitrators or proceed with the arbitration procedures, or fails to state its opinions due to other reasons that are not the respondent's responsibility; (3) The composition of the arbitration tribunal or the arbitration procedures are inconsistent with the arbitration rules; (4) The matters to be arbitrated do not fall within the scope of the arbitration agreement or the arbitration institution has no right to arbitrate such matters. If the people's court finds that the execution of the ruling violates the public interests of the society, it shall rule not to execute it." The above clauses are the legal reasons for the people's court to revoke a foreign-related arbitration award.

In the case, Dongfeng Company filed three reasons for the application, respectively: firstly, the composition of the arbitration tribunal violated legal procedures; secondly, Rarotonga Company and its agent did not submit the notarization and authentication procedures to the arbitration tribunal; thirdly, the arbitration violated legal procedures. Among them, the second reason filed by Dongfeng Company was based on the Interpretation on the Civil Procedure Law concerning the provisions related to the notarization and authentication in civil litigation procedures. The above judicial interpretation does not apply to arbitration procedures, so this reason will not be accepted by this court. For the first and third reasons for the application, this court will analyze them separately.

1. Whether the composition of the arbitration tribunal violated legal procedures. Dongfeng Company believed that the situation of the arbitrator, Jie Tao, disclosed by the Arbitration Commission was inconsistent with his actual identity and resume, the composition of the arbitration tribunal violated legal procedures, and the Award should be revoked. In this regard, this court believes that the people's court shall conduct review in accordance with the Arbitration Rules. Article 24 of the Arbitration Rules stipulates: "The arbitrator shall not represent any party, and shall be independent of the parties and treat the parties equally." This is an obligation that the arbitrator shall comply with, that is, to have independence and impartiality. Article 31 of the Arbitration Rules stipulates: "The selected or appointed arbitrator shall sign a declaration to disclose any facts or situations that may raise reasonable doubts about his or her impartiality and independence." "In the event of a situation that shall be disclosed during the arbitration procedures, the arbitrator shall immediately disclose it in writing." "The arbitrator's declaration and/or disclosed information shall be submitted to the Arbitration Court of the Arbitration Commission and forwarded to the parties." Therefore, the arbitrator shall actively and promptly disclose the content of his or her identity and resume that may affect his or her impartiality and independence, so as to facilitate the arbitration parties to file an application for recusal. The content that has nothing to do with the arbitrator's independence and impartial arbitration may not be disclosed. In the case, Dongfeng Company argued that the content disclosed by the arbitrator, Jie Tao, was related to his professional identity, namely, Jie Tao was a member of the Beijing Lawyers Association, a practicing lawyer in New York State, the United States of America, and had been working in Haiwen & Partners since 1997. Dongfeng Company found through inquiries on the website that the lawyer's practicing status of Jie Tao was cancelled and he had not submitted relevant evidence of practicing in New York State. Therefore, Jie Tao's disclosure was a false disclosure. In this regard, this court believes that the arbitrator may simultaneously engage in multiple social occupations or have multiple social identities in social life. In a certain period of time, the social occupation or identity of the arbitrator may change. As long as the above changes do not affect the arbitrator's independence and impartiality in arbitrating specific cases, it cannot be determined that the disclosure is flawed or does not comply with the Arbitration Rules. In combination with the actual situations of the case, the reason mentioned by Dongfeng Company that the lawyer's practicing status of Jie Tao was cancelled and he had not provided relevant evidence of practicing in New York State would not affect his independence and impartiality. Therefore, the procedures for selecting the arbitrator could not be determined to be illegal. In addition, regarding the reason of Dongfeng Company that Jie Tao did not disclose his possible teaching in a school, this court believes that Dongfeng Company failed to prove the authenticity of the above argument and also failed to produce evidence to prove that the above situation was related to the independence and impartiality of the arbitrator, so whether the above matters are disclosed would not affect the legality and fairness of the procedures for selecting the arbitrator. Therefore, this court determines that the composition of the arbitration tribunal did not violate legal procedures.

2. Whether the arbitration violated legal procedures. Dongfeng Company believed that due to the fact that the name of Rarotonga Company at the time of submitting for arbitration was inconsistent with the name stated in the seal of the contract involved in the arbitration, the arbitration tribunal had not fully granted Dongfeng Company the right of production of evidence and cross-examination, and the calculation of the arbitration fee did not comply with the Arbitration Rules, the arbitration violated legal procedures, and the Award should be revoked in accordance with the law. This court believes that whether the arbitration violates legal procedures shall be reviewed from whether the arbitration procedures comply with the provisions of the Arbitration Law, the Arbitration Rules, etc. Firstly, with regard to the determination of the name of Rarotonga Company, the Arbitration Commission had requested Rarotonga Company to make relevant explanations. According to the relevant materials issued by Rarotonga Company, it could be determined that Rarotonga Company was identical to the "Party C" that had affixed the company seal in the *Supplementary Sales Contract for Vehicles*, and it could initiate the arbitration procedures involved in the case in accordance with the *Supplementary Sales Contract for Vehicles*. Secondly, Dongfeng Company failed to produce evidence to prove its right of production of evidence and cross-examination in the arbitration because the arbitration tribunal did not provide sufficient guarantees in accordance with the provisions of the Arbitration Law, the Arbitration Rules, etc., so this court will not accept this reason for the application. Thirdly, the determination of the arbitration fee does not fall within the scope of judicial review of arbitration by the people's court, and this court will not accept this reason for the application. In summary, there was no situation that the arbitration violated legal procedures in the case.

Regarding the reason of Dongfeng Company that it had no arbitration agreement with Rarotonga Company, this court found after review that the arbitration clauses stipulated in the *Supplementary Sales Contract for Vehicles* had a clear expression of arbitration intentions, arbitration institutions and arbitration matters, and had the legal and

effective formal and substantive elements of an arbitration agreement stipulated in Article 16 of the Arbitration Law, and the case did not have the situation invalidating the arbitration agreement as stipulated in Article 17 of the Arbitration Law. Since the respondent in the case, Rarotonga Company, was the "Party C" who had signed the *Supplementary Sales Contract for Vehicles*, therefore, the legal and valid arbitration clauses were agreed upon between it and Dongfeng Company in the *Supplementary Sales Contract for Vehicles*, and this reason of Dongfeng Company could not be established.

In addition, the arbitration involved in the case dealt with the contract disputes between equal civil subjects and did not involve public interests, and Article 58 of the Arbitration Law should not be applicable to the case as a review basis.

In accordance with Article 274 of the *Civil Procedure Law of the People's Republic of China* and Article 70 of the *Arbitration Law of the People's Republic of China*, the ruling is as follows:

The application of Dongfeng Vasol Motor Co., Ltd. is rejected.

The application fee is RMB 400, which will be borne by Dongfeng Vasol Motor Co., Ltd.

Presiding Judge: Jun Ma
Judge: Zhiyu Cui
Judge: Dong Ji
December 6, 2019
Judge: Assistant, Zhiwen Ma
Clerk: Shuo Bai



Scan it for more convenient reading on the mobile phone



Wolters Kluwer® Legal Information Database

**Civil Ruling of the Special Procedure on the Application for Revocation of Arbitration Award Between Dongbing Yu and Kwangho Lee**

Trial Court: Dongguan Intermediate People's Court of Guangdong Province

Case No.: (2019) Yue 19 Min Te No. 41

Judgement Date: August 26, 2019

Cause of Action: Causes of Action of Cases Subject to Civil / Non-litigation Procedures [Causes of Action of Cases Subject to Special Procedures] / Cases Subject to Arbitration Procedures / Application for Revocation of Arbitration Award

Dongguan Intermediate People's Court of Guangdong Province

Civil Ruling

(2019) Yue 19 Min Te No. 41

Applicant: Dongbing Yu, male, Han nationality, born on November 25, 1976, living in Fengcheng City, Jiangxi Province,

Entrusted Litigation Agent: Jiliang Zhu, attorney of Guangdong Bizhi Law Firm.

Entrusted Litigation Agent: Wu Xie, attorney of Guangdong Bizhi Law Firm.

Respondent: Kwangho Lee, male, born on September 12, 1983, nationality of the Republic of Korea,

Respondent: Inho Park, male, born on December 22, 1967, nationality of the Republic of Korea,

Co-entrusted Litigation Agent of Two Respondents: Kaiyun Tan, attorney of Guangdong ETR Law Firm.

Co-entrusted Litigation Agent of Two Respondents: Danjian Chen, attorney of Guangdong ETR Law Firm.

Respondent: Dongguan Hefu Real Estate Co., Ltd., domiciled at: No. **, **, **-**, Fengtai Building, No. ** Yuanmei East Road, Nancheng District, Dongguan City, Guangdong Province.

Legal Representative: Bin Yu.

The applicant, Dongbing Yu, dissatisfied with the arbitration award numbered (2018) Sui Zhong Guan An Zi No. 24743 made by the Dongguan Branch of the Guangzhou Arbitration Commission (hereinafter referred to as "the GAC Dongguan Branch") due to the dispute over the revocation of arbitration award with the respondents, Kwangho Lee, Inho Park and Dongguan Hefu Real Estate Co., Ltd., applied to this court for the revocation of arbitration award. After this court filed the case in accordance with the law, the judge, Zhijuan Xiao, served as the presiding judge, and the judges, Lili Li and Zhiming Liao, formed a collegial tribunal in accordance with the law. On March 12, 2019, the parties were convened to hold a hearing. The case has now been concluded.

The applicant, Dongbing Yu, requested this court to revoke the arbitration award numbered (2018) Sui Zhong Guan An Zi No. 24743 made by the GAC Dongguan Branch. The facts and reasons were: 1. The power of attorney between Kwangho Lee, Inho Park and their entrusted agents, Kaiyun Tan and Danjian Chen, had not undergone the notarization and authentication procedures, nor had it been notarized by a Chinese notary institution. The entrustment procedures did not comply with the provisions of Article 264 of the *Civil Procedure Law of the People's Republic of China* and Article 526 of the *Interpretation of the Supreme People's Court on Several Issues Concerning the Application of the Civil Procedure Law of the People's Republic of China*, therefore, Kaiyun Tan and Danjian Chen had

no right to submit the applications for arbitration on behalf of Kwangho Lee and Inho Park, or acknowledge, waive, change the requests for arbitration, select arbitrators, appear in court, etc., on their behalf. Hence, the GAC Dongguan Branch recognized the authorization without carefully reviewing the power of attorney issued by Kwangho Lee and Inho Park, which was a serious violation of legal procedures. 2. The composition of the arbitration tribunal in the case did not comply with Article 30, Paragraph (4) of the *Rules*, "If the parties fail to select or jointly select arbitrators or the presiding arbitrator within 15 days from the date of receipt of the acceptance notice or the arbitration notice, they shall be designated by the director of the Commission". Kwangho Lee and Inho Park did not select any arbitrator within 15 days from the date of receipt of the acceptance notice, therefore, Xikang Chen, who was selected by Kwangho Lee and Inho Park afterwards, could not serve as the arbitrator in the case. In summary, in accordance with the provisions of Article 58, Paragraph 1, Item (3) of the *Arbitration Law of the People's Republic of China*, this court is respectfully requested to revoke the arbitration award involved in the case.

The respondents, Kwangho Lee and Inho Park, verbally replied: 1. The arbitration award involved in the case did not have the circumstances stipulated in Article 58 of the *Civil Procedure Law of the People's Republic of China*. The authorization procedures of Kwangho Lee and Inho Park were legal and valid. The power of attorney and other formalities signed in person by Kwangho Lee and Inho Park under the witness of the staff of the arbitration tribunal did not require additional notarization and authentication procedures. The acts performed by Kwangho Lee and Inho Park for granting authorization to agents complied with the provisions of the arbitration rules, and the entrusted agency procedures were legal and valid. Dongbing Yu's claim that Kwangho Lee and Inho Park failed to perform the notarization and authentication procedures was groundless. 2. In the opening session of the arbitration tribunal, the identity of Kwangho Lee and Inho Park was verified by the arbitration tribunal. Dongbing Yu had no objection to the authorization procedures and identity procedures of attorneys, and this was recorded in the case. Dongbing Yu now applied for the revocation of arbitration award on the grounds that the entrustment procedures required notarization in order to delay the time and refuse the execution of the award. 3. The composition of the arbitration tribunal in the arbitration award involved in the case complied with arbitration procedures, the provisions of Article 30, Paragraph 4 of the arbitration rules concerning the composition of arbitration tribunal and Article 46, "the period does not include the period in transit, and the arbitration documents, materials and notices delivered before the expiration of the period are not considered expired", and the provisions of Article 3 and Article 5 of the guidelines for the selection of arbitration tribunal, based on the above provisions, the arbitral tribunal mailed the notice of selection of the arbitral tribunal and other materials to the agents of Kwangho Lee and Inho Park on July 19, 2018, and the agents of Kwangho Lee and Inho Park (with special authorization) filled out the form for the selection of arbitration tribunal and mailed it back to the arbitration tribunal on July 23, 2018. The above period did not exceed the period specified under relevant regulations. In addition, Dongbing Yu raised no objection to the identity of arbitrators in the opening session of the arbitration tribunal, and now his raising an objection to the identity of arbitrators had no basis at all. In summary, the arbitration award involved in the case complied with legal procedures, and the power of attorney for arbitration was legal and valid. The application made by the applicant had no legal basis and should be rejected.

After review, this court found that: On May 15, 2018, Kwangho Lee, Inho Park, Dongbing Yu, and Dongguan Hefu Real Estate Co., Ltd. signed two copies of *House Purchase and Sale Contract* and one copy of *Supplementary Agreement*, which respectively stipulated that Dongbing Yu would purchase the houses of Kwangho Lee and Inho Park, which were Rooms 1203 and 1205, Building 6, Vanke Zitai, No. ××, ×× Road, ×× Town, Dongguan City. Afterwards, the parties had a dispute during the performance of the above contracts, and Kwangho Lee and Inho Park made an arbitration application with the GAC Dongguan Branch, requesting Dongbing Yu to pay liquidated damages, attorney fees and other losses. The GAC Dongguan Branch accepted the arbitration application made by Kwangho Lee and Inho Park on July 19, 2018. On August 24, 2018, the presiding arbitrator, Zhongming Wu, and the arbitrators, Xikang Chen and Wenmao Huang, formed the arbitration tribunal for the case. The GAC Dongguan Branch served all parties with a notice on the composition and opening session of arbitration tribunal in accordance with the provisions of the *Arbitration Rules*. The GAC Dongguan Branch made an arbitration award numbered (2018) Sui Zhong Guan An Zi No. 24743 on December 25, 2018, which had become legally effective.

It was also found that, according to the *Explanations* issued by the GAC Dongguan Branch on August 8, 2019, regarding the case of dispute over the purchase and sale contract among Kwangho Lee, Inho Park, Dongbing Yu, and Dongguan Hefu Real Estate Co., Ltd., on July 19, 2018, Kwangho Lee and Inho Park came to the GAC Dongguan Branch, and in the presence of the secretary of the Commission, Yanni Chen, signed and put their fingerprints on the *Power of Attorney* for the case [the trustees were the attorney, Kaiyun Tan, and the trainee attorney, Danjian Chen, of Beijing Dentons (Guangzhou) Law Offices, LLP] to indicate that they had known the legal significance and legal consequences of the entrustment.

It was further found that according to the *Certificate of Service* on pages 167 and 168 of the arbitration files involved in the case, the entrusted agent, Kaiyun Tan, of Kwangho Lee and Inho Park, signed for receipt of the notice of acceptance of arbitration application, the form for selection of the composition of arbitral tribunal, the arbitration rules, the roster of arbitrators, the letter of confirmation for the address of service, and other materials for the arbitration case on July 23, 2018.

The EMS receipts provided by Kwangho Lee and Inho Park showed that the GAC Dongguan Branch mailed and served the notice of acceptance of arbitration application, the form for selection of the composition of arbitral

tribunal, the arbitration rules, the roster of arbitrators, the letter of confirmation for the address of service, and other materials for the arbitration case to Kwangho Lee and Inho Park on July 19, 2018. The entrusted agent of Kwangho Lee and Inho Park mailed the *Certificate of Service* and the *Form for Selection of the Composition of Arbitration Tribunal* to the arbitration tribunal on July 23, 2018.

The above facts are supported by the arbitration award numbered (2018) Sui Zhong Guan An Zi No. 24743, the *Explanations* of the arbitration tribunal, two EMS receipts, arbitration files, and the arbitration rules provided by Kwangho Lee and Inho Park, and other evidence.

This court believes that this is a case of dispute over the application for the revocation of arbitration award, and it should be reviewed in accordance with the provisions of Article 58 of the *Arbitration Law of the People's Republic of China* and focusing on the facts and reasons of the application made by the applicant, Dongbing Yu, for the revocation of arbitration award. The focus of the dispute in the case is whether there is a basis for the application made by Dongbing Yu for the revocation of arbitration award involved in the case.

The main reasons why Dongbing Yu applied for the revocation of arbitration award involved in the case were that the composition of arbitration tribunal and the arbitration procedures violated legal procedures. In this regard, this court's analysis is as follows: Firstly, it is the question of whether the entrustment procedures for the entrusted agent of Kwangho Lee and Inho Park are legal. According to the *Explanations* of the GAC Dongguan Branch, Kwangho Lee and Inho Park came to the GAC Dongguan Branch on July 19, 2018, and in the presence of the secretary of the Commission, Yanni Chen, signed and put their fingerprints on the *Power of Attorney* for the case to indicate that they had known the legal significance and legal consequences of the entrustment. It can be seen that the arbitration tribunal has verified the authenticity of the entrustment procedures of Kwangho Lee and Inho Park. The *Arbitration Rules*, the *Arbitration Law of the People's Republic of China* and their judicial interpretations do not stipulate that if a foreigner entrusts an agent to conduct arbitration, it must undergo notarization and authentication procedures. Therefore, Dongbing Yu's claim that the entrustment procedures of Kwangho Lee and Inho Park were illegal lacks a basis. Secondly, it is the question of whether the composition of arbitration tribunal is legal. After review by this court, the arbitration tribunal mailed and served the notice of acceptance of arbitration application, the form for selection of the composition of arbitral tribunal, the arbitration rules, the roster of arbitrators, the letter of confirmation for the address of service, and other materials for the arbitration case to Kwangho Lee and Inho Park on July 19, 2018, and the entrusted agent of Kwangho Lee and Inho Park mailed the *Certificate of Service* and the *Form for Selection of the Composition of Arbitration Tribunal* to the arbitration tribunal on July 23, 2018. Therefore, Dongbing Yu's claim that Kwangho Lee and Inho Park did not select arbitrators within 15 days from the date of receipt of the acceptance notice is inconsistent with the facts, which is inadmissible by this court. In summary, Dongbing Yu's claim that the composition of arbitration tribunal and the arbitration procedures violated legal procedures has no basis, and this court will not accept it.

In summary, the application made by the applicant, Dongbing Yu, for the revocation of arbitration award does not comply with the circumstances stipulated in Article 58 of the *Arbitration Law of the People's Republic of China*. In accordance with Article 154, Paragraph 1, Item (11) of the *Civil Procedure Law of the People's Republic of China* and the provisions of the aforementioned invoking legal provisions, the ruling is as follows:

The application made by the applicant, Dongbing Yu, for the revocation of arbitration award numbered (2018) Sui Zhong Guan An Zi No. 24743 made by the Dongguan Branch of the Guangzhou Arbitration Commission is rejected.

The case application fee is RMB 400, which will be borne by the applicant, Dongbing Yu (prepaid).

The ruling is final.

Presiding Judge: Zhijuan Xiao
Judge: Lili Li
Judge: Zhiming Liao
August 26, 2019
Clerk: Shuxia Lu



Scan it for more convenient reading on the mobile phone

**Appendix IV**
**Original Chinese Documents**

Wolters Kluwer | 威科先行®法律信息库

## 申请撤销仲裁裁决一审民事裁定书

审理法院： 北京市第四中级人民法院

案号： (2015)四中民(商)特字第263号

裁判日期： 2015.12.16

案由： 民事/非讼程序案件案由【适用特殊程序案件案由】/仲裁程序案件

北京市第四中级人民法院

民事裁定书

（2015）四中民（商）特字第263号

中华人民共和国

申请人（仲裁被申请人）创博亚太科技（山东）有限公司，住所地济南市高新开发区颖秀路山大科技产业园主楼6楼。

法定代表人候万春，董事长。

委托代理人丁为民。

委托代理人陈玉忠。

被申请人(仲裁申请人)美国超微电脑股份有限公司（Super Micro Computer,Inc.），住所地美利坚合众国CA 95131圣何塞罗克大街980号（980 Rock Ave.San Jose,CA95131 US）。

法定代表人Robert Aeschliman，法务长。

委托代理人刘维鹤，律师。

委托代理人李寅武。

申请人创博亚太科技（山东）有限公司（以下简称创博公司）申请撤销中国国际经济贸易仲裁委员会（以下简称仲裁委员会）于2015年7月21日作出的〔2015〕中国贸仲京裁字第0760号仲裁裁决（以下简称仲裁裁决）一案，本院于2015年8月19日受理后，依法组成由法官温志军担任审判长，法官高晶、法官王翔参加的合议庭审理了本案。现已审理终结。

申请人创博公司申请称：仲裁裁决严重违反《中国国际经济贸易仲裁委员会仲裁规则》（以下简称《仲裁规则》）及《中华人民共和国民事诉讼法》的强制性规定，请求法院依法撤销仲裁裁决。具体事实与理由

如下：

一、美国超微电脑股份有限公司（以下简称超微公司）作为当事人未派员参加仲裁，其代理人未向仲裁庭提交相关授权委托书等证明其有权代理的法律文件，仲裁庭未对其代理人是否有权代理进行合法审查，这与仲裁规则不符。另外，参加庭审的代理人提交的《聘请律师合同》载明授权委托人为AIG信用与政治风险保险公司而非超微公司。根据《仲裁规则》第十二条规定："在提交仲裁申请书时，附具申请人请求所依据的证据材料以及其他证明文件"、第二十条规定："当事人可以授权中国及/或外国的仲裁代理人办理有关仲裁事项。当事人或其仲裁代理人应向仲裁委员会秘书局提交授权委托书"以及第三十七条第一款规定："申请人无正当理由开庭时不到庭的，或在开庭审理时未经仲裁庭许可中途退庭的，可以视为撤回仲裁申请"，超微公司未到庭参加仲裁审理，参加庭审的代理人无合法授权，应视为撤回仲裁申请，因此仲裁庭无权作出仲裁裁决。

二、超微公司委托代理手续未经任何法定程序公证认证。根据《中华人民共和国民事诉讼法》第二百六十四条规定："在中华人民共和国领域内没有住所的外国人、无国籍人、外国企业和组织委托中华人民共和国律师或者其他人代理诉讼，从中华人民共和国领域外寄交或者托交的授权委托书，应当经所在国公证机关证明，并经中华人民共和国驻该国使领馆认证，或者履行中华人民共和国与该所在国订立的有关条约中规定的证明手续后，才具有效力"，超微公司未提供任何经法定程序公证认证的法律文书，而仲裁庭违反我国民事诉讼法涉外仲裁的强制性规定，对外国人身份材料及其代理人有关文件未进行合法审查属重大程序违法。

三、在原仲裁庭审中，超微公司未提供合法有效的律师费用支出的证据，而仲裁裁决认定为合法支出，属于严重违反法律规定裁决。

四、在原仲裁庭审中，超微公司就涉案货款纠纷向仲裁庭提交了相关的初步证据以证明双方纠纷产生的客观事实，由于部分关键证人不在国内等原因创博公司申请延长举证期限，而仲裁庭不顾客观事实认为创博公司主张不能构成有效抗辩，剥夺了该公司依法举证、陈述意见的合法权利，属于严重违法裁决。

被申请人超微公司答辩称：仲裁程序合法，不应撤销仲裁裁决。首先，超微公司在仲裁程序中已经提交了由该公司出具的授权委托书及身份证明，在仲裁庭审过程中创博公司未对超微公司代理人的身份提出任何异议，超微公司代理人身份在仲裁时符合法律规定。《聘请律师合同》载明的授权人为AIG公司，是因为双方之间的交易进行了信用保险，AIG公司委托超微公司代理人与创博公司在仲裁前进行过非讼处理，由此产生了律师费，《聘请律师合同》为律师费的证据而非授权委托手续；其次，法律规定对外国企业身份进行公证认证才具有效力是在诉讼程序中，在仲裁程序中，除非对方当事人对外国企业的资格及代理人的授权手续提出异议，仲裁机构才会要求当事人提供经过公证认证的资料。本案仲裁程序中创博公司从未对超微公司代理人的身份及公司的资格提出异议；最后，创博公司的第三项、第四项理由属于事实认定问题，不属于涉外仲裁的撤销仲裁裁决的法定事由。综上，超微公司同意仲裁裁决的结果，请求法院驳回创博公司的请求。

经审查，本院认为：本案被申请人（仲裁程序中的申请人）超微公司系在美国注册成立的公司，仲裁裁决系仲裁委员会按涉外仲裁程序审理作出的涉外裁决。关于涉外仲裁裁决，《中华人民共和国仲裁法》第七

十条规定："当事人提出证据证明涉外仲裁裁决有民事诉讼法第二百五十八条（该法2012年修正后的第二百七十四条）第一款规定的情形之一的，经人民法院组成合议庭审查核实，裁定撤销"，《中华人民共和国民事诉讼法》第二百七十四条规定："对中华人民共和国涉外仲裁机构作出的裁决，被申请人提出证据证明仲裁裁决有下列情形之一的，经人民法院组成合议庭审查核实，裁定不予执行：（一）当事人在合同中没有订有仲裁条款或者事后没有达成书面仲裁协议的；（二）被申请人没有得到指定仲裁员或者进行仲裁程序的通知，或者由于其他不属于被申请人负责的原因未能陈述意见的；（三）仲裁庭的组成或者仲裁的程序与《仲裁规则》不符的；（四）裁决的事项不属于仲裁协议的范围或者仲裁机构无权仲裁的。人民法院认定执行该裁决违背社会公共利益的，裁定不予执行。"上述规定是人民法院撤销涉外仲裁裁决的法定事由。

本案创博公司提出的撤销仲裁裁决的理由主要有三点：一是在仲裁开庭时超微公司出庭人员无有效的经过公证认证的授权委托手续，应视为超微公司未到庭，按撤回仲裁申请处理；二是超微公司未提交合法有效的证据证明律师费的支出，仲裁裁决不应认定为合法支出；三是仲裁庭未准许创博公司延长举证期限的申请，剥夺了创博公司举证的权利。针对创博公司提出的上述撤销仲裁裁决理由，本院分析认定如下：

根据仲裁裁决及双方当事人陈述，涉案仲裁程序适用自2012年5月1日起施行的《仲裁规则》，故本院对有关仲裁程序仅审查其与上述特定《仲裁规则》是否相符。

一、超微公司代理人的授权委托手续是否合法有效。

首先，《仲裁规则》第二十条规定："当事人可以授权中国及/或外国的仲裁代理人办理有关仲裁事项。当事人或其仲裁代理人应向仲裁委员会秘书局提交授权委托书"，超微公司在诉讼过程中向本院提交了在仲裁程序中该公司出具的授权委托书、仲裁委员会秘书局出具的收据等材料，由此可见，超微公司授权代理人办理相关仲裁事项的行为符合《仲裁规则》的规定；其次，《中华人民共和国民事诉讼法》第二百六十四条规定："在中华人民共和国领域内没有住所的外国人、无国籍人、外国企业和组织委托中华人民共和国律师或者其他人代理诉讼，从中华人民共和国领域外寄交或者托交的授权委托书，应当经所在国公证机关证明，并经中华人民共和国驻该国使领馆认证，或者履行中华人民共和国与该所在国订立的有关条约中规定的证明手续后，才具有效力"，其中并未明确写明该规定亦适用于仲裁程序，而《仲裁规则》中对外国人、外国企业等主体提交授权委托书的形式并无相应的强制性规定，故超微公司向仲裁庭提交的授权委托书虽未经过相应的公证认证程序，不影响其效力；最后，对委托代理人的资格进行审查属于仲裁庭的职责范围，仲裁庭有权自行审查后允许超微公司的代理人参加仲裁开庭，加之创博公司并未提供证据否定仲裁庭业已收取超微公司提交的授权委托书，并进行合法性审查的事实，故对于创博公司提出超微公司未委托合法有效的代理人出庭，应按撤回仲裁申请处理的主张，本院不予采纳。

二、仲裁庭对于律师费支出的认定是否违法。

经询问，创博公司表示仲裁庭仅依据超微公司提交的证据复印件就认定律师费合法，违反了《仲裁规则》的规定，属于违法仲裁。首先，证据复印件并非当然不具有证据效力和证明力；其次，对于证据效力的判定和是否予以采信，属仲裁庭对事实认定的实体性权利，不属于法院撤销涉外仲裁裁决的法定事由。据此，对于创博公司提出的上述主张，本院不予采纳。

三、仲裁庭是否剥夺创博公司的举证权利。

《仲裁规则》第三十九条第（二）项规定："仲裁庭可以规定当事人提交证据的期限。当事人应当在规定的期限内提交证据。逾期提交的，仲裁庭可以不予接受。当事人在举证期限内提交证据材料确有困难的，可以在期限届满前申请延长举证期限。是否延长，由仲裁庭决定"，据此，对当事人提出的延长举证期限的申请，仲裁庭有权视案件的具体情况作出是否准许的决定，本案中仲裁庭对举证期限的程序处理并无不当。创博公司关于仲裁庭剥夺其举证权利的理由，法律依据不足，本院亦不予采纳。

综上，创博公司提出的超微公司未提供合法有效的授权委托手续参加仲裁开庭、仲裁庭对于律师费支出的认定违法以及仲裁庭未准许创博公司延长举证期限的申请，剥夺该公司举证权利的申请撤销仲裁裁决的理由均不能成立，对其申请撤销仲裁裁决的请求，本院不予支持。依据《中华人民共和国仲裁法》第七十条，《中华人民共和国民事诉讼法》第二百七十四条之规定，裁定如下：

驳回创博亚太科技（山东）有限公司提出的撤销中国国际经济贸易仲裁委员会作出的〔2015〕中国贸仲京裁字第0760号仲裁裁决的申请。

案件受理费四百元，由创博亚太科技（山东）有限公司负担（已交纳）。

本裁定为终审裁定。

审 判 长：温志军

审 判 员：高 晶

审 判 员：王 翔

二〇一五年十二月十六日

法 官 助 理 李晓蕊

书 记 员：白 硕



扫一扫，手机阅读更方便

Wolters Kluwer　威科先行®法律信息库

**东风华神汽车有限公司申请撤销仲裁裁决民事裁定书**

审理法院：　北京市第四中级人民法院

案号：　　　（2019）京04民特408号

裁判日期：　2019.12.06

案由：　　　民事/非讼程序案件案由【适用特殊程序案件案由】/仲裁程序案件/申请撤销仲裁裁决

北京市第四中级人民法院

民事裁定书

（2019）京04民特408号

申请人：东风华神汽车有限公司，住所地湖北省十堰市张湾工业新区捷达路7号。

法定代表人：孙振义，董事长。

委托诉讼代理人：田兴均，湖北邦辉律师事务所律师。

被申请人：Rarotonga Motor CompanyLtd.，住所地新西兰库克群岛拉若汤加邮箱582号（P.O.BOX582Rarotonga cook Islands）。

代表人：Mervyn John Tansley，公司秘书。

申请人东风华神汽车有限公司（以下简称东风公司）与被申请人RarotongaMotor Company Ltd.（以下简称Rarotonga公司）申请撤销仲裁裁决一案，本院于2019年8月7日立案后进行了审查。现已审查终结。

申请人东风公司称，请求人民法院依法撤销中国国际经济贸易仲裁委员会（以下简称仲裁委员会）于2019年7月11日作出的〔2019〕中国贸仲京裁字第0844号仲裁裁决（以下简称裁决），本案申请费由Rarotonga公司负担。事实与理由：

一、仲裁庭组成违反法定程序。根据仲裁委员会披露，仲裁员陶杰为北京市律师协会会员，美国纽约州执业律师，自1997年起在北京市海问律师事务所工作。但北京律师协会官网显示，陶杰的执业状态为注销。此外，仲裁委员会并未披露陶杰在某学校任教，以及是美利坚合众国纽约州执业律师的相关情况。根据《中国国际经济贸易仲裁委员会仲裁规则》（以下简称仲裁规则）第三十一条关于"披露"的相关规定，即：（一）被选定或指定的仲裁员应签署声明书，披露可能引起对其公正性和独立性产生合理怀疑的任何事实或情况；（二）在仲裁程序中出现应披露情形的，仲裁员应立即书面披露。仲裁委员会对陶杰的身份履历应该披露而没有披露或者欺骗性披露，仲裁庭组成程序严重违法。

二、Rarotonga公司及其代理人向仲裁庭提交的信息以及委托代理手续均既未经过库克群岛公证机关公证，也未经过中华人民共和国驻库克群岛大使馆认证，违反仲裁规则。《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》（以下简称民诉法解释）第五百二十三条规定了对身份的公证和认证，《中华人民共和国仲裁法》（以下简称仲裁法）第七十三条规定，仲裁中应当适用《中华人民共和国民事诉讼法》（以下简称民事诉讼法）中关于公证认证的相关规定。

三、仲裁违反法定程序。一是Rarotonga公司未向仲裁委员会提交由其本人或经其授权的代理人签名或盖章的仲裁申请书，不符合仲裁规则第十二条第一款、第二款规定。在东风公司与Rarotonga公司于2017年5月26日签订的《车辆补充销售合同》中，Rarotonga公司盖章的名称是RAROTONGA MOTOR CO.LTD（RARO CARS），而其向仲裁委员会提交的名称是Rarotonga Motor company Ltd.，两个名称明显不同。二是仲裁委员会未审查申请仲裁的手续，也未要求Rarotonga公司向仲裁庭完备手续，与仲裁规则第十三条案件受理第二款、第三款不符，也与第二十条不符。Rarotonga公司的向仲裁委员会提交的名称是Rarotonga MotorCompany Ltd.，提交的商业登记证上的名称是Rarotonga Motor Co Limited，均与RAROTONGA MOTOR CO.LTD（RARO CARS）不符。三是东风公司在仲裁庭许可的举证期限内邮寄证据目录及相关证据，但仲裁庭却无理退回，剥夺了东风公司的举证权，与仲裁规则第四十一条不符。四是仲裁庭将东风公司的证据退回后，导致被退回的证据无法质证，剥夺了东风公司与Rarotonga公司的质证权，与仲裁规则第四十二条不符。五是在2019年4月9日仲裁庭首次开庭中，仲裁庭称有关交易的事实未查清，需要当事人补充证据后再次开庭审理，但仲裁庭未征求双方当事人同意，在举证期内拒不予接受东风公司的证据，并在此情况下作出裁决，与仲裁规则第三十五条第二款不符。六是仲裁费用与仲裁规则附件二仲裁费用表（一）不符。本案争议金额约为人民币40万元，根据仲裁规则附件二仲裁费用表（一），本案仲裁费应为争议金额的4%，另加人民币10 000元，应共计约为人民币26 000元，但仲裁委员会实际收取仲裁费人民币39 847元，超过应收金额50%，且未经仲裁委员会决定。

综上，请求人民法院依据仲裁法第五十八条第一款第三项及第三款规定，依法撤销裁决。

东风公司于庭后提交《撤销仲裁裁决申请的补充意见》，认为：一、东风公司与Rarotonga公司没有仲裁协议。二、仲裁员陶杰故意隐瞒其律师执业证已经注销及其它应该披露而故意不披露的经历、身份信息，已经不能保证其独立公正办案，仲裁庭的组成严重违反法定程序。

被申请人Rarotonga公司称，请求人民法院依法驳回东风公司的申请。

一、仲裁员陶杰的律师执业状态不影响其对案件审理的公正性或独立性，不属于必须披露的事项，且东风公司未在仲裁过程中对陶杰先生作为本案仲裁员提出回避或任何异议，仲裁庭的组成符合法定程序。

二、仲裁委员会已经依照仲裁规则对Rarotonga公司提交的材料进行审查，并要求完备，Rarotonga公司也按要求进行了完备，且东风公司在仲裁审理中应诉并参加庭审，对Rarotonga公司作为仲裁申请人的身份表示认可，仲裁程序不存在违法的情形。Rarotonga公司印章中括号内的"Raro Cars"是Rarotonga公司的商号。商号比公司名称简短易记，一般用于与商业伙伴、客户的沟通或对外的商业宣传，政府部门有时也会使用"Raro Cars"来表示Rarotonga公司。Rarotonga公司在《车辆补

充销售合同》中加盖的印章为包括了公司名称和商号的印章，即Rarotonga Motor Co. Ltd（Raro Cars）。

三、东风公司所称的仲裁委员会违反仲裁规则有关举证、质证、审理规定的主张没有事实依据。

四、仲裁委员会对仲裁费的计算和收取不是撤销仲裁裁决的审查范围。

本院经审查查明，2019年7月11日，中国国际经济贸易仲裁委员会作出〔2019〕中国贸仲京裁字第0844号仲裁裁决：（一）东风公司向Rarotonga公司支付合同违约金11 768美元。（二）东风公司向Rarotonga公司支付场地租金，以每月400新西兰元为标准，从2017年9月起算直至东风公司提供适用于车辆的右舵车前大灯时止。（三）东风公司依照合同货物数量及其备件要求，向Rarotonga公司提供适用于合同货物的右舵车前大灯。（四）东风公司向Rarotonga公司交付尚欠的2%车辆零部件、符合合同货物数量的英文版本用户手册和服务手册及与车辆配套、尺寸合适的22mm的套筒扳手（wheel brace）。（五）东风公司向Rarotonga公司支付法律服务费用23 639.95美元和人民币50 000元。（六）仲裁费人民币39 847元，由Rarotonga公司承担10%即人民币3 984.7元，由东风公司承担90%即人民币35 862.3元。仲裁费用已由Rarotonga公司向仲裁委员会缴纳的等额仲裁预付金予以冲抵，因此，东风公司还应向Rarotonga公司支付人民币35 862.3元，以补偿Rarotonga公司代其垫付的仲裁费。（七）驳回Rarotonga公司的其他仲裁请求。

裁决载明的仲裁申请人为"Ratotonga MotorCompany Ltd."，仲裁被申请人为东风公司（原名：东风神宇车辆有限公司）。

《车辆补充销售合同》的当事人分别为"甲方：东风实业（十堰）车辆有限公司；"、"乙方：东风神宇车辆有限公司"、"丙方：Ratotonga Motor Company Ltd."。《车辆补充销售合同》"丙方"盖章处公司用章载明的公司名称为"RATOTONGAMOTOR CO. LTD（RARO CARS）"。《车辆补充销售合同》系上述三方针对编号为DFCL20160520的销售合同而订立。《车辆补充销售合同》约定："因履行该DFCL20160520销售合同和本补充协议发生争议的，由乙方、丙方协商解决。协商不成的，乙方、丙方均同意在中国国际经济贸易仲裁委员会（中国国际贸易促进委员会对外贸易仲裁委员会）仲裁解决。"

本院认为，人民法院对涉外仲裁案件进行司法审查，应当以民事诉讼法第二百七十四条规定的事项作为撤销仲裁裁决的法定事由。本案被申请人Rarotonga公司为注册地在新西兰库克群岛的法人，本案属于涉外仲裁裁决案件，应当适用民事诉讼法第二百七十四条规定进行审查。

民事诉讼法第二百七十四条规定："对中华人民共和国涉外仲裁机构作出的裁决，被申请人提出证据证明仲裁裁决有下列情形之一的，经人民法院组成合议庭审查核实，裁定不予执行：（一）当事人在合同中没有订有仲裁条款或者事后没有达成书面仲裁协议的；（二）被申请人没有得到指定仲裁员或者进行仲裁程序的通知，或者由于其他不属于被申请人负责的原因未能陈述意见的；（三）仲裁庭的组成或者仲裁的程序与仲裁规则不符的；（四）裁决的事项不属于仲裁协议的范围或者仲裁机构无权仲裁的。人民法院认定执行该裁决违背社会公共利益的，裁定不予执行。"上述条款是人民法院撤销涉外仲裁裁决的法定事由。

本案中，东风公司提出了三项申请理由，分别为：一是仲裁庭组成违反法定程序，二是Rarotonga公司及其代理人未向仲裁庭提交公证认证手续，三是仲裁违反法定程序。其中，东风公司提出第二项理由所依据的是民诉法解释关于民事诉讼程序中与公证认证相关的规定，上述司法解释不适用于仲裁程序，故本院对该项理由不予采纳。对于第一项、第三项申请理由，本院将分别进行分析。

一、仲裁庭组成是否违反法定程序。东风公司认为，仲裁委员会所披露的仲裁员陶杰的情况与其实际身份履历不符，仲裁庭组成违反法定程序，裁决应当予以撤销。对此本院认为，人民法院应当依据仲裁规则进行审查。仲裁规则第二十四条规定："仲裁员不代表任何一方当事人，应独立于各方当事人，平等地对待各方当事人。"此为仲裁员应当遵守的义务，即具有独立性和公正性。仲裁规则第三十一条规定："被选定或者被指定的仲裁员应签署声明书，披露可能引起对其公正性和独立性产生合理怀疑的任何事实或情况。""在仲裁程序中出现应披露情形的，仲裁员应立即书面披露。""仲裁员的声明书及/或披露的信息应提交仲裁委员会仲裁院并转交各方当事人。"因此，仲裁员应当主动及时披露对于其身份履历中可能影响其公正性和独立性的内容，以便于仲裁当事人提起回避申请。对于与仲裁员独立性以及与公正仲裁无关的内容，可以不予披露。本案中东风公司主张，仲裁员陶杰所披露的内容为与其职业身份有关的内容，即陶杰为北京市律师协会会员，美国纽约州执业律师，自1997年起在北京市海问律师事务所工作。东风公司经查询网站发现，陶杰的律师执业状态为注销，且其未提交在纽约州执业的相关证据，故陶杰的披露属于虚假披露。对此本院认为，仲裁员在社会生活中可能会同时从事多种社会职业或者具有多种社会身份。在特定时期内，仲裁员所从事的社会职业或者所具有的身份可能发生变化。只要上述变化不影响仲裁员在仲裁特定案件时的独立性和公正性，就不能认定披露存在瑕疵或者不符合仲裁规则。结合本案实际情况，东风公司提出的陶杰的律师执业状态为注销以及其未提供纽约州律师执业相关证据的理由，不会对其独立性和公正性产生影响，因此不能认定选定仲裁员的程序违法。此外，对于东风公司提出的陶杰未披露其可能在某学校任教的理由，本院认为东风公司未能证明上述主张的真实性，且亦未能举证证明上述情况与仲裁员的独立性和公正性有关，故上述事项是否披露不影响选定仲裁员程序的合法性和公正性。故本院认定仲裁庭组成未违反法定程序。

二、仲裁是否违反法定程序。东风公司认为，由于存在Rarotonga公司提请仲裁时的名称与涉仲裁合同盖章名称不一致、仲裁庭未充分给予东风公司举证权与质证权、仲裁费计算不符合仲裁规则之情形，仲裁违反法定程序，裁决应当依法予以撤销。本院认为，对于仲裁是否违反法定程序，应当从仲裁程序是否符合仲裁法、仲裁规则等规定进行审查。首先，关于Rarotonga公司名称的确定，仲裁委员会已经要求Rarotonga公司作出相关说明。根据Rarotonga公司出具的相关材料，可以认定Rarotonga公司与在《车辆补充销售合同》中加盖公司印章的"丙方"具有同一性，其可以依据《车辆补充销售合同》提起本案所涉仲裁程序。其次，由于东风公司未能举证证明其在仲裁中的举证权、质证权因仲裁庭未按照仲裁法、仲裁规则等规定而未给予充分保证，故本院对该项申请理由不予采纳。再次，仲裁费用的确定不属于人民法院仲裁司法审查的范畴，本院对该项申请理由不予采纳。综上，本案不存在仲裁违反法定程序之情形。

对于东风公司提出的其与Rarotonga公司没有仲裁协议的理由，本院经审查认为，《车辆补充销售合同》约定仲裁条款具有明确的仲裁意思表示、仲裁机构和仲裁事项，具备仲裁法第十六条规定的仲裁协

议合法有效的形式要件和实质要件，且本案不具有仲裁法第十七条规定的仲裁协议无效之情形。由于本案被申请人Rarotonga公司即为签订《车辆补充销售合同》的"丙方"，故其与东风公司之间在《车辆补充销售合同》中约定了合法有效仲裁条款，东风公司的该项理由不能成立。

此外，本案所涉仲裁所处理的是平等民事主体间的合同纠纷，不涉及社会公共利益，且本案不适用以仲裁法第五十八条作为审查依据。

依照《中华人民共和国民事诉讼法》第二百七十四条、《中华人民共和国仲裁法》第七十条规定，裁定如下：

驳回东风华神汽车有限公司的申请。

申请费400元，由东风华神汽车有限公司负担。

审判长：马军

审判员：崔智瑜

审判员：冀东

二〇一九年十二月六日

法官：助理马志文

书记员：白硕

扫一扫，手机阅读更方便

Wolters Kluwer | 威科先行®法律信息库

## 喻冬兵、李光浩申请撤销仲裁裁决特别程序民事裁定书

审理法院： 广东省东莞市中级人民法院
案号： (2019)粤19民特41号
裁判日期： 2019.08.26
案由： 民事/非讼程序案件案由【适用特殊程序案件案由】/仲裁程序案件/申请撤销仲裁裁决

### 广东省东莞市中级人民法院

民 事 裁 定 书

（2019）粤19民特41号

申请人：喻冬兵，男，汉族，1976年11月25日出生，住江西省丰城市，

委托诉讼代理人：朱继良，广东必至律师事务所律师。

委托诉讼代理人：谢妩，广东必至律师事务所律师。

被申请人：李光浩，男，1983年9月12日出生，大韩民国国籍，

被申请人：朴仁镐，男，1967年12月22日出生，大韩民国国籍，

两被申请人共同委托诉讼代理人：谭凯韵，广东广信君达律师事务所律师。

两被申请人共同委托诉讼代理人：陈丹健，广东广信君达律师事务所律师。

被申请人：东莞市合富置业有限公司，住所地：广东省东莞市南城区元美东路**号丰泰大
厦** - **、**、**号。

法定代表人：喻彬。

申请人喻冬兵因与被申请人李光浩、朴仁镐、东莞市合富置业有限公司撤销仲裁裁决纠纷一案，不服广州仲裁委员会东莞分会（以下简称广仲东莞分会）作出的（2018）穗仲莞案字第24743号仲裁裁决，向本院申请撤销该仲裁裁决。本院依法立案后，由审判员萧稚娟担任审判长，与审判员李丽莉、廖志明依法组成合议庭，于2019年3月12日召集双方当事人举行了听证。本案现已审理终结。

申请人喻冬兵向本院请求：撤销广仲东莞分会作出的（2018）穗仲莞案字第24743号仲裁裁决。事实和理由：一、李光浩、朴仁镐与其委托代理人谭凯韵、陈丹健之间的授权委托书既未履行公证认证手续，也没有经过我国公证机构公证，该委托手续不符合《中华人民共和国民事诉讼法》第二百六十四条以及《最高人民法院关于适用〈中华人民共和国民事诉讼法〉若干问题的解释》第五百二十六条的规定，故

谭凯韵、陈丹键无权代表李光浩、朴仁镐提交仲裁申请书、代为承认、放弃、变更仲裁请求、代为选定仲裁员、出庭等。因此，广仲东莞分会未认真审核李光浩、朴仁镐出具的授权委托书即认可其授权，系严重违反法定程序。二、本案仲裁庭的组成不符合《规则》第三十条第（四）款"当事人自收到受理通知或者仲裁通知之日起十五日内没有选定或者共同选定仲裁员、首席仲裁员的，由本会主任指定。"的规定，李光浩、朴仁镐未在收到受理通知书之日起十五日内选定仲裁员，故李光浩、朴仁镐此后选定的陈锡康亦不能担任本案仲裁员。综上，根据《中华人民共和国仲裁法》第五十八条第一款第（三）项的规定，恳请本院撤销案涉仲裁裁决。

被申请人李光浩、朴仁镐口头答辩称：一、案涉仲裁裁决没有《中华人民共和国民事诉讼法》第五十八条规定的情形，李光浩、朴仁镐的授权手续合法有效，李光浩、朴仁镐系在仲裁庭工作人员的见证下当面签署的委托书等手续，无须额外办理公证认证手续，李光浩、朴仁镐授权代理人的行为符合仲裁规则的规定，委托代理手续合法有效，喻冬兵主张李光浩、朴仁镐未履行公证认证手续毫无依据。二、在仲裁开庭时，李光浩、朴仁镐的身份经仲裁庭的核对，喻冬兵对代理律师的授权手续和身份手续没有异议，并记录在案，喻冬兵现以委托手续需要公证为由申请撤销仲裁裁决是为了拖延时间拒不履行裁决。三、案涉仲裁裁决的仲裁庭的组成符合合法程序，仲裁规则第三十条关于仲裁庭的组成第四点及第四十六条的规定，期间不包括在途期间，仲裁文书、材料通知在期满前交发的不算过期。选择仲裁须知第三条、第五条的规定，基于上述规定，仲裁庭于2018年7月19日邮寄了选择仲裁庭通知书等材料给李光浩、朴仁镐的代理人，2018年7月23日李光浩、朴仁镐的代理人（特别授权）填写了仲裁庭选择书并邮寄回给仲裁庭。以上期间并未超过相关规定。另外，喻冬兵同样在仲裁庭开庭时未对仲裁员的身份提出过异议，现又对仲裁员的身份提出异议没有任何依据。综上所述，案涉仲裁裁决符合法定程序，仲裁委托书合法有效。申请人提出的申请没有法律依据，应予以驳回。

本院经审查查明：2018年5月15日，李光浩、朴仁镐与喻冬兵、东莞市合富置业有限公司签订了两份《房屋买卖合约》及一份《补充协议》，合同分别约定喻冬兵购买李光浩、朴仁镐位于东莞市××镇连××路××号万科紫谷6栋1203号、1205号房。后双方在履行上述合同过程中发生争议，李光浩、朴仁镐向广仲东莞分会提出仲裁申请，要求喻冬兵支付违约金及律师费等损失。广仲东莞分会于2018年7月19日受理了李光浩、朴仁镐两人的仲裁申请。2018年8月24日，由首席仲裁员吴仲明和仲裁员陈锡康、黄文茂组成该案仲裁庭。广仲东莞分会按照《仲裁规则》的规定向各方当事人送达了仲裁庭组成及开庭通知书。广仲东莞分会于2018年12月25日作出（2018）穗仲莞案字第24743号仲裁裁决并已发生法律效力。

另查明，根据广仲东莞分会于2019年8月8日出具的《说明》，关于李光浩、朴仁镐与喻冬兵、东莞市合富置业有限公司之间买卖合同纠纷一案，李光浩、朴仁镐于2018年7月19日来到广仲东莞分会，并在该会秘书陈燕妮的面前，于该案《授权委托书》[受托人为北京大成（广州）律师事务所的谭凯韵律师、陈丹键实习律师]上签名并捺手印，表示知悉委托的法律意义与法律后果。

再查明，根据案涉仲裁卷宗第167页、168页的《送达回请》显示，李光浩、朴仁镐的委托代理人谭凯韵于2018年7月23日签收了案涉仲裁案件的受理仲裁申请通知书、选择仲裁庭组成书、仲裁规则、仲裁员名册、送达地址确认书等资料。

李光浩、朴仁镐提供的EMS回单显示，广仲东莞分会于2018年7月19日向李光浩、朴仁镐邮寄送达

仲裁案件的受理仲裁申请通知书、选择仲裁庭组成书、仲裁规则、仲裁员名册、送达地址确认书等资料。李光浩、朴仁镐的委托代理人于2018年7月23日向仲裁庭邮寄了《送达回证》、《选择仲裁庭组成书》。

以上事实，有（2018）穗仲莞案字第24743号仲裁裁决、仲裁庭的《说明》、李光浩、朴仁镐提供的两份EMS回单仲裁卷宗及仲裁规则等证据予以佐证。

本院认为：本案为申请撤销仲裁裁决纠纷案件，应当依照《中华人民共和国仲裁法》第五十八条的规定，并围绕申请人喻冬兵申请撤销仲裁裁决的事实和理由进行审查。本案的争议焦点为:喻冬兵申请撤销案涉仲裁裁决有无依据。

喻冬兵申请撤销案涉仲裁的主要理由是仲裁庭的组成及仲裁的程序违反法定程序。对此，本院分析如下：首先，关于李光浩、朴仁镐的委托代理人的委托手续是否合法的问题。根据广仲东莞分会的《说明》，李光浩、朴仁镐于2018年7月19日来到广仲东莞分会，并在该会秘书陈燕妮的面前，于该案《授权委托书》上签名并捺手印，表示知悉委托的法律意义与法律后果。可见，仲裁庭已经核实了李光浩、朴仁镐委托手续的真实性，《仲裁规则》、《中华人民共和国仲裁法》及其司法解释均未规定外国人委托代理人进行仲裁的，必须要经过公证认证手续，故喻冬兵主张李光浩、朴仁镐的委托手续不合法缺乏依据。其次，关于仲裁庭的组成是否合法的问题。本院经审查，仲裁庭于2018年7月19日向李光浩、朴仁镐邮寄送达仲裁案件的受理仲裁申请通知书、选择仲裁庭组成书、仲裁规则、仲裁员名册、送达地址确认书等资料，李光浩、朴仁镐的委托代理人于2018年7月23日向仲裁庭邮寄了《送达回证》、《选择仲裁庭组成书》，故喻冬兵主张李光浩、朴仁镐未在收到受理通知书之日起十五日内选定仲裁员与事实不符，本院不予采信。综上，喻冬兵主张仲裁庭的组成及仲裁的程序违反法定程序均没有依据，本院不予采纳。

综上所述，申请人喻冬兵申请撤销案涉仲裁裁决的理由不符合《中华人民共和国仲裁法》第五十八条所列之情形，依照《中华人民共和国民事诉讼法》第一百五十四条第一款第（十一）项及前述援引法律条文之规定，裁定如下：

驳回申请人喻冬兵关于撤销广州仲裁委员会东莞分会作出的（2018）穗仲莞案字第24743号仲裁裁决的申请。

案件申请费400元，由申请人喻冬兵负担（已预交）。

本裁定为终审裁定。

审判长：萧稚娟

审判员：李丽莉

审判员：廖志明

二〇一九年八月二十六日

书记员：卢淑霞



扫一扫，手机阅读更方便