# APPENDIX V

**Reporter**
2017 China Law LEXIS 1299 *

**Title: Arbitration Law of the People's Republic of China (Revised in 2017**)

**Document Number:** 3195217

**Article Number:** Order of the President of the **People's Republic of China** No.76

**Topic:** Civil Procedure **Law**

**Effective:** Effective

**Promulgator:** Standing Committee of the National **People's** Congress

**Promulgation Date:** 09-01-2017

**Effective Date:** 01-01-2018

**Effect Area:**  [*1]  NATIONAL

**Source: China** Online

**Update:** replacement


**Arbitration Law of the People's Republic of China (Revised in 2017**)

Order of the President of the **People's Republic of China** No.76

September 1, 2017

(Adopted at the 9th Session of the Standing Committee of the 8th National **People's** Congress on August 31, 1994; amended for the first time in accordance with the Decision of the Standing Committee of the National **People's** Congress on Amending Certain **Laws** at the Tenth Session of the Standing Committee of the 11th National **People's** Congress on August 27, 2009; and amended for the second time in accordance with the Decision of the Standing Committee of the National **People's** Congress on Amending Eight **Laws** Including the Judges **Law** of the **People's Republic of China** at the 29th Session of the Standing Committee of the 12th National **People's** Congress on September 1, 2017)

Contents
Chapter I General Provisions
Chapter II **Arbitration** Commission and **Arbitration** Association
Chapter III **Arbitration** Agreement

Chapter IV **Arbitration** Procedure
Section 1 Application and Acceptance
Section 2 Composition of the Arbitral Tribunal
Section 3 Hearing and Arbitral Awards
Chapter V Application for Cancellation [*2]  of an Award
Chapter VI Enforcement
Chapter VII Special Provisions on Foreign-Related **Arbitration**
Chapter VIII Supplementary Provisions

Chapter I General Provisions

Article 1 This **Law** is formulated in order to ensure fair and timely **arbitration** of economic disputes, protect the legitimate rights and interests of the relevant parties and guarantee the sound development of the socialist market economy.

Article 2 Contractual disputes and other disputes arising from property rights and interests between citizens, legal persons and other organizations of equal status in **law** may be submitted for **arbitration**.

Article 3 The following disputes shall not be submitted for **arbitration**:
1. disputes over marriage, adoption, guardianship, child maintenance and inheritance; and
2. administrative disputes falling within the jurisdiction of the relevant administrative organs according to **law**.

Article 4 The parties settling disputes by means of **arbitration** shall reach an **arbitration** agreement on a mutually voluntary basis. An **arbitration** commission shall not accept an application for **arbitration** submitted by one of the parties in the absence of an **arbitration** agreement.

Article [*3]  5 A **people's** court shall not accept an action initiated by one of the parties if the parties have concluded an **arbitration** agreement, unless the **arbitration** agreement is invalid.

Article 6 An **arbitration** commission shall be selected by the parties by agreement.
The level jurisdiction system and the territorial jurisdiction system shall not apply to **arbitration**.

Article 7 Disputes shall be fairly and reasonably settled by **arbitration** on the basis of facts and in accordance with the relevant provisions of **law**.

Article 8 **Arbitration** shall be conducted in accordance with the **law**, independent of any intervention by administrative organs, social organizations or individuals.

Article 9 The system of final and binding arbitral award shall apply to **arbitration**. After an arbitral award is rendered, where the parties apply for **arbitration** or initiate an action to the **people's** court in respect of the same dispute, an **arbitration** commission or a **people's** court accept the action.
If the **arbitration** award is canceled or is not enforced as rendered by a **people's** court in accordance with the **law**, the parties may, in accordance with a new **arbitration** agreement between them in

respect  [*4]  of the dispute, apply for **arbitration** or initiate legal proceedings with the **people's** court.

Chapter II **Arbitration** Commission and **Arbitration** Association

Article 10 **Arbitration** commissions may be established in municipalities directly under the Central Government, and cities where the **people's** governments of provinces and autonomous regions are located or in other cities divided into districts according to needs. **Arbitration** commissions shall not be established at each level of the administrative divisions.
The **people's** governments of the municipalities and cities specified in the above paragraph shall organize the relevant departments and the Chamber of Commerce for the formation of an **arbitration** commission.
The establishment of an **arbitration** commission shall be registered with the judicial administrative department of the relevant provinces, autonomous regions or municipalities directly under the Central Government.

Article 11 An **arbitration** commission shall meet the following requirements:
1. it shall have its own name, domicile and Articles of association;
2. it shall possess the necessary property;
3. it shall have its own members; and
4. it shall have appointed [*5]  arbitrators.
The Articles of association of an **arbitration** commission shall be formulated in accordance with this **Law**.

Article 12 An **arbitration** commission shall comprise a chairman, two to four vice-chairmen and seven to eleven members.
The chairman, vice-chairmen and members of an **arbitration** commission must be persons specialized in **law**, economic and trade and persons who have practical work experience. The number of specialists in **law**, economic and trade shall not be less than two-thirds of the members of an **arbitration** commission.

Article 13 An **arbitration** commission shall appoint fair and honest person as its arbitrators.
Arbitrators shall meet one of the following requirements:
1. they have passed the national unified legal professional qualification exam and obtained the legal professional qualification, and have engaged in **arbitration** work for eight years;
2. they have worked as a lawyer for eight full years;
3. they have worked as judges for eight years;
4. they are engaged in legal research or legal teaching with a senior academic title; or
5. they have legal knowledge and are engaged in professional work relating to economics and trade with a senior academic [*6]  title or at the equivalent professional level.
The **arbitration** commission shall prepare a register of arbitrators according to different specialties.

Article 14 **Arbitration** commissions shall be independent of administrative organs and there are no subordinate relations with any administrative organs. There should not be any relations between different **arbitration** commissions.

Article 15 The **China Arbitration** Association is a social organization with the status of a legal person. **Arbitration** commissions are members of the **China Arbitration** Association. The Articles of association of the **China Arbitration** Association shall be formulated by the national general meeting of the members.

The **China Arbitration** Association is an organization in charge of self-regulation of **arbitration** commissions. It shall conduct supervision over the breach of discipline of the **arbitration** commissions and their members and arbitrators in accordance with its Articles of association.

The **China Arbitration** Association shall formulate **Arbitration** Rules in accordance with this **Law** and the Civil Procedure **Law**.

Chapter III **Arbitration** Agreement

Article 16 An **arbitration** agreement shall include the [*7]  **arbitration** clauses stipulated in a contract and any other written agreement for **arbitration** concluded before or after a dispute occurs.

The following contents shall be included in an **arbitration** agreement:

1. the expression of the parties' wish to submit for **arbitration**;
2. the matters to be arbitrated; and
3. the **Arbitration** Commission selected by the parties.

Article 17 An **arbitration** agreement shall be invalid under any of the following circumstances:

1. matters agreed upon for **arbitration** are beyond the scope of **arbitration** prescribed by **law**;
2. an **arbitration** agreement concluded by persons without or with limited capacity for civil acts; and
3. one party forces the other party to sign an **arbitration** agreement by means of duress.

Article 18 If the **arbitration** matters or the **arbitration** commission are not agreed upon by the parties in the **arbitration** agreement, or if the relevant provisions are not clear, the parties may supplement the agreement. If the parties fail to agree upon the supplementary agreement, the **arbitration** agreement shall be invalid.

Article 19 An **arbitration** agreement shall exist independently. Any changes to, rescission, termination or invalidity [*8]  of the contract shall not affect the validity of the **arbitration** agreement.

An arbitral tribunal has the right to rule on the validity of a contract.

Article 20 If the parties object to the validity of the **arbitration** agreement, they may apply to the **arbitration** commission for a decision or to a **people's** court for a ruling. If one of the parties requests for a decision from the **arbitration** commission, but the other party applies to a **people's** court for a ruling, the **people's** court shall give the ruling.

If the parties object to the validity of the **arbitration** agreement, the objection shall be made before the start of the first hearing of the **arbitration** tribunal.

Chapter IV **Arbitration** Procedure

Section 1 Application and Acceptance

Article 21 Parties applying for **arbitration** shall meet the following conditions:
1. There is an **arbitration** agreement;
2. There is a specific **arbitration** request and facts and grounds; and
3. The claim is under the jurisdiction of the **arbitration** commission.

Article 22 A party applying for **arbitration** shall submit to an **arbitration** commission the **arbitration** agreement, an application for **arbitration** and copies thereof.

Article 23 [*9]  The following particulars shall be specified in an application for **arbitration**:
1. the name, sex, age, occupation, work unit and address of the party, the name, domicile and legal representative of the legal person or other organization and the name and position of its person-in-charge;
2. the **arbitration** request and facts and grounds on which the claim is based; and
3. evidence and the source thereof, the name and address of the witness(es).

Article 24 The **arbitration** commission shall, within 5 days from the date of the receipt of an application for **arbitration**, notify the parties that it considers the conditions for acceptance have been fulfilled, and that the application is accepted by it. If the **arbitration** commission considers that the conditions have not been fulfilled, it shall notify the parties of acceptance in writing and state its reasons.

Article 25 Upon acceptance of an application for **arbitration**, the **arbitration** commission shall, within the time limit specified by the **Arbitration** Rules, serve a copy of the **Arbitration** Rules and the list of arbitrators on the claimant, and serve a copy of the **arbitration** application, the **Arbitration** Rules and the list of arbitrators [*10]  on the respondent.
Upon receipt of a copy of the **arbitration** application, the respondent shall, within the time limit prescribed by the **Arbitration** Rules, submit its defense to the **arbitration** commission. Upon receipt of the defense, the **arbitration** commission shall, within the time limit prescribed by the **Arbitration** Rules, serve a copy of the reply on the claimant. The failure of the respondent to submit a defense shall not affect the proceeding of the **arbitration** procedures.

Article 26 Where the parties have reached an **arbitration** agreement, but one of the parties initiates an action in a **people's** court without stating the existence of the **arbitration** agreement, the **people's** court shall reject the action if the other party submits to the court the **arbitration** agreement before the first hearing of the case unless the **arbitration** agreement is invalid., If the other party fails to object to the hearing by the **people's** court before the first hearing, the **arbitration** agreement shall be considered to have been waived by the party and the **people's** court shall proceed with the hearing.

Article 27 A claimant may abandon or alter his **arbitration** claim. The respondent may accept the [*11]  **arbitration** claim or object to it and has the right to lodge a counterclaim.

Article 28 A party may apply for property preservation if, as the result of an act of the other party or for some other reasons, it appears that an award may be impossible or difficult to enforce.
If one of the parties applies for property preservation, the **arbitration** commission shall submit to

a **people's** court the application of the party in accordance with the relevant provisions of the Civil Procedure **Law**.

If a property preservation order is unfounded, the applicant shall compensate the party against whom the order was made for any losses sustained as a result of the implementation of the property preservation order.

Article 29 The parties and their legal representatives may appoint lawyers or engage agents to handle matters relating to the **arbitration**. In the event that a lawyer or an agent is appointed to handle the **arbitration** matters, a letter of authorization shall be submitted to the **arbitration** commission.

Section 2 Composition of the Arbitral Tribunal

Article 30 An arbitral tribunal may comprise three arbitrators or one arbitrator. If an **arbitration** tribunal comprises three arbitrators,  [*12]  a presiding arbitrator shall be appointed.

Article 31 If the parties agree to form an arbitral tribunal comprising three arbitrators, each party shall select or authorize the chairman of the **arbitration** commission to appoint one arbitrator. The third arbitrator shall be selected jointly by the parties or be nominated by the chairman of the **arbitration** commission in accordance with a joint mandate given by the parties. The third arbitrator shall be the presiding arbitrator.

If the parties agree to have one arbitrator to form an **arbitration** tribunal, the arbitrator shall be selected jointly by the parties or be nominated by the chairman of the **arbitration** commission in accordance with a joint mandate given by the parties.

Article 32 If the parties fail, within the time limit prescribed by the **Arbitration** Rules, to select the form of the **arbitration** tribunal or fail to select arbitrators, the arbitrators shall be appointed by the chairman of the **arbitration** commission.

Article 33 After the arbitral tribunal is constituted, the **arbitration** commission shall notify the parties in writing of the composition of the arbitral tribunal.

Article 34 In any of the following circumstances,  [*13]  an arbitrator must withdraw from the **arbitration**, and the parties shall have the right to apply for his withdrawal if he:
1. is a party or a close relative of a party or of a party's representative;
2. is related in the case;
3. has some other relationship with a party to the case or with a party's agent which might affect the impartiality of the **arbitration**;
4. meets a party or his agent in private, accepts an invitation for dinner by a party or his representative or accepts gifts presented by any of them.

Article 35 A party applying for the withdrawal of an arbitrator shall state his reasons and submit the application prior to the first hearing. An application for withdrawal may also be submitted before the conclusion of the last hearing if reasons for the withdrawal only became known after the commencement of the first hearing.

Article 36 Whether an arbitrator is to be withdrawn or not shall be determined by the chairman of the **arbitration** commission. If the chairman is serving as an arbitrator, the withdrawal shall be determined collectively by the **arbitration** commission.

Article 37 If an arbitrator is unable to perform his duties due to withdrawal or any other reason, [*14] another arbitrator shall be selected or appointed in accordance with the provisions of this **Law**.
After the selection or appointment of a new arbitrator due to the withdrawal of an arbitrator, the parties may apply for the resumption of the **arbitration** procedure. The arbitral tribunal shall determine whether the resumption of the procedure may be allowed. The arbitral tribunal may determine on its own whether the **arbitration** procedure shall be resumed.

Article 38 An arbitrator who is involved in one of the circumstances prescribed in Item 4, Article 34 and whose violations are serious, or an arbitrator who is involved in those prescribed in Item 6, Article 58 shall bear legal liabilities in accordance with the **law** and the **arbitration** commission shall remove his name from the list of arbitrators.

Section 3 Hearing and Arbitral Awards

Article 39 An arbitral tribunal shall hold a tribunal session to hear an **arbitration** case. If the parties agree not to hold a hearing, the **arbitration** tribunal may render an award in accordance with the **arbitration** application, the defense statement and other documents.

Article 40 An **arbitration** shall not be conducted in public. If the parties [*15] agree to a public hearing, the **arbitration** may proceed in public, except those concerning state secrets.

Article 41 The **arbitration** commission shall notify the two parties within the time limit provided by the **Arbitration** Rules of the date of the hearing. Either party may request to postpone the hearing within the time limit provided by the **Arbitration** Rules if there is a genuine reason. The arbitral tribunal shall decide whether to postpone the hearing.

Article 42 If an applicant for **arbitration** who has been given a notice in writing fails to appear before the tribunal without good reasons, or leaves the tribunal room during a hearing without the permission of the arbitral tribunal, the applicant shall be deemed as having withdrawn his application.
If the respondent was served with a notice in writing but does not appear before the tribunal without due reasons or leaves the tribunal room during a hearing without the permission of the arbitral tribunal, an award by default may be given.

Article 43 The parties shall produce evidence in support of their claims.
An **arbitration** tribunal may collect on its own evidence it considers necessary.

Article 44 For specialized matters, [*16] an arbitral tribunal may submit them to an appraisal organ

agreed upon by the parties or to the appraisal organ appointed by the **arbitration** tribunal if it deems such appraisal to be necessary.

According to the claim of the parties or the request of the arbitral tribunal, the appraisal organ shall appoint an appraiser to participate in the hearing. Upon the permission of the arbitral tribunal, the parties may question the appraiser.

Article 45 Any evidence shall be produced at the start of the hearing. The parties may challenge the validity of such evidence.

Article 46 In the event that the evidence might be destroyed or that it would be difficult to obtain the evidence later on, the parties may apply for the evidence to be preserved. If the parties apply for such preservation, the **arbitration** commission shall submit the application to the basic **people's** court in the place where the evidence is located.

Article 47 The parties have the right to argue during **arbitration** procedures. At the end of the debate, the presiding arbitrator or the sole arbitrator shall ask for the final opinion of the parties.

Article 48 An **arbitration** tribunal shall make a written record of the [*17]  hearing. If the parties or other participants to the **arbitration** consider that the record has omitted a part of their statement or is incorrect in some other respect, they shall have the right to request correction thereof. If no correction is made, the request for correction shall be noted in the written record.

The arbitrators, recorder, parties and other participants to an **arbitration** shall sign or affix their seals to the record.

Article 49 After the submission of an application for **arbitration**, the parties may settle the dispute among themselves through conciliation. If a conciliation agreement has been reached, the parties may apply to the **arbitration** tribunal for an award based on the conciliation agreement. They may also withdraw the application for **arbitration**.

Article 50 If the parties fall back on their words after the conclusion of a conciliation agreement and the withdrawal of the **arbitration** application, application may be made for **arbitration** in accordance with the **arbitration** agreement.

Article 51 Before giving an award, an arbitral tribunal may first attempt to conciliate. If the parties apply for conciliation voluntarily, the arbitral tribunal shall conciliate.  [*18]  If conciliation is unsuccessful, an award shall be made promptly.

When a settlement agreement is reached by conciliation, the arbitral tribunal shall prepare the conciliation statement or the award on the basis of the results of the settlement agreement. A conciliation statement shall have the same legal force as that of an award.

Article 52 A conciliation statement shall set forth the **arbitration** claims and the results of the agreement between the parties. The conciliation statement shall be signed by the arbitrators, sealed by the **arbitration** commission, and served on both parties.

A conciliation statement shall have legal effect once signed and accepted by the parties.

If the parties fall back on their words before the conciliation statement is singed and accepted by them, an award shall be made by the arbitral tribunal promptly.

Article 53 An award shall be based on the opinion of the majority of arbitrators. The opinion of the minority arbitrators shall be recorded in writing. If an opinion of the minority arbitrators shall be recorded in writing. If the tribunal fails to form a majority opinion, the award shall be given in accordance with the opinion of the presiding [*19]  arbitrator.

Article 54 The **arbitration** claims, the matters in dispute, the grounds upon which an award is given, the results of the judgment, the responsibility for the **arbitration** fees and the date of the award shall be set forth in the award. If the parties agree not to include in the award the matters in dispute and the grounds on which the award is based, such matters may not be stated in the award. The award shall be signed by the arbitrators and sealed by the **arbitration** commission. The arbitrator who disagrees with the award may select to sign or not to sign it.

Article 55 During the course of **arbitration** by an **arbitration** tribunal, where a part of facts has been made clear, a partial award may first be given in relation to that part.

Article 56 The parties may, within 30 days of the receipt of the award, request the **arbitration** tribunal to correct any typographical errors, calculation errors or matters which had been awarded but omitted in the award.

Article 57 An award shall be legally effective on the date it is given.

Chapter V Application for Cancellation of an Award

Article 58 The parties may apply to the intermediate **people's** court at the place
where [*20]  the **arbitration** commission is located for cancellation of an award if they provide evidence proving that the award involves one of the following circumstances:
1. there is no **arbitration** agreement between the parties;
2. the matters of the award are beyond the extent of the **arbitration** agreement or not under the jurisdiction of the **arbitration** commission;
3. the composition of the arbitral tribunal or the **arbitration** procedure is in contrary to the legal procedure;
4. the evidence on which the award is based is falsified;
5. the other party has concealed evidence which is sufficient to affect the impartiality of the award; or
6. the arbitrator(s) has (have) demanded or accepted bribes, committed graft or perverted the **law** in making the arbitral award.
The peoples' court shall rule to cancel the award if the existence of one of the circumstances prescribed in the preceding clause is confirmed by its collegiate bench.
The **people's** court shall rule to cancel the award if it holds that the award is contrary to the social and public interests.
(Relevant articles: Legislation 1)

Article 59 If a party applies for cancellation of an award, an application shall be submitted within [*21]  6 months after receipt of the award.

Article 60 The **people's** court shall, within 2 months after the receipt of the application for cancellation of an award, render its decision for cancellation of the award or for rejection of the application.

Article 61 If the **people's** court holds that the case may be re-arbitrated by the arbitral tribunal after the receipt of the application for cancellation of an award, the court shall inform the arbitral tribunal of re-arbitrating the case within a certain period of time and rule to suspend the cancellation procedure. If the **arbitration** tribunal refuses to re-arbitrate, the **people's** court shall rule to resume the cancellation procedure.

Chapter VI Enforcement

Article 62 The parties shall execute an **arbitration** award. If one party fails to execute the award, the other party may apply to a **people's** court for enforcement in accordance with the relevant provisions of the Civil Procedure **Law**, and the court shall enforce the award.
(Relevant articles: Articles 1)

Article 63 A **people's** court shall, after examination and verification by its collegiate bench, rule not to enforce an award if the respondent in enforcement procedure provides [*22]  evidence proving that the award involves one of the circumstances prescribed in Paragraph 2, Article 217 of the Civil Procedure **Law**.

Article 64 If one party applies for enforcement of an award while the other party applies for cancellation of the award, the **people's** court receiving such application shall rule to suspend enforcement of the award.
If a **people's** court rules to cancel an award, it shall rule to terminate enforcement. If the **people's** court overrules the application for cancellation of an award, it shall rule to resume enforcement.

Chapter VII Special Provisions on Foreign-Related **Arbitration**

Article 65 The provisions of this Chapter shall apply to all **arbitration** of disputes arising from foreign economic, trade, transportation or maritime matters. In the absence of provisions in this Chapter, other relevant provisions of this **Law** shall apply.

Article 66 A foreign-related **arbitration** commission may be organized and established by the **China** International Chamber of Commerce.
A foreign **arbitration** commission shall comprise one chairman, several vice-chairmen and several committee members.
The chairman, vice-chairmen and committee members may be appointed by [*23]  the **China** International Chamber of Commerce.

Article 67 A foreign **arbitration** commission may appoint foreigners with professional knowledge in **law**,

economy and trade, science and technology and other fields as arbitrators.

Article 68 In the event that the parties to a foreign-related **arbitration** apply for evidence preservation, the foreign **arbitration** commission shall submit their applications to the intermediate **people's** court in the place where the evidence is located.

Article 69 The **arbitration** tribunal of a foreign **arbitration** commission may record the details of the hearing in writing or record the essentials of the hearing in writing. The written record of the essentials shall be signed or sealed by the parties and other participants in the **arbitration**.

Article 70 A **people's** court shall, after examination and verification by its collegiate bench, rule to cancel an award if a party to the case provides evidence proving that the **arbitration** award involves one of the circumstances prescribed in Paragraph 1, Article 260 of the Civil Procedure **Law**.

Article 71 A **people's** court shall, after examination and verification by its collegiate bench, rule not to enforce an  [*24]  award-if the respondent provides evidence proving that the arbitral award involves one of the circumstances prescribed in Paragraph 1, Article 260 of the Civil Procedure **Law**.
(Relevant articles: Articles 1)

Article 72 Where the party subject to enforcement or its property is not within the territory of the **People's Republic of China**, a party applying for the enforcement of a legally effective **arbitration** award shall apply directly to the foreign court having jurisdiction for recognition and enforcement of the award.

Article 73 Foreign-related **arbitration** rules may be formulated by the **China** International Chamber of Commerce in accordance with this **Law** and the relevant provisions of the Civil Procedure **Law**.

Chapter VIII Supplementary Provisions

Article 74 If the **law** has stipulated a time limit for **arbitration**, such provisions of the **law** shall apply. If the **law** has not stipulated a time limit for **arbitration**, the provisions on the limitation of actions shall apply.

Article 75 The **arbitration** Commission may formulate provisional **arbitration** rules in accordance with this **Law** and the relevant provisions of the Civil Procedure **Law** before the formulation of the **arbitration**  [*25]  rules by the **China Arbitration** Association.

Article 76 The parties shall pay **arbitration** fees in accordance with the relevant provisions. The methods for the collection of **arbitration** fees shall be submitted to the commodity prices administration for approval.

Article 77 **Arbitration** of labor disputes and disputes over contracts for undertaking agricultural projects within agricultural collective economic organizations shall be separately stipulated.

Article 78 In the event of conflict between the provisions on **arbitration** formulated before the coming into effect of this **Law** and the provisions of this **Law**, the provisions of this **Law** shall prevail.

Article 79 **Arbitration** organs established before the coming into effect of this **Law** in the municipalities directly under the Central Government, in the municipalities where the **people's** governments of the provinces or autonomous regions and in other cities divided into districts must be re-organized in accordance with the relevant provisions of this **Law**. The **arbitration** organs which are not re-organized shall be terminated at the expiration of one year after the date of implementation of this **Law**.
All other **arbitration** organs [*26]  established before the implementation of this **Law** and not conforming to the provisions of this **Law** shall be terminated on the date of implementation of this **Law**.

Article 80 This **Law** shall come into effect as of September 1, 1995.

**Load Date:** May 11, 2018

LexisNexis **China Law** Database
©2018 LexisNexis **China**, a division of Reed Elsevier Information Technology (Beijing) Co., Ltd. All Rights Reserved

2017 China Law LEXIS 1299

**Reporter**

2017 China Law LEXIS 771 *

**Title:** Civil Procedure **Law** of the **People's Republic of China** (**Revised in 2017**)

**Document Number:** 3161395

**Article Number:** Order of the President of the **People's Republic of China** No.71

**Topic:** Civil Procedure **Law**

**Effective:** Effective

**Promulgator:** Standing Committee of the National **People's** Congress

**Promulgation Date:** 06-27-2017

**Effective Date:** 07-01-2017

**Effect Area:** [*1] NATIONAL

**Source: China** Online

**Update:** new

Civil Procedure **Law** of the **People's Republic of China** (**Revised in 2017**)

Order of the President of the **People's Republic of China** No.71

June 27, 2017

(Adopted at the fourth Session of the seventh National **People's** Congress on April 9, 1991 and amended for the first time in accordance with the Decision on Amending the Civil Procedure **Law** of the **People's Republic of China** at the 30th session of the Standing Committee of the tenth National **People's** Congress on October 28, 2007 and amended for the second time in accordance with the Decision on Amending the Civil Procedure **Law** of the **People's Republic of China** at the 28th session of the Standing Committee of the 11th National **People's** Congress on August 31, 2012, and amended for the third time in accordance with the Decision on **Revising** the Civil Procedure **Law** of the **People's Republic of China** and the Administrative Procedure **Law** of the **People's Republic of China** at the 28th session of the Standing Committee of the 12th National **People's** Congress on June 27, 2017.)

Table of Contents
Part One General Provisions

Chapter I Purpose, Scope of Application and Basic Principles

Chapter II Jurisdiction

Section 1 Court-Level [*2]  Jurisdictions

Section 2 Territorial Jurisdictions

Section 3 Referral and Designation of Jurisdictions

Chapter III Judicial Organizations

Chapter IV Withdrawal

Chapter V Participants in Legal Actions

Section 1 Parties

Section 2 Agents Ad Litem

Chapter VI Evidence

Chapter VII Time Periods and Service

Section 1 Time Periods

Section 2 Service

Chapter VIII Mediation

Chapter IX Preservation and Preliminary Execution

Chapter X Compulsory Measures against Obstruction of Civil Actions

Chapter XI Litigation Costs

Part Two Trial Procedure

Chapter XII Ordinary Procedure at First Instance

Section 1 Institution and Acceptance of Actions

Section 2 Pretrial Preparations

Section 3 Trial in Court

Section 4 Suspension and Termination of Actions

Section 5 Judgments and Rulings

Chapter XIII Summary Procedure

Chapter XIV Procedure at Second Instance

Chapter XV Special Procedure

Section 1 General Provisions

Section 2 Cases Concerning Voter Qualifications

Section 3 Cases Concerning the Declaration of a Missing or Dead Person

Section 4 Cases Concerning the Determination of a Citizen as Having No Capacity for Civil Acts or as Having Limited Capacity for Civil Acts

Section 5 Cases Concerning the Determination [*3]  of Property as Ownerless

Section 6 Confirmation of Mediation Agreement

Section 7 Enforcement of Real Rights for Security

Chapter XVI Procedure for Trial Supervision

Chapter XVII Procedure for the Recovery of Debts

Chapter XVIII Procedure for Public Invitation to Assert Claims

Part Three Execution Procedures

Chapter XIX General Provisions

Chapter XX Application for and Referral of Execution

Chapter XXI Execution Measures

Chapter XXII Suspension and Termination of Execution

Part Four Special Provisions on Civil Actions Involving Foreign Parties
Chapter XXIII General Provisions
Chapter XXIV Jurisdiction
Chapter XXV Service and Time Periods
Chapter XXVI **Arbitration**
Chapter XXVII Judicial Assistance

Part One General Provisions

Chapter I Purpose, Scope of Application and Basic Principles

Article 1 The Civil Procedure **Law** of the **People's Republic of China** is formulated on the basis of the Constitution and in light of the experience and actual circumstances of the trial of civil cases in **China**.

Article 2 The purpose of the Civil Procedure **Law** of the **People's Republic of China** (hereinafter referred to as the "the **Law**") is to protect the parties' exercise of their procedural rights,  [*4]  to ensure that the **people's** courts ascertain facts clearly, distinguish right from wrong, apply the **law** correctly, try civil cases promptly, affirm civil rights and obligations, impose sanctions for civil offences, protect the lawful rights and interests of the parties, educate citizens to observe the **law** conscientiously, maintain the social and economic order and safeguard the smooth progress of socialist construction and development.

Article 3 In dealing with the civil actions arising from disputes on property and personal relations between citizens, legal persons or other organizations and among citizens, legal persons and other organizations, the **people's** courts shall apply the provisions of the **Law**.

Article 4 All those who are engaged in civil actions within the territory of the **People's Republic of China** shall abide by the **Law**.

Article 5 Aliens, stateless persons and foreign enterprises and organizations that institute or respond to proceedings in a **people's** court shall have the same procedural rights and obligations as citizens, legal persons and other organizations of the **People's Republic of China**.
If the courts of a foreign country impose restrictions on the civil  [*5]  procedural rights of citizens, legal persons and other organizations of the **People's Republic of China**, the **people's** courts of the **People's Republic of China** shall implement the principle of reciprocity in respect of the civil procedural rights of citizens, enterprises and organizations of that foreign country.

Article 6 Jurisdiction over civil cases shall be exercised by the **people's** courts.
The **people's** courts shall try civil cases independently in accordance with the **law**, and shall be subject to no interference by any administrative authority, social organization or individual.

Article 7 In trying civil cases, the **people's** courts shall take the facts as the basis and the **law** as the standard.

Article 8 The parties to a civil action shall have equal procedural rights. In trying civil cases, the **people's** courts shall safeguard and facilitate the parties' exercise of their procedural rights, and shall treat the parties equally in the application of **law**.

Article 9 In trying civil cases, the **people's** courts shall carry out mediation on a voluntary and lawful basis, failing which, a judgment shall be rendered forthwith.

Article 10 In trying civil cases, the **people's** courts shall,  [*6]  in accordance with the **law**, implement the systems of panel hearing, withdrawal, public trial and two-tier trial.

Article 11 Citizens of all ethnic groups shall have the right to use their native spoken and written languages in civil proceedings.
In areas inhabited predominantly by a minority ethnic group or by several minority ethnic groups, the **people's** courts shall conduct hearings and issue legal documents in the spoken and written languages commonly used by the local ethnic groups.
The **people's** courts shall provide interpretation and translation for participants in an action who are not familiar with the spoken or written languages commonly used by the local ethnic groups.

Article 12 In the trial of civil cases by **people's** courts, the parties shall have the right to argue for themselves.

Article 13 Civil proceedings shall follow the principle of good faith.
The parties shall have the right, within the scope stipulated by the **law**, to deal with their own civil and procedural rights.

Article 14 The **people's** procuratorates have the right to exercise legal supervision over civil proceedings.

Article 15 If the rights and interests of the State, a collective body or an individual [*7]  are infringed, the government authorities, enterprises and public institutions may support the injured unit or individual in instituting proceedings in the **people's** courts.

Article 16 The **people's** congresses of the autonomous regions of the ethnic groups may formulate flexible or supplementary provisions in accordance with the principles of the Constitution and the **Law**, and taking into account the specific circumstances of local ethnic groups. Such provisions made by an autonomous region shall be submitted to the Standing Committee of the National **People's** Congress for approval. Provisions made by autonomous prefectures and autonomous counties shall be submitted to the standing committee of the **people's** congress of the respective provinces or autonomous regions for approval, and to the Standing Committee of the National **People's** Congress for filing.

Chapter II Jurisdiction

Section 1 Court-Level Jurisdictions

Article 17 Unless otherwise stipulated in the **Law**, basic **people's** courts shall have jurisdiction as courts

of first instance over all civil cases.

Article 18 Intermediate **people's** courts shall have jurisdiction as courts of first instance over the following types of  [*8]  civil cases:
1. major cases involving foreign parties;
2. cases with significant impact in the areas over which the courts exercise jurisdiction; and
3. cases determined by the Supreme **People's** Court to come under the jurisdiction of the intermediate **people's** courts.

Article 19 Higher **people's** courts shall have jurisdiction as courts of first instance over civil cases with significant impact in the areas over which they exercise jurisdiction.

Article 20 The Supreme **People's** Court shall have jurisdiction as the court of first instance over the following types of civil cases:
1. cases with significant impact on the whole country; and
2. cases that the Supreme **People's** Court deems it should try itself.

Section 2 Territorial Jurisdictions

Article 21 A civil action instituted against a citizen shall come under the jurisdiction of the **people's** court in the place where the defendant is domiciled; if the defendant's place of domicile is different from the place of his or her habitual residence, the **people's** court in the place of his or her habitual residence shall have jurisdiction.
A civil action instituted against a legal person or any other organization shall come under the jurisdiction [*9]  of the **people's** court in the place where the defendant is domiciled.
If the places of domicile or habitual residence of several defendants in the same lawsuit come under the jurisdiction of two or more **people's** courts, each of those **people's** courts shall have jurisdiction.

Article 22 The following civil actions shall come under the jurisdiction of the **people's** court of the place where the plaintiff is domiciled; if the plaintiff's place of domicile is different from the place of his or her habitual residence, the **people's** court in the place of his or her habitual residence shall have jurisdiction:
1. actions concerning personal relationships instituted against persons not residing within the territory of the **People's Republic of China**;
2. actions concerning personal relationships instituted against persons whose whereabouts are unknown or who have been declared missing;
3. actions instituted against persons who are undergoing compulsory correction; and
4. actions instituted against persons who are imprisoned.

Article 23 An action involving a contractual dispute shall come under the jurisdiction of the **people's** court of the place where the defendant is domiciled or where the contract [*10]  is performed.

Article 24 An action involving a dispute over an insurance contract shall come under the jurisdiction of the **people's** court of the place where the defendant is domiciled or where the insured object is located.

Article 25 An action involving a negotiable instrument shall come under the jurisdiction of the **people's** court of the place where payment on the instrument was made or where the defendant is domiciled.

Article 26 Proceedings initiated in connection with disputes over the incorporation of a company, confirmation of the eligibility of shareholder(s) of the company, profit distribution or dissolution of the company shall be under the jurisdiction of the **people's** court at the domicile of the company.

Article 27 An action involving a dispute over a contract for railway, road, water or air transportation or combined transportation shall come under the jurisdiction of the **people's** court of the place of departure or place of destination or of the place where the defendant is domiciled.

Article 28 An action involving a tort shall come under the jurisdiction of the **people's** court of the place where the tort was committed or where the defendant is domiciled.

Article [*11]  29 An action involving a claim for damages arising from a railway, road, water or aviation accident shall come under the jurisdiction of the **people's** court of the place where the accident took place, where the vehicle or vessel first arrived, where the aircraft first landed or where the defendant is domiciled.

Article 30 An action involving a claim for damages arising from a collision of vessels or other maritime accident shall come under the jurisdiction of the **people's** court of the place where the collision took place, where the vessel in collision first docked, where the vessel at fault was detained or where the defendant is domiciled.

Article 31 An action involving maritime salvage expenses shall come under the jurisdiction of the **people's** court of the salvage took place or of the place where the salvaged ship first docked.

Article 32 An action involving general average shall come under the jurisdiction of the **people's** court of the place where the ship first docked, where the general average was adjusted or where the voyage ended.

Article 33 The following cases shall come under the exclusive jurisdiction of the **people's** courts specified in this Article:
1. an action involving [*12]  a dispute over immovable property shall come under the jurisdiction of the **people's** court of the place where the immovable property is located;
2. an action involving a dispute arising from port operations shall come under the jurisdiction of the **people's** court of the place where the port is located; and
3. an action involving a dispute over an inheritance shall come under the jurisdiction of the **people's** court of the place of domicile at the time of death of the person whose property is inherited or where the major portion of the estate is located.

Article 34 The parties to a contractual dispute or any other property dispute may agree in writing to be

subject to the jurisdiction of the **people's** court at the place having connection with the dispute, such as where the defendant is domiciled, where the contract is performed, where the contract is signed, where the plaintiff is domiciled or where the subject matter is located, etc., provided that such agreement does not violate the provisions of the **Law** regarding court-level jurisdictions and exclusive jurisdictions.

Article 35 When two or more **people's** courts have jurisdiction over an action, the plaintiff may institute his or her [*13]  action in one of those **people's** courts; if the plaintiff institutes the action in two or more **people's** courts with jurisdiction over the action, the **people's** court that first puts the case on its trial docket shall have jurisdiction.

Section 3 Referral and Designation of Jurisdictions

Article 36 If a **people's** court discovers that a case it has accepted is not within its jurisdiction, it shall refer the case to the **people's** court with jurisdiction, which shall accept the case. If a **people's** court to which a case is referred considers that the case does not come under its jurisdiction in accordance with regulations, it shall report to the superior **people's** court for designation of jurisdiction and shall not further refer the case at its own discretion.

Article 37 If a **people's** court with jurisdiction over the case is unable to exercise jurisdiction due to special reasons, the superior **people's** court shall designate jurisdiction.
A dispute over jurisdiction between **people's** courts shall be resolved by the disputing courts through consultation. If the dispute cannot be resolved through consultation, it shall be submitted to the **people's** court that is the mutual superior **people's** [*14]  court of the disputing courts for the designation of jurisdiction.

Article 38 A superior **people's** court shall have the right to try first instance civil cases of an inferior **people's** court; where it is necessary for a **people's** court as the court of first instance to transfer a civil case to an inferior court, the **people's** court shall apply to its superior **people's** court for approval. If an inferior **people's** court deems it necessary for a civil case of first instance under its jurisdiction to be tried by a superior **people's** court, it may request such **people's** court to try the case.

Chapter III Judicial Organizations

Article 39 When trying a civil case of the first instance, a **people's** court shall form a collegiate bench consisting of both judges and jurors or of judges alone. A collegiate bench must have an odd number of members.
Civil cases to which the summary procedure is applied shall be tried by a single judge alone.
When performing their duties as jurors, the jurors shall have the same powers and obligations as the judges.

Article 40 When trying a civil case of the second instance, a **people's** court shall form a collegiate bench of judges. The collegiate bench must have [*15]  an odd number of members.
When trying a case remanded for retrial, the **people's** court that originally tried the case shall form a new collegiate bench in accordance with the procedure at first instance.

If a case to be retried was originally tried at first instance, a new collegiate bench shall be formed in accordance with the procedure at first instance; if the case was originally tried at second instance or was removed to a superior **people's** court for trial, a new collegiate bench shall be formed in accordance with the procedure at second instance.

Article 41 The court president or the presiding judge shall designate a judge to serve as the presiding judge of the collegiate bench; if the court president or the presiding judge participates in the trial and , he or she shall serve as the presiding judge.

Article 42 When deliberating a case, a collegiate bench shall observe the rule of majority. The deliberations shall be recorded in writing, and the transcript shall be signed by the members of the collegiate bench. Dissenting opinions in the deliberations must be faithfully recorded in the transcript.

Article 43 Judicial officers shall handle all cases impartially and in accordance [*16]  with the **law**. Judicial officers may not accept invitations to meals or gifts from the parties or their agents ad litem. Any member of the judicial officers who is involved in corruption, accepts bribes, engages in malpractice for personal benefits or makes a judgment that perverts the **law**, shall be investigated for legal liability; if a criminal offence is constituted, such person's criminal liability shall be pursued according to the **law**.

Chapter IV Withdrawal

Article 44 Any member of the judicial officers under any of the following circumstances shall withdraw from the case, and a party shall also have the right to request, orally or in writing, for the withdrawal of such a judicial officer from the case:
1. the judicial officer is a party or a close relative of a party or an agent ad litem to the case;
2. the judicial officer is an interested party in the case; or
3. the judicial officer has some other relationship with a party or agent ad litem to the case, which may affect the impartial trial of the case.
Where a member of the judicial officers accepts any gift or meal invitation from any party or agent ad litem to the case, or he or she meets with the party or agent in violation [*17]  of the relevant provisions, the parties shall have the right to request for the withdrawal of such judicial officer from the case.
Any member of the judicial officers that commits any of the violations stipulated in the preceding paragraph shall have his or her legal liabilities investigated for according to the **law**.
The above provisions shall also apply to clerks, interpreters, experts and inspectors.

Article 45 When requesting for the withdrawal of a member of the judicial officers, a party shall explain the reasons and shall raise the request at the beginning of the trial; if the reason for the request becomes known after the trial has commenced, the request may also be raised prior to the conclusion of the court arguments.
Pending a decision on withdrawal by the **people's** court, the member of the personnel requested to be withdrawn shall temporarily suspend his or her participation in the work for the case, unless the circumstances of the case require urgent measures.

Article 46 The withdrawal of a court president serving as presiding judge shall be decided on by the judicial committee. The withdrawal of judicial officers shall be decided on by the court president. The withdrawal [*18] of other persons shall be decided on by the presiding judge.

Article 47 The decision by a **people's** court on a request for withdrawal raised by a party shall be made orally or in writing within three days after the request was raised. If the applicant disagrees with the decision, he or she may apply for review once upon receipt of the decision. During the period of review, the person requested to be withdrawn shall not suspend his or her participation in the work for the case. The decision by a **people's** court on an application for review shall be made within three days and the applicant shall be notified of the decision.

Chapter V Participants in Legal Actions

Section 1 Parties

Article 48 Any citizen, legal person or other organization may be a party to a civil action.
Legal persons shall be represented in litigation by their legal representatives. Other organizations shall be represented in litigation by their officers in charge.

Article 49 Parties shall have the right to appoint agents, to request for the withdrawal of judicial officers, to collect and present evidence, to engage in arguments in court, to request for mediation, to file appeals and to apply for execution.
 [*19]  Parties may have access to the materials relating to the case, and make copies thereof and other legal documents relating to the case. The scope and method of accessing and copying materials relating to the case shall be determined by the Supreme **People's** Court.
Parties to a case must exercise their procedural rights in accordance with the **law**, observe litigation procedures, and perform the terms of written judgments, rulings or mediation statements that have become legally effective.

Article 50 Two parties to a case may reach a settlement on their own.

Article 51 A plaintiff may relinquish or modify his or her claims. A defendant may admit or rebut the claims and shall have the right to institute a counterclaim.

Article 52 If one party or both parties consist of two or more persons, the object of the action is the same or of the same category and the **people's** court considers that the case can be tried as a joint action, the case shall be tried as a joint action, subject to the consent of the parties.
If the persons constituting a party to a joint action have common rights and obligations with respect to the object of the action, and a procedural act by one member of the party [*20]  is recognized by the other members of the party, such act shall be binding on all the other members of the party. If the persons constituting a party to a joint action do not have common rights and obligations with respect to the object of action, a procedural act by one of those persons shall not be binding on the other members of the party.

Article 53 A joint action in which one party consists of numerous persons may be brought by a representative elected by such persons. The procedural acts of such representative shall be binding on all members of the party he or she represents. However, the representative's modification or relinquishment of claims, or recognition of the other party's claims or involvement in mediation shall be subject to the consents of the parties he or she represents.

Article 54 If the object of the action is of the same category and a party consists of numerous persons, and upon institution of the action the number of persons is not determined yet, the **people's** court may issue a public notice stating the particulars of the case and the claims and requesting that the claimants register with the **people's** court within a certain period of time.

Claimants who [*21] have registered with the **people's** court may elect a representative to engage in litigation; if no such representative can be elected, the **people's** court may discuss with the registered claimants in determining on such representative.

The procedural acts of a representative shall be binding on the party he or she represents. However, the representative's modification or withdrawal of claims, or recognition of the other party's claims or involvement in mediation shall require the consent of the party he or she represents.

Judgments or rulings rendered by a **people's** court shall be binding on all the claimants who have registered with the court. Such judgments or rulings shall apply to claimants who have not registered with the court but who institute actions during the limitation period.

Article 55 Legally designated institutions and relevant organizations may initiate proceedings at the **people's** court against acts jeopardizing public interest such as causing pollution to the environment or damaging the legitimate rights or interests of consumers at large.

In the event that a **people's** procuratorate finds any act that does harm to the protection of the ecological environment and resources, [*22] any practice in the food and drug safety field that infringes upon the legitimate rights and interests of consumers, or any other behavior that damages the social benefits of the masses, while performing its duties and functions, it may file an action to the **people's** court, provided that there is no such organ or institution specified in the preceding paragraph or the organ or institution specified in the preceding paragraph decides not to bring a lawsuit. Where the organ or institution specified in the preceding paragraph files a lawsuit, the **people's** procuratorate may give endorsement to such lawsuit.

Article 56 If a third party considers that it has an independent claim against the object of an action of two parties, the third party shall have the right to institute an action.

If a third party has no independent claim against the object of an action of two parties but the outcome of the case will affect his or her legal interests, he or she may apply to join in the action, or the **people's** court shall notify him or her requesting his or her participation. If the **people's** court judges that a third party shall bear civil liability, such third party shall have the same procedural [*23] rights and obligations as those of a party to the case.

Where a third party stipulated in the preceding two paragraphs fails to participate in the lawsuit due to cause(s) other than such third party, but nonetheless has evidence providing that a legally effective judgment, ruling or mediation statement is partially or wholly incorrect in its contents and hence damages the civil rights and interests of the third party, such third party may, within six months after becoming aware or is reasonably assumed to have become aware of such damage to his or her civil

rights and interests, institute legal proceedings at the **people's** court that issues the judgment, ruling or mediation statement. If the **people's** court finds that the claims are tenable, it shall alter or revoke such judgment, ruling or mediation statement; if the claims of the third party are untenable, the **people's** court shall reject the claims of the third party.

Section 2 Agents Ad Litem

Article 57 A person with no capacity to engage in litigation shall be represented in an action by his or her guardians, who shall act as his or her statutory agents. If the statutory agents shift onto one another the responsibility to act [*24] as agents, the **people's** court shall appoint one of them to represent the principal in the action.

Article 58 A party or statutory agent may appoint one or two persons to act as his or her agent ad litem(s).
The following persons may be entrusted as agents ad litem of a party to a lawsuit:
1. lawyers and basic legal service workers;
2. close relatives or employees of the party to the case;
3. citizens recommended by the community where the party resides, the employer of the party or any other social organization concerned.

Article 59 When a person appoints another person to represent him or her in an action, he or she shall submit to the **people's** court a power of attorney bearing his or her signature or seal.
A power of attorney must specify the subject matter and limits of authority granted. An agent ad litem shall possess special authorization from his or her principal to admit, waive or modify claims, to compromise, to file a counterclaim or to lodge an appeal on behalf of his or her principal.
A power of attorney sent from abroad or delivered under the care of others by a citizen of the **People's Republic of China** residing abroad must be certified by the embassy or a consulate [*25]  of the **People's Republic of China** in that country. If there is no embassy or consulate of the **People's Republic of China** in that country, the power of attorney shall be certified by an embassy or a consulate in that country of a third country that has diplomatic relations with the **People's Republic of China**, and then transferred for authentication to the embassy or a consulate of the **People's Republic of China** in that third country, or by a local patriotic overseas Chinese organization.

Article 60 If a party modifies or revokes the authority granted to its agent ad litem, it shall inform the **people's** court in writing and the **people's** court shall inform the other party.

Article 61 Lawyers and other agents ad litem who serve as persons ad litem to a case shall have the right to investigate and collect evidence, and may have access to the materials relating to the case. The scope and method of accessing materials relating to the case shall be determined by the Supreme **People's** Court.

Article 62 Where a party to a divorce case is represented by an agent ad litem, the party shall still appear in court, unless he or she is incapable of expressing himself or herself. A party who is [*26]  truly

unable to appear in court due to special reasons shall present his or her opinion in writing to the **people's** court.

Chapter VI Evidence

Article 63 Evidence shall comprise the following categories:
1. sstatements of the parties;
2. documentary evidence;
3. physical evidence;
4. audio-visual materials;
5. electronic data;
6. testimony of witnesses;
7. expert opinions; and
8. records of inspections and examinations.
Any of the above-mentioned evidence must be verified before it can be taken as a basis for ascertaining facts.

Article 64 A party shall be responsible for providing evidence in support of his or her allegations. Where a party and his or her agent ad litem are unable to collect evidence on their own for reasons beyond their control, or where the **people's** court deems that the evidence is necessary for the trial of the case, the **people's** court shall investigate and collect the evidence.
The **people's** court shall thoroughly and objectively investigate and verify evidence in accordance with legal procedures.

Article 65 A party shall provide evidence in a timely manner for his or her claims.
The **people's** court shall, based on the claims of the parties to the case and [*27]  the circumstances of the hearing of the case, determine the evidence that a party is required to provide and the corresponding time limit. Where it is difficult for a party to provide such evidence within the time limit prescribed, the party may apply to the **people's** court for an extension of time. The **people's** court may grant an appropriate extension of time based on the application of the party. Where a party fails to provide the required evidence within the prescribed time limit, the **people's** court shall order the party to provide reasons for such failure; where the party refuses to provide reasons, or the reason provided is not tenable, the **people's** court may, in accordance with the actual circumstances, either reject the evidence or accept the evidence but with a reprimand or fine imposed on the party.

Article 66 When a **people's** court receives the evidence provided by a party, it shall issue a receipt, stating the name, number of pages and copies, whether the evidence is an original or duplicate as well as the time and date of receipt, and shall be signed or sealed by the officer in charge.

Article 67 The **people's** court shall have the right to investigate and take evidence [*28]  from the relevant units or individuals, and such units or individuals shall not refuse to cooperate.
The **people's** court shall examine and determine the authenticity and validity of documentary evidence provided by relevant units and individuals.

Article 68 Evidence shall be presented in court and cross-examined by the parties. Evidence involving State secrets, trade secrets or private matters of individuals shall be kept confidential. If it needs to be presented in court, such evidence shall not be presented in a public court session.

Article 69 The **people's** court shall admit legal facts and documents that are notarized in accordance with applicable legal procedures as its basis for ascertaining facts, unless there is evidence to the contrary sufficient to invalidate the notarization.

Article 70 Documentary evidence shall be presented in its original form. When presenting physical evidence, the original object shall be presented. If it is truly difficult to present the original document or object, then reproductions, photographs, duplicates or extracts of the original may be presented. When documentary evidence in a foreign language is to be submitted, it must be accompanied [*29]  by a Chinese translation.

Article 71 The **people's** court shall verify the authenticity of audio-visual materials and determine, in the light of other evidence in the case, whether they can be taken as a basis for ascertaining facts.

Article 72 All units and individuals that have knowledge of the circumstances of a case shall be obliged to give testimony in court. The persons in charge of the relevant units shall support the witnesses in testifying.
An individual that is incapable of expressing oneself accurately shall not be allowed to give testimony.

Article 73 A witness shall testify in court upon notification by a **people's** court. A witness may testify by way of written testimony, via audio-visual transmission technology or by audio-visual testimony if he or she is:
1. unable to appear in court due to health reasons;
2. unable to appear in court due to geographical distance or inconvenient transport;
3. unable to appear in court due to force majeure such as natural disasters; and
4. unable to appear in court due to any other legitimate reasons.

Article 74 The necessary costs and expenses incurred by a witness in connection with the fulfillment of an obligation to give testimony [*30]  in court, including for transport, accommodation and meals, as well as loss of salary or wage, shall be borne by the losing party of the case. Where a party applies for testimony given by a witness, the abovementioned costs and expenses shall be advanced by the party; where the **people's** court notifies a witness to give testimony without the application by any party, the costs and expenses shall be advanced by the **people's** court.

Article 75 The **people's** court shall investigate and determine, in the light of other evidence of the case, whether the statements of a party can be taken as a basis for ascertaining facts.
Refusal by a party to make a statement shall not affect the ascertainment of the facts of the case by the **people's** court on the basis of the evidence of the case.

Article 76 A party may apply to a **people's** court for the examination of a specialized issue for the verification of a fact. When a party so applies, both parties shall determine a qualified expert through

negotiation; where such negotiation fails, the **people's** court shall designate an expert.

Where parties do not apply for examination but the **people's** court deems it necessary to examine a specialized issue,  [*31]  it shall appoint a qualified expert to conduct the examination.

Article 77 An expert has the right to consult the materials necessary for the examination and may question parties and witnesses where necessary.

The expert shall issue a written expert opinion duly signed or sealed by that expert.

Article 78 Where a party objects to the expert opinion or where the **people's** court deems it necessary, the expert shall testify in court. Where upon notification by the **people's** court, the expert refuses to testify in court, the written expert opinion of the expert shall not be adopted as a factual basis for the case, and the party that bears the costs and expenses in connection with the examination may require the reimbursement of the costs and expenses incurred for the expert opinion.

Article 79 A party may apply to a **people's** court to notify person(s) with specialized expertise to appear in court and provide opinions on an expert's opinions or specialized issues.

Article 80 When carrying out an inspection of physical evidence or a site, the inspector must show the identification document issued by the **people's** court and invite local basic-level organizations or the units of the parties [*32]  to send representatives to participate in the examination. Parties to the case or an adult member of parties' family shall be present. Such person's refusal to attend on the scene shall not affect the conduct of the examination.

Upon notification by the **people's** court, relevant units and individuals shall be obliged to protect the site and to assist the examination work.

An inspector shall prepare a written record of the circumstances and results of the examination, which shall be signed or sealed by the inspector, the parties to the case and the invited participants.

Article 81 Where it is likely that evidence may be destroyed, lost or become difficult to obtain later on, a party may apply to the **people's** court in the course of the lawsuit for the preservation of the evidence. The **people's** court may also take initiative to preserve such evidence.

In the case of an emergency event where it is likely that an evidence may be destroyed, lost or become difficult to obtain later on, an interested party may, prior to instituting a lawsuit or applying for **arbitration**, apply to the **people's** court of the place where the evidence is located or of the domicile of the party against which the [*33]  application is made, or the **people's** court with jurisdiction over the case, to preserve the evidence.

The provisions in Chapter IX of the **Law** concerning evidence preservation shall apply mutatis mutandis to other procedures concerning evidence preservation.

Chapter VII Time Periods and Service

Section 1 Time Periods

Article 82 Time periods include statutory time periods and time periods designated by the **people's** courts.

Time periods shall be calculated in hours, days, months and years. The hour and day from which a time period commences shall not be counted within such time period.

If the expiration date of a time period falls on a holiday, the day immediately following the holiday shall be the expiration date.

A time period shall not include transit time. Procedural documents mailed before the expiration of the time period shall not be deemed overdue.

Article 83 If a party exceeds a time limit due to an event of force majeure or for other legitimate reasons, the party may apply for an extension of the time period within ten days after the removal of the obstacles. The application for extension of time shall be subject to the approval by the **people's** court.

Section 2 Service
 [*34]
Article 84 Service of any procedural document must be evidenced by an acknowledgement of service. The person served shall clearly state the date of receipt on the acknowledgement of service, and affix his or her signature or seal to it.

The date of the signature for receipt as entered on the acknowledgement of service by the person served shall be the date of service.

Article 85 A procedural document shall be served directly on the person to be served. If the person to be served is a citizen, the document shall, in case of his or her absence, be delivered to an adult member of his or her family living with him or her, who shall sign for the same. If the person to be served is a legal person or other organizations, the document shall be signed for receipt by the legal representative of the legal person or by the officer in charge of the organization, or by the legal person's or organization's person in charge of receiving documents. If the person to be served has an agent ad litem, the document may be served on his or her agent ad litem who shall sign for the same. If the person to be served has notified the **people's** court of his or her designation of an agent to receive documents [*35]  on his or her behalf, the document may be served on the agent, who shall sign for the same.

The date of the signature for receipt as entered on the acknowledgement of service by an adult family member of the person to be served who is living with such person, by the legal person's or organization's person in charge of receiving documents, by the agent ad litem or the agent designated to receive documents shall be the date of service.

Article 86 If a party on which a procedural document is served or any of his or her adult family members living with such party refuses to accept the document, the person serving the document may invite representatives of the relevant basic-level organization or the unit of the party to be served to come to the scene, explain the situation to them, and record the date and reasons of the refusal on the acknowledgement of service. After the person serving the document and the witnesses affixed their signatures or seals on the acknowledgement of service, the document may be left at the domicile of the party and the service process shall be recorded by means such as photography or video-taping, after which the service shall be deemed served.

Article 87 [*36]  Subject to the consent of the person on which a procedural document is to be served, the document may be served by way of facsimile, electronic mail or any other means through which the receipt of the document may be acknowledged, with the exception of judgments, rulings and mediation statements.

Where a procedural document is served by any of the means listed in the preceding paragraph, the date the faxed or e-mailed document reached the designated system of the party shall be deemed the date of service.

Article 88 If direct service of a procedural service proves difficult, service of the document may be entrusted to another **people's** court or effected by post. If a document is served by post, the date as stated on the receipt shall be the date of service.

Article 89 If the person to be served is a military person, the document shall be forwarded to him or her by the political organ of or above his or her regiment.

Article 90 Where a person on whom a document is to be served is imprisoned, the document shall be sent to the prison authority in which the person is held for onward transmission to the recipient.

Where the person on whom a document is to be served is undergoing compulsory [*37]  correction, the document shall be sent to the compulsory correctional facility in which the person is situated for onward transmission to the person.

Article 91 A forwarding authority or unit must, immediately upon receiving a procedural document, deliver the document to the person to be served, who shall sign the same. The date of signature for receipt as entered on the acknowledgement of service shall be the date of service.

Article 92 If the whereabouts of the person to be served are unknown, or if a document cannot be served by any other method provided for in this Section, the document shall be served by public announcement. The document shall be deemed to have been served when 60 days have elapsed since the date of the public announcement.

Where service is effected by public announcement, the reason for doing so and the steps taken shall be recorded in the case file.

Chapter VIII Mediation

Article 93 In trying civil cases, a **people's** court shall distinguish right from wrong and conduct mediation in accordance with the principle of voluntary participation of the parties and on the basis of clear facts.

Article 94 Mediation conducted by a **people's** court may be presided [*38]  over by a single judge or by a collegiate bench. Mediation shall be conducted locally whenever possible.

When conducting mediation, a **people's** court may use a simplified method to notify the parties and witnesses to appear in court.

Article 95 When conducting mediation, a **people's** court may request for the assistance of relevant units and individuals. The units and individuals invited shall assist the **people's** court in the mediation.

Article 96 A mediation agreement shall be reached by the parties voluntarily, and shall not be coerced. The contents of a mediation agreement shall not violate the **law**.

Article 97 When a mediation agreement is reached, the **people's** court shall prepare a written mediation statement, stating the claims, the facts of the case and the result of the mediation.
The written mediation statement shall be signed by the judicial officers and the court clerk, be affixed with the seal of the **people's** court and shall be served on both parties.
A written mediation statement shall come into force immediately upon signatures by both parties.

Article 98 The **people's** court need not prepare a written mediation statement in the following types of cases when an agreement [*39]  is reached through mediation:
1. divorce cases in which the parties have become reconciled through mediation;
2. cases in which an adoptive relationship has been maintained through mediation;
3. cases in which the agreements can be performed immediately; and
4. other cases that do not require written mediation statements.
An agreement that does not require a written mediation statement shall be set down in the written record and shall come into force immediately upon signatures or seals by both parties, the judicial officers and the court clerk.

Article 99 If no agreement is reached through mediation or if one party repudiates the agreement prior to service of the mediation settlement, the **people's** court shall promptly make a judgment.

Chapter IX Preservation and Preliminary Execution

Article 100 In the event that the judgment on the case may become impossible to enforce or such judgment may cause damage to a party because of the conduct of the other party to the case or because of any other reason, the **people's** court may, upon the request of the said party, order the preservation of the property of the other party, specific performance or injunction; in the absence of such  [*40]  request, the **people's** court may, where it deems necessary, may also order property preservation measures.
When a **people's** court adopts any preservation measure, it may order the applicant to provide security; where the party refuses to provide such security, the court shall reject the application.
When a **people's** court receives an application for preservation in an emergency, it shall decide within 48 hours after the receipt of the application; if the court accepts the application, such measures shall come into force immediately.

Article 101 Where an interested party whose legitimate rights and interests, due to an emergency, would suffer irreparable damage if the party fails to petition for property preservation promptly, may, before instituting a lawsuit or applying for **arbitration**, apply to the **people's** court at the locality of the property, the domicile of the party on which the application is made, or the **people's** court with jurisdiction over the case, for the property preservation measures. The applicant shall provide security for such application; where the party fails to provide such security, the court shall reject the application.
When a **people's** court receives an application [*41]  for preservation, it shall decide within 48 hours

after the receipt of the application; if the court accepts the application, the preservation measures shall come into force immediately.

Where the applicant fails to institute lawsuit or apply for **arbitration** in accordance with the **law** within 30 days after the **people's** court adopts preservation measures, the **people's** court shall revoke the preservation order.

Article 102 Preservation shall be limited to the scope under the application or to the property related to the case in question.

Article 103 Property preservation may be in the form of seizure, detainment, freezing of property or by any other means prescribed by the **law**. When a **people's** court grants property preservation, it shall promptly notify the party whose property is subject to preservation.

Property that has already been seized or frozen may not be seized or frozen again.

Article 104 If the person against whom the application is made provides security in a case concerning property dispute, the **people's** court shall cease the preservation order.

Article 105 If an application is made wrongfully, the applicant shall compensate the person against whom the application [*42]  is made for any loss incurred as a result of the preservation of property.

Article 106 Upon the request of a party, a **people's** court may make a ruling for preliminary execution in the following cases:

1. those involving claims for overdue alimony, maintenance, child support, pensions for the disabled or the family of the deceased, or medical expenses;
2. those involving claims for remuneration for labour; and
3. those involving urgent circumstances that require preliminary execution.

Article 107 Cases in which a **people's** court makes a ruling for preliminary execution shall meet the following conditions

1. The relationship of rights and obligations between the parties is evident and, without preliminary execution, the life, production activities or business operations of the applicant would be seriously affected; and
2. The person against whom the application is made is capable of performing the ruling for preliminary execution.

The **people's** court may order the applicant to provide security. If the applicant fails to provide security, his application shall be rejected. The applicant losing the action shall compensate the person against whom the application is made for any loss [*43]  of property incurred from the preliminary execution.

Article 108 If a party is dissatisfied with a ruling for preservation of property or preliminary execution, he may apply once for review. Execution of the ruling shall not be suspended during the period of review.

Chapter X Compulsory Measures against Obstruction of Civil Actions

Article 109 If a defendant who shall appear in court has been served a summons twice but refuses to

appear in court without proper causes, the **people's** court may summon him by means of arrest.

Article 110 Participants in actions and other persons shall comply with court rules.

Persons who violate court rules may be reprimanded, ordered to leave the court, fined or detained by the **people's** court.

Persons who seriously disrupt court order by making noises or creating uproar in the courtroom, or by insulting, slandering, threatening, or battering judicial officers, shall be prosecuted by the **people's** court in accordance with the **law**. If the offence is minor one, such offender may be fined or detained.

Article 111 If a participant in an action or another person commits any of the following acts, the **people's** court may fine him or detain him according [*44] to the seriousness of the case; if the act constitutes a crime, the person shall be prosecuted in accordance with the **law**:

1. forging or destroying important evidence, thereby obstructing the trial of the case by the **people's** court;

2. using violence, threats or subornation to prevent a witness from giving testimony, or instigating, suborning, or coercing others to commit perjury;

3. concealing, removing, selling off or destroying property that has been sealed up or distrained, or that has been inventoried and placed in his custody by order, or moving assets that have been frozen;

4. insulting, slandering, falsely incriminating, battering or retaliating against judicial personnel, participants in the action, witnesses, interpreters, experts, inspectors, or personnel assisting in execution;

5. using violence, threats or other methods to obstruct judicial personnel from performing their duties; or

6. refusing to perform a legally effective judgment or ruling of the **people's** court.

Where a unit commits any of the acts listed in the preceding paragraph, the **people's** court may impose a fine or period of detention on the head of the unit or the person directly responsible for the act. [*45] If the act constitutes a criminal offence, such person shall be prosecuted according to **law**.

Article 112 Where more than two parties to a case maliciously collaborate among themselves for the purpose of infringing the legitimate rights and interests of any other party by making use of initiating lawsuits or mediation, the **people's** court shall reject the claims of such parties and order a fine or detention against such parties depending on the circumstances; where the violation on the part of the parties is suspected to constitute a crime, such parties shall be subject to criminal prosecution in accordance with the **law**.

Article 113 Where the party subject to enforcement maliciously collaborates with any other party to evade any of its legal obligations specified in the legal documents by way of lawsuit, **arbitration** or mediation, the **people's** court shall order a fine or detention against such parties depending on the circumstances; where the violation of the parties is suspected of constituting a crime, such parties shall be subject to criminal prosecution in accordance with the **law**.

Article 114 If any of the following units under an obligation to assist in investigation and execution [*46] commits any of the listed acts, the **people's** court may, in addition to ordering it to perform its assistance obligation, impose a fine:

1. relevant units that refuse to cooperate with or that obstruct the investigation or collection of evidence by the **people's** court;

2. where units concerned refuse to provide assistance in connection with the inquiry, seizure, freeze, transfer or appraisal of property after receiving the notice of the **people's** court requiring such assistance;

3. relevant units that, after receiving a notice from the **people's** court to assist in execution, refuse to assist in withholding the revenue of the person subject to execution, or in transferring the relevant title deeds, or in passing on the relevant negotiable instruments, certificates, or other property; or

4. other units that refuse to assist in execution.

A **people's** court may fine the principally responsible person or any other person directly responsible for an unit that commits any of the acts described in the preceding paragraph; the **people's** court may detain any person that refuses to carry out his duty to assist and submit a judicial proposal to the supervisory authorities or other relevant authorities [*47]  suggesting the imposition of disciplinary sanctions.

Article 115 A fine imposed against an individual shall be less than CNY100,000. A fine imposed against a unit shall be more than CNY50,000 and less than CNY1 million.

A period of detention shall not be longer than 15 days.

The **people's** court shall deliver detainees to the custody of the public security authority. If a detainee admits and corrects his wrongdoings during the period of detention, the **people's** court may decide to grant an early release.

Article 116 Summoning a person by means of arrest, the imposition of a fine and detention shall be subject to approval by the court presidents.

Summoning a person by means of arrest shall require the issue of an arrest warrant.

Written decisions shall be issued for the imposition of fines and detention. If an offender is dissatisfied with a decision, he may apply once to the immediate superior **people's** court for review. Execution of the decision shall not be suspended during the period of review.

Article 117 Decisions on the adoption of compulsory measures against obstruction of civil actions must be made by the **people's** court. Any unit or individual that seeks performance of an [*48]  obligation by illegal detention of a person or by illegal, private distrainment of another's property shall be prosecuted in accordance with the **law**, or shall be detained or fined.

Chapter XI Litigation Costs

Article 118 Parties engaged in civil litigation shall pay a case acceptance fee in accordance with regulations. In property cases, the parties shall also pay other litigation costs in addition to the case acceptance fee.

If a party truly has difficulty in paying litigation costs, it may, in accordance with regulations, apply to the **people's** court for deferment, reduction or exemption of payment.

The methods for charging costs shall be formulated separately.

Part Two Trial Procedure

Chapter XII Ordinary Procedure at First Instance

Section 1 Institution and Acceptance of Actions

Article 119 To institute an action, the following conditions must be satisfied:
1. the plaintiff must be a citizen, legal person or other organization with a direct interest in the case;
2. there must be a specific defendant;
3. there must be a specific claim and a specific factual basis and grounds; and
4. the action must fall within the range of civil actions accepted by the **people's** courts [*49]  and within the jurisdiction of the **people's** court with which it is filed.

Article 120 When instituting an action, a statement of claim shall be submitted to the **people's** court, copies of which shall be provided according to the number of defendants.
If a plaintiff truly has difficulty in writing a statement of claim, he may lodge the claim verbally.
The **people's** court shall transcribe such verbal complaint and notify the opposing party.

Article 121 A statement of claim shall specify the following:
1. the plaintiff's name, gender, age, ethnicity, occupation, employer, domicile and contact information; in the event that the plaintiff is a legal person or an organization of any other form, the name and domicile of the legal person or organization, the name, title and contact information of the legal representative or principally responsible person thereof shall be provided;
2. the defendant's name, gender, employer and domicile; in the event that the defendant is a legal person or an organization of any other form, its name and domicile shall be provided;
3. the claim and its supporting facts and grounds; and
4. evidence and the source thereof, and the names and domiciles of witnesses.
 [*50]
Article 122 Where mediation is appropriate in a civil lawsuit instituted by a party to a **people's** court, the parties should first go through mediation, provided that the parties to the dispute rejects mediation.

Article 123 The **people's** courts shall safeguard a party's right to institute an action in accordance with **law**. A **people's** court shall accept the action prescribed in Article 119 of the **Law**. If the **people's** court finds it satisfies the conditions for the institution of actions, the **people's** court shall place the action on its trial docket within seven days and notify the parties. If the **people's** court finds it does not satisfy the conditions for the institution of actions, the **people's** court shall rule within seven days not to accept the action. The plaintiff may appeal against such ruling if he is dissatisfied with the ruling.

Article 124 The **people's** courts shall handle the following actions according to the specific circumstances of the individual case:
1. where an action falls within the scope of cases that may be accepted as administrative actions under the **Law** of the **People's Republic of China** on Administrative Proceedings, the plaintiff shall be notified that he [*51]  should institute administrative action;
2. if the parties to a contract dispute have voluntarily and lawfully concluded a

written **arbitration** agreement stipulating that disputes must be taken to an **arbitration** institution and that an action may not be initiated in the **people's** court, the plaintiff shall be notified that he should apply for **arbitration** to the **arbitration** institution;

3. if the **law** provides that the dispute shall be handled by another authority, the plaintiff shall be notified that he should apply for settlement of the dispute to the relevant authority;

4. if the action does not come under the jurisdiction of the court with which it is filed, the plaintiff shall be notified that he should file the action with the **people's** court with jurisdiction;

5. if a party to a case in which the judgment or ruling has become legally effective files a new action for the same case, the plaintiff shall be notified that the case will be handled as a petition for a review, provided that the ruling in question is a ruling by the **people's** court permitting withdrawal of the action;

6. if the **law** provides that no actions may be filed within a specified period and the action is filed within [*52]  such period, it shall not be accepted; and

7. in divorce cases, where a judgment has been made denying divorce or where the parties have become reconciled after mediation, and in cases where a judgment has been made to maintain an adoptive relationship or an adoptive relationship is maintained upon mediation, a new action filed for the same case by the plaintiff within six months shall not be accepted without new developments or grounds.


Section 2 Pretrial Preparations


Article 125 The **people's** court shall deliver a copy of a statement of claim to the defendant within five days after the claim is filed; the defendant shall file a statement of defence within 15 days after receiving the copy of the statement of claim. The statement of defence shall contain the name, gender, age, ethnicity, occupation, employer, domicile and contact information of the defendant; in the event that the defendant is a legal person or an organization of any other form, the name and domicile of the legal person or organization, the name, title and contact information of the legal representative or principally responsible person thereof shall also be specified; The **people's** court shall deliver a copy of [*53]  the statement of defence to the plaintiff within five days from the date when it receives the same.

Failure by the defendant to provide a statement of defence does not affect the hearing of the case by the **people's** court.


Article 126 In cases that it has decided to accept, a **people's** court shall advise the parties orally, or in the notice of acceptance of the case and the notice of response to the action, of their procedural rights and obligations.


Article 127 If a party objects to the jurisdiction over a case after its acceptance by a **people's** court, the party shall raise the objection during the time limit for filing the statement of defence.

The **people's** court shall examine such objection. If the objection is tenable, the **people's** court shall rule that the case be referred to the **people's** court with jurisdiction over the case; if the objection is untenable, it shall be overruled.

Where the party does not raise any objection to the jurisdiction of the case and responds to the claim and enters defense, the party shall be deemed to have agreed that the **people's** court accepting the case has jurisdiction over the case, unless it is in violation of the provisions regarding

jurisdiction [*54]  by level and exclusive jurisdiction.

Article 128 The parties shall be notified within three days after the members of the collegiate bench have been determined.

Article 129 Judicial officers must conscientiously examine the materials relating to the action and investigate and collect the necessary evidence.

Article 130 Personnel sent by a **people's** court to conduct an investigation shall show their credentials to the person under investigation.
The written record of the investigation shall be checked by the person under investigation, which shall be signed or sealed by the person under investigation and the investigator.

Article 131 When necessary, a **people's** court may entrust a **people's** court in another locality with an investigation.
When entrusting such other **people's** court, the entrusting **people's** court must clearly set out the matter to be investigated and its requirements. The entrusted **people's** court may conduct supplementary investigations on its own initiative.
An entrusted **people's** court shall complete its investigation within 30 days after receipt of the letter of entrustment. If it cannot complete the investigation for reasons, it shall notify the entrusting **people's** [*55]  court in writing within the above time limit.

Article 132 If a party who must participate in a joint action fails to participate in the same, the **people's** court shall notify him of participation in the action.

Article 133 The **people's** courts shall handle the accepted cases according to the specific circumstances of the individual case:
1. If the parties do not raise any objection, and the case meets the requirements prescribed in procedure for the recovery of debts, the procedure for the recovery of debts may be initiated on the case;
2. If mediation is appropriate for a case before the hearing of the case begins, the dispute shall be settled through mediation in a timely manner;
3. Based on the circumstances of the case, determine whether to apply the summary procedure or ordinary procedure; and
4. If it is necessary to hold a hearing, the focus of dispute in the case shall be determined by ordering the parties to exchange evidence.

Section 3 Trial in Court

Article 134 **People's** courts shall try civil cases in public, except for those involving State secrets or private matters of individuals or otherwise stipulated in the **law**.
Divorce cases and cases that involve trade secrets [*56]  may be tried in camera if a party so requests.

Article 135 In trying civil cases, the **people's** courts shall conduct circuit trials to handle cases on the spot

when necessary.

Article 136 When trying a civil case, the **people's** court shall notify the parties and other participants in the action three days prior to the hearing. If the case is to be tried in public, the names of the parties, the cause of action and the time and place of the hearing shall be publicly announced.

Article 137 Before holding a trial hearing, the court clerk shall ascertain the presence of the parties and the other participants in the action and announce the discipline of the court.

At the opening of a trial hearing, the presiding judge shall check the parties present, announce the cause of action, the names of the judicial officers and the name of the court clerk, advise the parties of their procedural rights and obligations and inquire whether the parties wish to challenge any judicial officers.

Article 138 Investigation in court shall be conducted in the following order:

1. presentation of statements by the parties;

2. advising witnesses of their rights and obligations, giving testimony by the witnesses [*57]  and reading out the depositions of absent witnesses;

3. presentation of documentary evidence, physical evidence, audio-visual data and electronic data;

4. reading out expert opinions; and

5. reading out the record of the inquest.

Article 139 The parties may produce new evidence in court.

With the permission of the court, the parties may question the witnesses, experts and inspectors.

Any request by the parties for a new investigation, expert examination or inquest shall be subject to the approval by the **people's** court.

Article 140 If the plaintiff presents an additional claim, or the defendant brings a counterclaim or a third party presents a claim related to the case, such claim or counterclaim may be tried together.

Article 141 Court debates shall be conducted in the following order:

1. presentation of oral statements by the plaintiff and his agent ad litem;

2. presentation of oral response by the defendant and his agent ad litem;

3. presentation of oral statement or response by the third party and his agent ad litem;

4. debate between the parties.

At the conclusion of the court debate, the presiding judge shall first ask the plaintiff, then the defendant and finally the third [*58]  party to make their final comments.

Article 142 At the conclusion of the court debate, a judgment shall be made according to **law**. If possible, mediation may be conducted prior to making a judgment. If mediation is unsuccessful, a judgment shall promptly be made.

Article 143 If a plaintiff has been served a summons but refuses without proper cause to appear in court, or if a plaintiff leaves the courtroom during the trial without the court's permission, he may be deemed to have withdrawn his suit and, if the defendant has brought a counterclaim, a judgment by default may be made.

Article 144 If a defendant has been served a summons, but refuses without proper cause to appear in court or if a defendant leaves the courtroom during the trial without the court's permission, a judgment by default may be made.

Article 145 If a plaintiff applies for withdrawal of action before judgment is pronounced, the **people's** court shall decide on whether or not to grant approval.

If the withdrawal of action has been denied by an order of the **people's** court, and the plaintiff, having been served a summons, refuses without proper cause to appear in court, a judgment by default may be made.

Article [*59]  146 A trial hearing may be adjourned in any of the following circumstances:

1. the parties or other participants in the action required to appear in court fail to do so with proper cause;
2. a party extemporarily challenges judicial officers;
3. it is necessary to summon new witnesses to court, collect new evidence, make a new expert examination or inquest, or make a supplementary investigation; or
4. other circumstances that require adjournment have arisen.

Article 147 The court clerk shall make a written record of all the activities during a trial hearing, which shall be signed by him and the judicial officers.

The court record shall be read out in court or the parties and other participants in the action may be notified to read the court record in court or within five days. If the parties or other participants in the action consider that there are omissions or errors in the record of their statements, they shall have the right to apply for addition or correction. If such addition or correction is not made, the application shall be recorded in the case file.

The court record shall be signed or sealed by the parties and other participants in the action. Any refusal to do so shall [*60]  be recorded in a note to be attached to the file.

Article 148 **People's** courts shall publicly pronounce their judgments in all cases, whether tried in public or in camera.

If a judgment is pronounced in court, the written judgment shall be dispatched within ten days. If a judgment is pronounced on a fixed date, the written judgment shall be issued immediately after the pronouncement.

Upon pronouncement of a judgment, the parties must be advised of their right to appeal, the time limit for appeal and the court with which an appeal should be lodged.

Upon pronouncement of a divorce judgment, the parties must be advised that they may not remarry before the judgment becomes legally effective.

Article 149 when handling a case to which ordinary procedure is applicable, a **people's** court shall conclude the case within six months from the date of placing the case on file. Where an extension is required under special circumstances, a six-month extension may be given subject to the approval of the president of the court. Any further extension shall be reported to the **people's** court of higher level for approval.

Section 4 Suspension and Termination of Actions

Article 150 An action shall [*61]  be suspended in any of the following circumstances:
1. one of the parties dies and it is necessary to wait for his successor to state whether he wishes to participate in the action;
2. one of the parties has lost the capacity to engage in litigation, and his statutory agent has not been determined yet;
3. the legal person or other organization acting as one of the parties has terminated, and the successor to its rights and obligations has not been determined yet;
4. one of the parties is unable to participate in the action due to an event of force majeure;
5. the case in question is dependent upon the outcome of the trial of another case that has not been concluded; or
6. other circumstances require the suspension of proceedings.
Proceedings shall be resumed after the cause of suspension has been eliminated.

Article 151 An action shall be terminated in any of the following circumstances:
1. the plaintiff dies without a successor, or the successor waives his procedural rights;
2. the defendant dies without estate and without a person to succeed to his obligations;
3. one of the parties in a divorce case dies; or
4. one of the parties in a case involving claims for overdue alimony,  [*62]  maintenance, child support or the termination of an adoptive relationship dies.

Section 5 Judgment and Ruling

Article 152 A written judgment shall clearly state the decision and the reasons supporting the judgment. The contents of the written judgment shall include:
1. the cause of action, the claims, the facts and grounds of the dispute;
2. the facts and grounds as found in the judgment, and the applicable **laws** and reasons;
3. the result of the judgment and the apportionment of litigation costs; and
4. the time limit for appeal and the court with which an appeal should be lodged.
A written judgment shall be signed by the judicial officers and the court clerk, and the seal of the **people's** court shall be affixed to it.

Article 153 If some of the facts of a case being tried are evident already, the **people's** court may make a judgment on those facts first.

Article 154 Rulings shall be applicable to the following:
1. refusal to entertain a case;
2. objection to the jurisdiction of a court;
3. dismissal of a complaint;
4. preservation and preliminary execution;
5. approval or disapproval of withdrawal of an action;
6. suspension or termination of an action;

7. correction of clerical [*63]  errors in a written judgment;

8. suspension or termination of execution;

9. cancellation of or refusal to enforce an **arbitration** award;

10. refusal to enforce a document on creditor's rights that has been rendered enforceable by a notary agency; and

11. other matters to be settled by a ruling.

An appeal may be filed against a ruling on the matters under Item 1 to Item 3 of the preceding paragraph.

A written ruling shall specify the results and the reasons for the ruling. The written ruling shall be signed by the adjudicatory personnel and the court clerk, and affixed with the seal of the **people's** court. An oral ruling shall be entered into the written records.


Article 155 Judgments and rulings made by the Supreme **People's** Court, and judgments and rulings that may not be appealed against according to the **law** or that have not been appealed against within the prescribed time limit, shall be legally effective.


Article 156 The general public may have access to the effective written legal judgments and rulings, except for those involving state secrets, trade secrets or personal privacy.


Chapter XIII Summary Procedure


Article 157 Where a basic **people's** courts and a tribunal dispatched [*64]  by it try simple civil cases in which the facts are evident, the relationship of rights and obligations is definite and the disputes are minor, the provisions of this Chapter shall apply.

Where a basic **people's** court or a tribunal dispatched by it hears civil cases other than those stipulated under the preceding paragraph, the parties may also agree on the application of summary procedure.


Article 158 In simple civil cases, the plaintiff may institute actions verbally.

Both parties may simultaneously appear before a basic **people's** court or a tribunal dispatched by it to request settlement of their dispute. The basic **people's** court or the tribunal dispatched by it may try the case immediately or set a date for trial.


Article 159 When trying a simple civil case, a basic **people's** court or a tribunal dispatched by it may adopt a simplified and convenient method to summon the parties and witnesses, serve the lawsuit documents and conduct the trial, provided that the parties' rights to be heard shall be protected.


Article 160 Simple civil cases shall be tried by a single judge alone, which shall not be subject to the restriction of Articles 136, 138 and 141 of the **Law**.


Article 161 [*65]  When trying a case by applying summary procedure, a **people's** court shall conclude the case within three months from the date of placing it on the docket.


Article 162 When trying a simple civil case prescribed in Item 1 of Article 157 of the **Law**, the subject amount of which is below thirty percent of the average annual salary of the employees of all provinces,

autonomous regions, municipalities directly under the Central Government in the previous year, the basic **people's** court or the tribunal dispatched by it may apply the system under which the ruling in the first instance shall be final.

Article 163 Where in hearing a case, the **people's** court finds that it is inappropriate to apply the summary procedure to the case, it may rule to evoke the regular procedure.

Chapter XIV Procedure at Second Instance

Article 164 If a party disagrees with a first instance judgment made by a local **people's** court, the party shall have the right to lodge an appeal with the immediate superior **people's** court within 15 days from the date on which the written judgment was served.
If a party disagrees with a first instance ruling made by a local **people's** court, the party shall have the right to lodge [*66]  an appeal with the immediate superior **people's** court within ten days from the date on which the written ruling was served.

Article 165 To lodge an appeal, an appeal petition shall be submitted. The contents of an appeal petition shall include the names of the parties, the names of the legal persons and their legal representatives or the names of other organizations and their principally responsible persons; the name of the **people's** court that originally tried the case, the file number of the case and the cause of action; and the claims and grounds of the appeal.

Article 166 An appeal petition shall be submitted through the **people's** court that originally tried the case, copies of which shall be provided according to the number of persons in the other party or of the representatives thereof.
If a party appeals directly to a **people's** court of second instance, such court shall transfer the appeal petition to the **people's** court that originally tried the case within five days.

Article 167 Within five days after receiving an appeal petition, the **people's** court that originally tried the case shall serve the copy of the appeal petition on the other party, who shall, within 15 days from [*67]  the date of receipt, submit a statement of defence. The **people's** court shall, within five days after receiving the statement of defence, serve a copy of the statement on the appellant. Failure on the part of the other party to submit a statement of defence shall not affect the trial of the case by the **people's** court.
Within five days after receiving the appeal petition and the statement of defence, the **people's** court that originally tried the case shall deliver the same to the **people's** court of second instance together with the entire case file and all the evidence.

Article 168 A **people's** court of second instance shall investigate the relevant facts and the applicable **law** pertaining to the appeal.

Article 169 During the hearing of an appeal, the **people's** court of the second instance shall form a collegiate bench for the hearing. Where, upon reviewing the case files, conducting investigations and questioning the parties, no new facts, evidences or reasons are submitted, the collegiate bench may

decide not to hold a hearing if it deems unnecessary.

A **people's** court of second instance may try an appeal case in its own court or in the place where the case originated or where the **people's** [*68]  court that originally tried the case is located.

Article 170 After an appeal hearing, a **people's** court of the second instance shall decide according to the following circumstances:

1. where the original judgment or ruling is supported by clear facts and correct application of **law**, a judgment or ruling shall be made to dismiss the appeal and uphold the original judgment or ruling;

2. where the verification of facts or application of **law** are erroneous in the original judgment or ruling, a judgment or ruling amending, revoking or modifying the original judgment or ruling shall be made in accordance with **law**;

3. where the verification of fundamental facts is not clearly ascertained in the original judgment, a ruling shall be made to revoke the original judgment, return the case to the **people's** court that originally tried the case for retrial, or amend the judgment after the facts have been clearly ascertained; and

4. where the original judgment seriously violates the statutory procedure, such as omitting a party or illegally entering a default judgment, a ruling shall be made to dismiss the original judgment and return the case to the original **people's** court for retrial.

Where, after [*69]  the original **people's** court makes a judgment for the case remanded for retrial, any of the parties thereto files an appeal, the **people's** court of the second instance may not remand the case again for retrial.

Article 171 In handling an appeal against a ruling made by a **people's** court of first instance, the **people's** court of second instance shall in all cases use rulings.

Article 172 In trying an appeal case, a **people's** court of second instance may conduct mediation. If an agreement is reached upon mediation, a written mediation statement shall be prepared. Such written mediation statement shall be signed by the judicial officers and the court clerk, and the seal of the **people's** court shall be affixed to it. Immediately upon service of the written mediation statement, the judgment of the **people's** court that originally tried the case shall be deemed to have been quashed.

Article 173 If an appellant applies for withdrawal of his appeal prior to the pronouncement of judgment by the **people's** court of second instance, the **people's** court of second instance shall make a ruling on whether to approve the application.

Article 174 In trying an appeal case, the **people's** court of second [*70]  instance shall, in addition to complying with the provisions of this Chapter, apply the ordinary procedure at first instance.

Article 175 The judgments and rulings of the **people's** court of second instance shall be final.

Article 176 In trying a case of an appeal against a judgment, a **people's** court shall conclude the case within three months from the date of putting it on its trial docket as a case of the second instance. Any extension of the time limit necessitated by special circumstances shall be subject to approval by the president of the court.

In trying a case of an appeal against a ruling, a **people's** court shall make a final ruling within 30 days

from the date of putting it on its trial docket as a case of the second instance.

Chapter XV Special Procedure

Section 1 General Provisions

Article 177 When the **people's** court tries cases concerning voter's qualification, declaration of a person as missing or dead, determination of a citizen as having no capacity for civil acts or as having limited capacity for civil acts, or determination of ownerless property, confirmation of mediation agreement and the enforcement of real rights for security, this Chapter shall apply.  [*71]  Regarding matters not covered in this Chapter, the relevant provisions of the **Law** and other **laws** shall apply.

Article 178 Where a case is tried in accordance with the procedure set forth in this Chapter, the judgment of first instance shall be the final judgment. The trial of cases concerning voter qualifications or major or difficult cases shall be conducted by a collegiate bench of judges. Other cases shall be tried by a single judge alone.

Article 179 If, in the course of trying a case in accordance with the procedure set forth in this Chapter, a **people's** court discovers that the case involves a dispute over civil rights and interests, it shall rule to terminate the special procedure, and inform the interested parties that they may institute a separate action.

Article 180 A **people's** court shall conclude a case tried according to special procedure within 30 days from the date of entering it on its trial docket or within 30 days from the expiration of the time limit set forth in the public notice. Any extension of the time limit necessitated by special circumstances shall be subject to approval by the president of the court in question, except for cases concerning voter qualifications.
 [*72]
Section 2 Cases Concerning Voter Qualifications

Article 181 If a citizen disagrees with the decision of an election committee on his petition concerning his qualifications to be a voter, he may institute an action at the basic **people's** court of his election district five days before election day.

Article 182 After accepting a case concerning voter qualifications, a **people's** court must conclude the trial before election day.
The suitor, representatives of the election committee and the citizens concerned must attend the trial.
The written judgment of the **people's** court shall be served on the election committee and the suitor before election day, and the citizens concerned shall be notified of the judgment.

Section 3 Cases Concerning the Declaration of a Person as Missing or Dead

Article 183 Where the whereabouts of a citizen has been unknown for two years, and an interested party applies for declaration of the citizen to be missing, the application shall be filed with the

basic **people's** court of the place where the missing person is domiciled.
The application shall clearly state the facts and time of the disappearance and the request, which shall be accompanied by a written [*73]  certificate concerning the disappearance of the said citizen issued by a public security authority or other relevant authorities.

Article 184 Where the whereabouts of a citizen has been unknown for four years, or has been unknown for two years as a result of an accident, or has been unknown as a result of an accident which, as certified by the relevant authorities, the citizen could not have survived, if an interested party applies for declaration of the citizen to be dead, the application shall be filed with the basic **people's** court of the place where the missing citizen is domiciled.
The application shall clearly state the facts and time of the disappearance and the request, which shall be accompanied by a written certificate concerning the disappearance of the said citizen issued by a public security authority or other relevant authorities.

Article 185 After accepting a case concerning the declaration of a citizen as missing or dead, a **people's** court shall issue a public notice in search of the citizen whose whereabouts is unknown. The period for the notice of declaration of a person as missing shall be three months, and the period for the notice of declaration of a person  [*74]  as dead shall be one year. If the whereabouts of a citizen is unknown as a result of an accident which, as certified by the relevant authorities, the citizen could not have survived, the period of notice for the declaration of the citizen as death shall be three months. Upon the expiration of the time limit of the public notice, the **people's** court shall, depending on whether the facts about the disappearance or death of the person have been confirmed, make a judgment declaring the person missing or dead or make a judgment to reject the application for such a declaration.

Article 186 If a citizen who has been declared missing or dead reappears, the **people's** court shall, upon the application of that person or an interested party, make a new judgment to quash the original judgment.

Section 4 Cases Concerning the Determination of a Citizen as Having No Capacity for Civil Acts or as Having Limited Capacity for Civil Acts

Article 187 An application for determining a citizen as having no capacity for civil acts or as having limited capacity for civil acts shall be filed by a close relative of the citizen or another interested party with the basic **people's** court of the place where the [*75]  citizen is domiciled.
The application shall clearly state the facts and grounds on which the citizen's incompetence for civil acts or limited capacity for civil acts is asserted.

Article 188 After accepting such an application, the **people's** court shall, when necessary, carry out an expert examination of the citizen who is requested to be declared as having no capacity for civil acts or having limited capacity for civil acts. If the applicant has already provided an expert opinion, the **people's** court shall examine such expert opinion.

Article 189 When a **people's** court tries a case for determining a citizen as having no capacity for civil

acts or as having limited capacity for civil acts, a close relative of the citizen, with the exception of the applicant, shall be his agent ad litem. If the close relatives shift onto one another the responsibility to act as agent ad litem, the **people's** court shall appoint one of them as the agent ad litem. If the health of the citizen permits, his opinion shall also be solicited.

If, by trying the case, the **people's** court determines that the application is based on facts, it shall make a judgment determining the citizen to have no capacity for [*76] civil acts or to have limited capacity for civil acts. If the **people's** court determines that the application is not based on facts, it shall make a judgment to reject the application.

Article 190 If, upon the application of a citizen who has been determined to have no capacity for civil acts or to have limited capacity for civil acts or upon the application of such citizen's guardian, a **people's** court verifies that the cause of such citizen's incompetence for civil acts or limited capacity for civil acts has been eliminated, it shall make a new judgment to quash the original judgment.

Section 5 Cases Concerning the Determination of Property as Ownerless

Article 191 An application for determining a property as ownerless shall be filed by a citizen, legal person or other organization with the basic **people's** court of the place where the property is located.
The application shall clearly state the type and quantity of the property and the grounds on which the request for determination of the property as ownerless is made.

Article 192 After accepting such an application, the **people's** court shall, upon examination and verification, issue a public notice requesting that the property [*77] be claimed. If no one claims the property within one year from the issue of the public notice, the **people's** court shall make a judgment determining that the property is ownerless, whereupon the property shall become the property of the State or the collective.

Article 193 If, after a property has been determined ownerless by judgment, the owner of the property or the successor thereto appears, the owner or the successor may file a claim to the property within the limitation of action as specified in the General Principles of Civil **Law** of the **People's Republic of China**. The **people's** court shall, after examination and verification, make a new judgment to quash the original judgment.

Section 6 Cases Concerning the Confirmation of Mediation Agreement

Article 194 For an application for judicial confirmation of a mediation agreement, the parties shall, in accordance with the **People's** Mediation **Law** and other applicable **laws** and within 30 days upon effectiveness of the material mediation agreement, jointly file an application with the basic **people's** court where the mediation institution is located.

Article 195 After the acceptance of the application, if the application complies with [*78] the legal requirements upon examination, the **people's** court shall affirm that the mediation agreement is valid; if any party thereto refuses to perform or fails to fully perform the agreement, the other parties thereto may apply to the **people's** court for enforcement; if the application fails to comply with the legal

requirements, the court shall reject the application, and the parties thereto may modify the original mediation agreement by way of mediation or draft a new mediation agreement; they may also file a lawsuit with the **people's** court.

Section 7 Cases Concerning Enforcement of Real Rights for Security

Article 196 For the application for enforcement of real rights for security, the owner of real rights and other parties with the enforcement rights may, in accordance with the Real Rights **Law** and other **laws**, file an application with the basic **people's** court where the secured property is located or the secured real rights is registered.

Article 197 After the acceptance of the application, if the application complies with the legal requirements upon examination, the **people's** court may issue a ruling to the auction or sale of the secured property, and the parties thereto may [*79]  apply to the **people's** court for enforcement pursuant to the ruling. If the application fails to comply with the legal requirements, the court shall reject the application, and the parties thereto may file a lawsuit with the **people's** court.

Chapter XVI Procedure for Trial Supervision

Article 198 If the presidents of **people's** courts at any level finds any verified error in a legally effective judgment, ruling or mediation statement and deems it necessary to have the case retried, they shall refer the case to the judicial committee for discussion and decision.
If the Supreme **People's** Court discovers any verified error in a legally effective judgment, ruling or mediation statement issued by a local **people's** court at any level, or if a **people's** court at a higher level finds any verified error in a legally effective judgment, ruling or mediation statement issued by a subordinate **people's** court, it shall have the right to bring up the case for trial or instruct a subordinate **people's** court to conduct a retrial of the case.

Article 199 Any party that considers a legally effective judgment or ruling to be wrong may apply to the immediate superior **people's** court for retrial; as for the [*80]  case where one party comprises of a large number of individuals or both parties thereto are citizens, the parties may apply for retrial of the case to the original **people's** court. Nevertheless, the application for retrial does not mean that the enforcement of the judgment or ruling is suspended.

Article 200 Where an application for retrial by a party falls under any of the following circumstances, the **people's** court shall conduct a retry:
1. there is new evidence that is sufficient to overturn the original judgment or ruling;
2. the evidence used as a basis for ascertaining the essential facts in the original judgment or ruling was insufficient;
3. the main evidence used as a basis for ascertaining the facts in the original judgment or ruling was falsified;
4. the main evidence used as a basis for ascertaining the facts in the original judgment or ruling was not cross-examined;
5. With regard to the main evidence necessary for the trial, if the party concerned is unable to collect

the evidence personally due to objective reasons, and the **people's** court fails to investigate or collect such evidence after the party submits a written application to the **people's** court to investigate [*81]  and collect such evidence;

6. an error was found in the application of the **law** in the original judgment or ruling;

7. the judicial organization was not composed in accordance with the **law** or a member of the judicial officers who should have withdrawn in accordance with the **law** did not do so;

8. in the event that the statutory agent of a party with no capacity to bring a case failed to act as an agent in the relevant case or where a party required to participate in the case failed to do so for reasons for which the party or his or her litigation agent is not responsible;

9. where the party was deprived of his or her right to argue the case in breach of the **law**;

10. where a default judgment was entered without serving a summons;

11. where the original judgment or ruling omitted or exceeded the claims sought in the case;

12. the legal documentation on which the original judgment or ruling is based has been cancelled or amended; or

13. where any member of the judicial officers commits malpractice in trying a case, such as embezzlement, bribery, engagement in malpractice for personal benefits, or rendering of a judgment that perverts the **law**.

Article 201 For a legally effective mediation [*82]  statement, a party may apply for a retrial if it can present evidence that the mediation violates the principle of voluntary participation or that the content of the mediation agreement violates the **law**. If the **people's** court finds the evidence to be true upon examination, it shall retry the case.

Article 202 A party may not apply for retrial of a case where a legally effective judgment or mediation statement has been made to dissolve a marriage.

Article 203 Any party that applies for a retrial shall submit retrial request and other relevant materials. The **people's** court shall give a copy of the retrial request to the other party within five days from the date on which it is received. The other party shall submit a written response within 15 days from the date on which it receives the copy of the retrial request; the other party's failure to submit a written response shall not affect the review of the case by the **people's** court. The **people's** court may require the applicant and the other party to submit additional relevant materials and may inquire about relevant issues.

Article 204 The **people's** court shall carry out the examination within three months upon receipt of the retrial [*83]  request. Where the circumstances of the case meet the applicable provisions of the **Law**, a retrial shall be ordered; where the circumstances of the case fail to meet the applicable provisions herein, the application shall be rejected. Any extension of time limit due to special circumstances shall be subject to the approval by the president of the court.

A case that is to be retried upon the application by a party thereto shall be tried by an intermediate **people's** court or by a **people's** court at a higher level, unless the party opts to apply to the basic **people's** court for retrial in accordance with the provisions in Article 199 herein. Where the Supreme **People's** Court or the Higher **People's** Court finds that the case should be retried, the case may be retried by that court or assigned to another **people's** court or returned to the **people's** court that

made the original judgment or ruling for retrial.

Article 205 A party shall apply for a retrial within six months after the date on which the judgment or ruling becomes legally effective; in any of the circumstances described in Items 1, 3, 12 and 13 of Article 200 of the **Law**, a retrial application may be submitted within six months after [*84] the date on which the party becomes aware or is reasonably believed to become aware of the relevant facts.

Article 206 When an order is made to retry a case in accordance with the procedure for trial supervision, a ruling shall be made to suspend the enforcement of the original judgment, ruling or mediation statement, with the exception of cases of claims of alimony, maintenance fee, child support, pension, medical expenses, and labor remuneration.

Article 207 Where a case is to be retried by a **people's** court in accordance with the procedure for trial supervision, if the legally effective judgment or ruling was made by a court of first instance, the case shall be retried in accordance with the procedure at first instance, and the parties may appeal against the judgment or ruling made. If the legally effective judgment or ruling was made by a court of second instance, it shall be retried in accordance with the procedure at second instance, and the judgment or ruling made shall be legally effective. If the case was removed for trial by a **people's** court at a higher level in accordance with the procedure for trial supervision, it shall be tried in accordance with the procedure at [*85] second instance, and the judgment or ruling made shall be legally effective. When retrying cases, the **people's** court shall form a new collegiate bench.

Article 208 Where the Supreme **People's** Procuratorate finds that a legally effective judgment or ruling made by a **people's** court at any level falls under any of the circumstances described in Article 200 of the **Law** or where a superior **people's** procuratorate finds that a legally effective judgment or ruling made by a subordinate **people's** court falls under any of the circumstances described in Article 200 of the **Law**; or the Supreme **People's** Procuratorate or a superior **people's** procuratorate finds that a mediation statement is against the interests of the State or the public, the
Supreme **People's** Procuratorate or the superior **people's** procuratorate shall lodge an objection thereto.
Where a local **people's** procuratorate at any level finds that a legally effective judgment or ruling made by the **people's** court at the same level falls under any of the circumstances described in Article 200 of the **Law**, or finds that a mediation statement is against the interests of the State or the public, it shall lodge a procuratorial proposal to the **people's** [*86] court at the same level and file the proposal to its immediate superior **people's** procuratorate for record, or refer the case to its immediate
superior **people's** procuratorate to lodge an objection with the **people's** court at the same level.
Where a **people's** procuratorate at any level discovers that a member of the judicial officers commits any violation during the trial procedure that is beyond the scope of the trial supervision procedure, it could submit a procuratorial proposal to the **people's** court at the same level.

Article 209 Under any one of the following circumstances, a party may apply to the
competent **people's** procuratorate for a procuratorial proposal or objection:
1. where the **people's** court rejects the retrial application;
2. where the **people's** court does not issue a ruling over the retrial application within the specified time

limit; or

3. where the judgment or ruling of the retrial is obviously erroneous.

The **people's** procuratorate shall examine the retrial application within three months after the receipt thereof and decide whether to make a procuratorial proposal or objection, after which the parties are not allowed to apply to the **people's** procuratorate for a procuratorial [*87]  proposal or objection again.

Article 210 Where a **people's** procuratorate in exercising legal supervision lodges a procuratorial proposal or objection, it may interview the parties to the case or any person that is not a party to the case to investigate and verify the relevant facts.

Article 211 In the event that a **people's** procuratorate files an objection, the **people's** court that accepts the objection shall order a retrial within 30 days after the date on which it receives the Objection Letter; under any of the circumstances described in Items 1 to 5 of Article 200 of the **Law**, the **people's** court shall transfer the case to a competent immediate subordinate **people's** court, unless the case has been retried by the immediate subordinate **people's** court.

Article 212 When a **people's** procuratorate decides to lodge an objection against a judgment, ruling or mediation statement made by a **people's** court, it shall prepare a written objection.

Article 213 When retrying a case that is protested against by a **people's** procuratorate, a **people's** court shall notify the **people's** procuratorate that it should send personnel to appear in court.

Chapter XVII Procedure for the Recovery of Debts

 [*88]  Article 214 When a creditor requests payment of money or delivery of a negotiable instrument from a debtor, he may apply to the basic **people's** court with jurisdiction for a payment order provided that:

1. the creditor and the debtor are not involved in any other dispute over obligations; and
2. the payment order can be served on the debtor.

The written application shall clearly state the requested amount of money or quantity of the negotiable instruments and the facts and evidence on the basis of which the application is made.

Article 215 A **people's** court shall, within five days after a creditor has submitted his application, notify the creditor whether it has accepted the case.

Article 216 After accepting an application for a payment order, a **people's** court, having found the relationship of debtor and creditor to be definite and lawful upon examination of the facts and evidence presented by the creditor, shall issue a payment order to the debtor within 15 days from the date of acceptance of the application. If the application is untenable, a ruling shall be made to reject it.

The debtor shall, within 15 days from the date of receipt of the payment order, settle his debt or submit [*89]  a written objection to the **people's** court.

If the debtor neither submits an objection nor performs the payment order within the time limit specified in the preceding paragraph, the creditor may apply to the **people's** court for execution.

Article 217 After receiving a written objection submitted by the debtor, if the objection is tenable upon examination, the **people's** court shall issue a ruling to terminate the procedure for debt recovery, whereupon the payment order shall automatically become null and void.
Where the payment order becomes null and void, the case shall enter the litigation procedure, unless the party applying for the payment order disagrees to institute an action.

Chapter XVIII Procedure for Public Invitation to Assert Claims

Article 218 The holder of a negotiable instrument transferable by endorsement may, if the instrument is stolen, lost, or destroyed, apply for a public invitation to assert claims to the basic **people's** court of the place where payment on the negotiable instrument is to be made. This Chapter shall apply to other matters for which, according to the **law**, applications may be submitted for a public invitation to assert claims.
An applicant shall [*90]  submit to the **people's** court a written application, clearly stating the main particulars of the negotiable instrument such as its face amount, drawer, holder and endorser, and the reasons and facts pertaining to the application.

Article 219 When a **people's** court decides to accept an application, it shall simultaneously notify the drawee that he should suspend payment, and within three days issue a public notice to invite interested parties to assert their claims. The period of the public invitation to assert claims shall be decided by the **people's** court according to the circumstances, provided that it shall not be less than 60 days.

Article 220 Upon receipt of a notice from the **people's** court to suspend payment, the drawee shall act accordingly until the conclusion of the procedure for public invitation to assert claims.
During the period of the public invitation to assert claims, any act relating to the assignment of rights in the negotiable instrument shall be invalid.

Article 221 Interested parties as claimants shall submit an application to the **people's** court during the period of the public invitation to assert claims.
After receiving an application from an interested party,  [*91]  the **people's** court shall rule to conclude the procedure for public invitation to assert claims, and shall notify the applicant and the drawee.
The applicant or the claimant may institute an action in the **people's** court.

Article 222 If no one asserts claims, the **people's** court shall make a judgment to declare the negotiable instrument void according to the application of the applicant. Judgment shall be announced in a public notice, and the drawee shall be notified of it. From the date of public pronouncement of the judgment, the applicant shall have the right to claim payment from the drawee.

Article 223 If an interested party was unable for proper cause to report to the **people's** court prior to judgment, he shall, within one year from the day he knew or ought to have known of the public announcement of the judgment, institute an action at the **people's** court that made the judgment.

Part Three Execution Procedures

Chapter XIX General Provisions

Article 224 A legally effective civil judgment or ruling, or that portion of a legally effective criminal judgment or ruling that pertains to property, shall be enforced by the **people's** court of first instance or the **people's** court  [*92]  at the same level as the **people's** court where the property subject to execution is located.
Other legal documents that shall be enforced by the **people's** courts as provided for by **law** shall be enforced by the **people's** court of the place where the person subject to execution is domiciled or where the property subject to execution is located.

Article 225 Any party or interested party may submit a written objection to the **people's** court responsible for executing a judgment if he or she considers execution of the judgment to be contrary to the provisions of the **law**. Where any party or interested party raises a written objection, the **people's** court shall examine the circumstances of the case within 15 days from the date on which it receives the written objection. Where the objection is tenable, a ruling shall be made that the judgment be quashed or amended; where the objection is untenable, it shall be overruled. Where the party or interested party concerned disagrees with the ruling, he or she may make an application for review to the immediate superior **people's** court within ten days from the date on which he or she receives the ruling.

Article 226 Where the **people's** court does not  [*93]  execute a judgment within six months from the date on which it receives an application for execution, the applicant may make an application for execution to the immediate superior **people's** court. After examining the case, the immediate superior court may order the original **people's** court to execute the judgment within a specified period of time, may determine to execute the judgment itself, or may instruct another **people's** court to execute the judgment.

Article 227 Where, in the course of executing a judgment, a person who is not a party to the case raises a written objection to the execution of the judgment against the subject matter, the **people's** court shall examine the objection within 15 days after receiving it. Where the objection is tenable, the court shall rule that execution be suspended; where the objection is untenable, the court shall rule that it be rejected. Where the person who is not a party to the case or any party to the case is not satisfied with the ruling and considers the original judgment or ruling to be erroneous, the case shall be handled in accordance with the procedure for trial supervision; where the original judgment or ruling is considered to be irrelevant,  [*94]  the relevant party may lodge a case with the **people's** court within 15 days after receiving the ruling.

Article 228 Execution shall be carried out by execution officers.
An execution officer shall show his credentials when taking enforcement measures. After execution is completed, a record shall be made of its particulars, which shall be signed or sealed by the persons present.
The **people's** court may establish execution authorities as needed.

Article 229 If the person or the property subject to execution is in another locality, the **people's** court of

that locality may be entrusted with execution. The entrusted **people's** court must commence execution within 15 days after receipt of the letter of entrustment and shall not refuse to comply. After execution is completed, the entrusted **people's** court shall promptly reply to the entrusting **people's** court by letter, setting forth the result of the execution. If execution is not completed within 30 days, the entrusted **people's** court shall also inform the entrusting **people's** court by letter of the particulars of execution.

If the entrusted **people's** court does not execute the judgment or ruling within 15 days from the date of receipt of the [*95] letter of entrustment, the entrusting **people's** court may request the immediate superior **people's** court than the entrusted **people's** court to instruct it to execute the judgment or ruling.

Article 230 Where, in the course of execution, the parties reach an agreement upon mediation at their own initiative, the execution officer shall make a record of the contents of the agreement and both parties shall sign or seal such record.

Where the person applying for enforcement reaches an agreement upon mediation with the person subject to the enforcement due to deception or coercion, or if a party fails to perform the mediation agreement, the **people's** court may, upon application by the other party, resume the enforcement of the original effective legal document.

Article 231 Where, in the course of execution, the person subject to execution provides security to the **people's** court, the **people's** court may decide to suspend the execution and decide the term of such suspension, subject to the consent of the person applying for execution. If the person subject to execution fails to perform within the specified term, the **people's** court shall have the power to execute the judgment or ruling against [*96] the property provided as security by the person subject to execution or the property of his guarantor.

Article 232 When a citizen subject to execution dies, his debts shall be repaid from his estate. When a legal person or another organization subject to execution is terminated, the successor to the rights and obligations of the legal person or organization shall perform the obligation.

Article 233 Where, after execution is completed, an error is discovered in a judgment, ruling or other legal document on which execution is based and such judgment, ruling or other legal document is quashed by the **people's** court, the **people's** court shall make a ruling ordering the person who has obtained property subject to execution to return the property. If such person refuses to return the property, the ruling ordering the return of the property shall be enforced.

Article 234 This Part shall apply to the execution of written mediation statements prepared by a **people's** court.

Article 235 The **people's** procuratorates shall have the right to exercise legal supervision over civil enforcement.

Chapter XX Application for and Referral of Execution

Article 236 The parties must perform civil  [*97]  judgments or rulings that have become legally effective. Where a party refuses to perform a ruling or judgment, the other party may apply to the **people's** court for execution. Alternatively, a judge may refer such judgment or ruling to an execution officer for execution.

The parties must perform any written mediation agreement or other legal document that is enforceable by the **people's** courts. Where a party refuses to perform such a document, the other party may apply to the **people's** court for execution.

Article 237 Where a party fails to perform an award of an **arbitration** institution established according to **law**, the other party may apply for execution to the **people's** court with jurisdiction.

The **people's** court to which an application is made shall execute the award.

Where the party against whom the application is made presents evidence that the arbitral award falls under any of the following circumstances, the **people's** court shall, after examination and verification by a collegiate bench formed by the **people's** court, rule to deny execution:

1. the parties have neither included an **arbitration** clause in their contract, nor subsequently reached a written **arbitration** agreement;

2. the [*98]  matters decided in the award exceed the scope of the **arbitration** agreement or are beyond the arbitral authority of the **arbitration** institution;

3. the composition of the arbitral tribunal or the **arbitration** procedure did not conform to statutory procedure;

4. the evidence used as a basis for rendering an award is fabricated;

5. the other party to the case conceals important evidence, which is substantial enough to affect the impartial ruling by the **arbitration** institution; or

6. one or several arbitrators acts corruptly, accepts bribes or engages in malpractice for personal benefits or made an award that perverted the **law**.

Where the **people's** court determines that the execution of the award would be against the public interest, it shall rule to deny execution.

The written ruling shall be served on both parties and on the **arbitration** institution.

Where a **people's** court rules to deny execution of an arbitral award, a party may, in accordance with the written **arbitration** agreement between the two parties, re-apply to the **arbitration** institution for **arbitration** or institute an action in a **people's** court.

Article 238 Where a party fails to perform its obligations pursuant to a document [*99]  that has been lawfully rendered enforceable by a notary public, the other party may apply to the **people's** court with jurisdiction for execution. The **people's** court to which the application is made shall execute the document.

Where a notarized document of obligation contains an error, the **people's** court shall rule to deny execution and shall serve the written ruling on both parties and on the notary public.

Article 239 The time limit applicable to applications to execute a judgment is two years. The provisions relating to the suspension or discontinuance of the litigation limitation period shall be applicable to the suspension or discontinuance of the limitation period for applications to execute a judgment.

The time limit referred to in the preceding paragraph shall commence from the last day of the time limit for satisfaction of the judgment specified in the legal documentation; where the legal documentation

provides for satisfaction of the judgment in stages, the time limit shall commence from the last day of the period for satisfaction of the judgment at each stage; where the legal documentation does not provide a time limit for satisfaction of the judgment, the time limit shall [*100] commence from the effective date of the legal documentation.

Article 240 Upon receiving an application for enforcement or a document for the handover of enforcement, an enforcement officer shall send a notice of enforcement to the person subject to execution and may immediately proceed to execute the enforcement measures.

Chapter XXI Execution Measures

Article 241 Where the person subject to execution fails to perform the obligation specified in the legal documentation in accordance with the execution notice, he or she shall provide a report on the circumstances relating to the assets concerned during the current period or in the year prior to the date on which he receives the execution notice. Where the person subject to execution refuses to provide such a report or makes a false report, the **people's** court may fine or detain that person subject to execution, its statutory agent, principally responsible person or the directly responsible person in the relevant work unit, according to the seriousness of the case.

Article 242 Where a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the **people's** [*101] court shall have the power to direct inquiries to the relevant units about the property of deposits, bonds, stocks and funds of the person subject to execution, and shall have the power to distrain, freeze, transfer or sell the property of such person, provided that such inquiries, distraint, freezing, transfer or sale does not exceed the scope of the obligation to be performed by the person subject to execution.
For distraint, freezing, transfer or sale of deposits, a **people's** court shall make a ruling and issue a notice requesting for assistance for enforcement, which must be complied with by relevant units.

Article 243 If a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the **people's** court shall have the power to withhold or garnish a portion of the revenue of the person subject to execution that is sufficient to cover the obligation he should perform, provided that such measures leave enough revenue to cover the necessary living expenses of the person subject to execution and of his dependants.
When deciding to withhold or garnish revenue, a **people's** court shall make a ruling and issue a [*102] notice requesting assistance with execution. Such notice must be complied with by the work unit of the person subject to execution, banks, credit cooperatives and other savings units.

Article 244 If a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the **people's** court shall have the power to seal up, distrain, freeze, auction off or sell off a portion of the property of the person subject to execution sufficient to cover the obligation he should perform, provided that such action does not deprive the person subject to execution and his dependents of daily necessities.
When adopting any of the foregoing measures, a **people's** court shall make a ruling.

Article 245 When a **people's** court seals up or distrains property and the person subject to execution is a citizen, the court shall notify the person subject to execution or an adult member of his family that he should come to the scene. If the person subject to execution is a legal person or another organization, the court shall notify the legal representative or principally responsible person of the person subject to execution that he should come [*103] to the scene. Their refusal to come to the scene shall not affect the execution. If the person subject to execution is a citizen, his work unit or the basic-level organization in the place where his property is located shall send representatives to attend the execution.
An execution officer must prepare a list of the sealed-up or distrained property. A copy of the list shall be delivered to the person subject to execution after the persons present at the scene have signed or sealed the list. If the person subject to execution is a citizen, his copy may alternatively be delivered to an adult member of his family.

Article 246 An execution officer may designate the person subject to execution to take custody of the sealed-up property. The person subject to execution shall bear any losses incurred due to his fault.

Article 247 After the property has been sealed up or distrained, the enforcement officer(s) shall order the person subject to execution to perform the obligation specified in the legal document within the specified time limit. If such person does not perform the obligation within the specified time limit, the **people's** court shall auction off the sealed-up or distrained [*104] property; if the property is unfit for auction or the parties agree not to conduct such auction, the court may on its own accord or engage the relevant units to sell the property. Goods that the State has prohibited to be traded freely shall be delivered to the relevant units to be purchased at the prices stipulated by the State.

Article 248 Where a person subject to execution fails to perform the obligations specified in the legal document and conceals property, the **people's** court shall have the power to issue a search warrant to search the place of residence of the person subject to execution or the place where the property is concealed.
The court presidents shall issue a search warrant when adopting any of the foregoing measures.

Article 249 Where a legal document stipulates that property or a negotiable instrument must be delivered, the execution officer shall either summon both parties before him to effect delivery or deliver the item himself. The person taking delivery shall sign for the same.
If the relevant work unit is holding such property or negotiable instrument, it shall deliver the item in accordance with the notice requesting assistance with execution issued by the [*105] **people's** court and the person taking delivery shall sign for the same.
If the citizen concerned is holding such property or negotiable instrument, the **people's** court shall order him to release the item. If he refuses to do so, the **people's** court shall enforce such release.

Article 250 To evict a person subject to execution from a house or a piece of land, the court president shall issue a public notice to order him to perform within the specified time limit. If the person subject to execution fails to perform within the specified time limit, an execution officer shall enforce the order.
At the time of eviction, if the person subject to execution is a citizen, he or an adult member of his family shall be notified that he should come to the scene. If the person subject to execution is a legal person or another organization, the legal representative or the principally responsible person of the

organization subject to execution shall be notified that he should come to the scene. Their refusal to come to the scene shall not affect the execution. If the person subject to execution is a citizen, his work unit or the basic-level organization of the place where the house or land is located [*106]  shall send representatives to attend the execution. The execution officer shall make a record of the particulars of the execution, which shall be signed or sealed by the persons at the scene.

The **people's** court shall send personnel to transport the property removed from the house from which the person subject to execution was evicted to a designated location for delivery to the person subject to execution. If such person is a citizen, such property and belongings may also be delivered to an adult member of his family. The person subject to execution shall bear any losses arising from the refusal to accept the property and belongings on the party of himself or the adult member of his family.

Article 251 If procedures for the transfer of title deeds must be carried out in the course of execution, the **people's** court may issue a notice requesting assistance with execution to the relevant work units, which must comply with such notice.

Article 252 If a person subject to execution fails to perform the act specified in a judgment, ruling or other legal document in accordance with the notice of execution, the **people's** court may compel performance or entrust a relevant work unit or other [*107]  person with such performance, at the expense of the person subject to execution.

Article 253 If a person subject to execution fails to perform his obligations to pay within the time limit specified in a judgment, ruling or other legal document, he shall pay twice the amount of interest on the debt for the period during which the performance is deferred. If a person subject to execution fails to perform any other obligations within the time limit specified in a judgment, ruling or other legal document, he shall pay a fine for deferred performance.

Article 254 If a person subject to execution is still unable to repay his debts after a **people's** court has adopted any of the execution measures provided for in Articles 242, 243 and 244 of the **Law**, he shall continue to perform his obligation. If a creditor finds that the person subject to execution has other property, he may request execution by the **people's** court at any time.

Article 255 Where any person fails to perform the obligation specified in the legal documentation, the **people's** court may take steps towards or seek the assistance of his employer in the imposition of restrictions on him leaving the country, record in the public [*108]  credit system or publicize through the media the fact that he has failed to perform his obligation, or adopt other measures provided by the **law**.

Chapter XXII Suspension and Termination of Execution

Article 256 Under any of the following circumstances, the **people's** court may rule to suspend execution:
1. the applicant indicates that the execution may be deferred;
2. a person who is not a participant in the case raises an objection on reasonable grounds with respect to the object of execution;
3. a citizen, being one of the parties, dies and it is necessary to wait for his successor to succeed to his

rights or to assume his obligations;

4. a legal person or another organization, being one of the parties, is terminated and the person that will succeed to its rights and obligations has not yet been determined; or

5. other circumstances which the **people's** court deems to call for suspension of execution.

Execution shall be resumed when the circumstances calling for suspension of execution cease.

Article 257 Under any of the following circumstances, a **people's** court shall rule to terminate execution:

1. the applicant withdraws his application;

2. the legal document on which the execution [*109]  is based is quashed or revoked;

3. the person subject to execution is a citizen, who dies without an estate against which execution can be effected and without a person to assume his obligations;

4. the person who has the right to claim payment of overdue alimony, maintenance or child support dies;

5. the person subject to execution is a citizen who has lost his ability to work and is unable to repay a loan due to poor financial circumstances and lack of a source of revenue; or

6. other circumstances occur that the **people's** court deems to require the termination of execution.

Article 258 A ruling of suspension or termination of execution shall become effective immediately after it has been served on the parties.

Part Four Special Provisions on Civil Actions Involving Foreign Parties

Chapter XXIII General Provisions

Article 259 This Part shall apply to civil actions within the territory of the **People's Republic of China** involving foreign parties. For matters not addressed in this Part, the other relevant provisions of the **Law** shall apply.

Article 260 If an international treaty that the **People's Republic of China** has concluded or acceded to contains provisions that are inconsistent [*110]  with the **Law**, the provisions of the international treaty shall prevail, except for those provisions to which the **People's Republic of China** has declared its reservations.

Article 261 Civil actions instituted against foreigners, foreign organizations or international organizations that enjoy diplomatic privileges and immunities shall be handled in accordance with the relevant **laws** of the **People's Republic of China** and the relevant international treaties concluded or acceded to by the **People's Republic of China**.

Article 262 In trying civil cases involving foreign parties, a **people's** court shall use the written and spoken language commonly used in the **People's Republic of China**. At the request of a party, translation may be provided at the expense of such party.

Article 263 An alien, stateless person or foreign enterprise or organization that needs to be represented by a lawyer as his or its agent ad litem in instituting and responding to an action in a **people's** court shall

appoint a lawyer of the **People's Republic of China**.

Article 264 When an alien, stateless person or foreign enterprise or organization without a domicile within the territory of the **People's Republic of China** [*111]  appoints a lawyer or another person of the **People's Republic of China** as his or its agent ad litem, the power of attorney sent or forwarded from outside the territory of the **People's Republic of China** shall become effective only after it has been notarized by a notary public of his or its state and either has been authenticated by the embassy or a consulate of the **People's Republic of China** in that state or certification procedures provided for in the relevant treaty between the **People's Republic of China** and that state have been carried out.

Chapter XXIV Jurisdiction

Article 265 Where an action is instituted against a defendant without a domicile within the territory of the **People's Republic of China** concerning a dispute over a contract or rights and interests in property, if the contract was executed or performed within the territory of the **People's Republic of China**, or the subject matter of the action is located within the territory of the **People's Republic of China**, or the defendant has distrainable property within the territory of the **People's Republic of China**, or the defendant maintains a representative office within the territory of the **People's Republic of China**, the [*112]  action may come under the jurisdiction of the **people's** court of the place where the contract was executed, the place where the contract was performed, the place where the object of action is located, the place where the distrainable property is located, the place where the tort was committed or the place where the representative office is domiciled.

Article 266 An action instituted for a dispute arising from the performance in the **People's Republic of China** of a Sino-foreign equity joint venture contract, a Sino-foreign cooperative joint venture contract or a contract for Sino-foreign cooperative exploration and development of natural resources shall come under the jurisdiction of the **people's** courts of the **People's Republic of China**.

Chapter XXV Service and Time Periods

Article 267 A **people's** court may serve procedural documents on a party without a domicile within the territory of the **People's Republic of China** in the following ways:
1. service in the way specified in an international treaty concluded between or acceded to by the state of the person to be served and the **People's Republic of China**;
2. service through diplomatic channels;
3. if the person to be served is a national [*113]  of the **People's Republic of China**, entrustment of the embassy or a consulate of the **People's Republic of China** in the state where such person is located with service on its behalf;
4. service on the agent ad litem appointed by the person to be served and authorized to accept service on his behalf;
5. service on the representative office, or the branch or business agent authorized to accept service, established within the territory of the **People's Republic of China** by the person to be served;
6. Service shall be made by post if it is permitted by the **law** of the State of the person to be served. If

the acknowledgment of service is not returned within three months after the date of posting, and various circumstances justify the assumption that the document has been served, the document shall be deemed to have been served on the date of expiry of the time limit;

7. Service by facsimile, e-mail and any other means through which the receipt of the document may be acknowledged;

8. If a document cannot be served by any of the above means, it shall be served by public announcement. The documents shall be deemed to have been served after three months from the date of the public announcement.

 [*114]

Article 268 If a defendant does not have a domicile within the territory of the **People's Republic of China**, the **people's** court shall serve a copy of the statement of claim on the defendant and notify the defendant that he should submit a statement of defence within 30 days from receipt of the copy of the statement of claim. If the defendant applies for an extension of the time limit, the **people's** court shall decide on the application.

Article 269 If a party without a domicile within the territory of the **People's Republic of China** disagrees with the judgment or ruling rendered by the **people's** court of first instance, he shall have the right to lodge an appeal within 30 days from the date on which the judgment or ruling is served. The respondent shall file a statement of defence within 30 days after the date of receipt of the copy of the appeal petition. If a party is unable to lodge an appeal or to submit a defence within the statutory time limit and applies for an extension of the time limit, the **people's** court shall decide on the application.

Article 270 The period for the trial by the **people's** court of civil cases involving foreign parties shall not be subject to the restrictions [*115]  of Articles 149 and 176 of the **Law**.

Chapter XXVI **Arbitration**

Article 271 Where disputes arising from economic, trade, transport or maritime activities involve foreign parties, if the parties have included an **arbitration** clause in their contract or subsequently reach a written **arbitration** agreement that provides that such disputes shall be submitted for **arbitration** to an **arbitration** institution of the **People's Republic of China** for foreign-related disputes or to another **arbitration** institution, no party may institute an action in a **people's** court.
If the parties have neither included an **arbitration** clause in their contract nor subsequently reached a written **arbitration** agreement, an action may be instituted in a **people's** court.

Article 272 If a party applies for preservation, the **arbitration** institution of the **People's Republic of China** for foreign-related disputes shall submit the application to the intermediate **people's** court of the place where the domicile of the person against whom the application is made is located or where the property is located.

Article 273 After an award has been made by an **arbitration** institution of the **People's Republic of China** for foreign-related [*116]  disputes, no party may institute an action in a **people's** court. If a party fails to perform the arbitral award, the other party may apply for execution to the intermediate **people's** court of the place where the domicile of the person against whom an

application is made is located or where the property is located.

Article 274 If the person against whom the application is made presents evidence that the arbitral award made by an **arbitration** institution of the **People's Republic of China** for foreign-related disputes falls under any of the following circumstances, the **people's** court shall, after examination and verification by a collegiate bench formed by the **people's** court, rule to deny execution of the award:
1. the parties have neither included an **arbitration** clause in their contract nor subsequently reached a written **arbitration** agreement;
2. the person against whom the application is made was not requested to appoint an arbitrator or take part in the **arbitration** proceedings or the person was unable to state his opinions due to reasons for which he is not responsible;
3. the composition of the **arbitration** tribunal or the **arbitration** procedure was not in conformity with the rules of [*117]  **arbitration**; or
4. matters decided in the award exceed the scope of the **arbitration** agreement or are beyond the arbitral authority of the **arbitration** institution.
If the **people's** court determines that the execution of the said award would be against public interest, it shall rule to deny execution.

Article 275 If a **people's** court rules to deny execution of an arbitral award, a party may, in accordance with a written **arbitration** agreement between the two parties, re-apply to the **arbitration** institution for **arbitration**, or institute an action in a **people's** court.

Chapter XXVII Judicial Assistance

Article 276 Pursuant to international treaties concluded or acceded to by
the **People's Republic of China** or in accordance with the principle of reciprocity, **people's** courts and foreign courts may request mutual assistance in the service of legal documents, investigation, collection of evidence, and other acts in connection with litigation, on each other's behalf.
If any matter in which a foreign court requests assistance would harm the sovereignty, security or public interest of the **People's Republic of China**, the **people's** court shall refuse to comply with the request.

Article 277 The [*118]  request for and provision of judicial assistance shall be conducted through the channels stipulated in the international treaties concluded or acceded to by
the **People's Republic of China**. Where no treaty relations exist, the request for and provision of judicial assistance shall be conducted through diplomatic channels.
The embassy or a consulate in the **People's Republic of China** of a foreign state may serve documents on, investigate, and take evidence from its citizens, provided that the **law** of
the **People's Republic of China** is not violated and that no compulsory measures are adopted.
Except for the circumstances set forth in the preceding paragraph, no foreign agency or individual may, without the consent of the competent authorities of the **People's Republic of China**, serve documents, carry out an investigation or collect evidence within the territory of the **People's Republic of China**.

Article 278 The letter of request for judicial assistance and its annexes submitted to a **people's** court by a foreign court shall be accompanied by a Chinese translation or a text in another language as specified

in the relevant international treaty.

The letter of request for judicial assistance [*119]  and its annexes submitted to a foreign court by a **people's** court shall be accompanied by a translation in the language of that state or a text in another language as specified in the relevant international treaty.

Article 279 The judicial assistance provided by a **people's** court shall be carried out in accordance with the procedure prescribed by the **law** of the **People's Republic of China**. If a special method is requested by a foreign court, judicial assistance may also be provided using the special method requested, provided that such special method shall not violate the **law** of the **People's Republic of China**.

Article 280 If a party applies for execution of a legally effective judgment or ruling made by a **people's** court and the party subject to execution or his property is not located within the territory of the **People's Republic of China**, the applicant may directly apply for recognition and execution to the foreign court with jurisdiction. Alternatively, the **people's** court may, pursuant to an international treaty concluded or acceded to by the **People's Republic of China** or in accordance with the principle of reciprocity, request the foreign court to recognize and execute the judgment [*120]  or ruling.

If a party applies for execution of a legally effective arbitral award made by an **arbitration** institution of the **People's Republic of China** for foreign-related disputes and the party subject to execution or its property is not located within the territory of the **People's Republic of China**, it shall directly apply for recognition and execution to the foreign court with jurisdiction.

Article 281 If a legally effective judgment or ruling made by a foreign court requires recognition and execution by a **people's** court of the **People's Republic of China**, the party concerned may directly apply for recognition and execution to the intermediate **people's** court with jurisdiction of the **People's Republic of China**. Alternatively, the foreign court may, pursuant to the provisions of an international treaty concluded between or acceded to by the foreign state and the **People's Republic of China**, or in accordance with the principle of reciprocity, request the **people's** court to recognize and execute the judgment or ruling.

Article 282 Having received an application or a request for recognition and execution of a legally effective judgment or ruling of a foreign court, a **people's** court  [*121]  shall review such judgment or ruling pursuant to international treaties concluded or acceded to by the **People's Republic of China** or in accordance with the principle of reciprocity. If, upon such review, the **people's** court considers that such judgment or ruling neither contradicts the basic principles of the **law** of the **People's Republic of China** nor violates State sovereignty, security and the public interest, it shall rule to recognize its effectiveness. If execution is necessary, it shall issue an order of execution, which shall be implemented in accordance with the relevant provisions of the **Law**. If such judgment or ruling contradicts the basic principles of the **law** of the **People's Republic of China** or violates State sovereignty, security or the public interest, the **people's** court shall refuse to recognize and execute the judgment or ruling.

Article 283 If an award made by a foreign **arbitration** institution must be recognized and executed by a **people's** court of the **People's Republic of China**, the party concerned shall directly apply to the intermediate **people's** court of the place where the party subject to execution is domiciled or where his

property is located. The **people's** court [*122]  shall handle the matter pursuant to international treaties concluded or acceded to by the **People's Republic of China** or in accordance with the principle of reciprocity.

Article 284 The **Law** shall be implemented as of the date of promulgation. The Civil Procedure **Law** of the **People's Republic of China** (for Trial Implementation) shall be repealed simultaneously.

**Load Date:** October 27, 2017

LexisNexis **China Law** Database

©2017 LexisNexis **China**, a division of Reed Elsevier Information Technology (Beijing) Co., Ltd. All Rights Reserved

2017 China Law LEXIS 771

# Directory

**SCIA Arbitration Rules** ·················································· **1**

# SCIA Arbitration Rules

(Adopted by the Second Council of SCIA at its seventh meeting, effective as from February 21, 2019. Amended by the Second Council of SCIA at its fourteenth meeting, such amendments shall take effect from October 1, 2020.)

# Shenzhen Court of International Arbitration Arbitration Rules

## CONTENTS

**CHAPTER I  GENERAL PROVISIONS**

| | | |
|---|---|---|
| Article 1 | Arbitration Institution | 6 |
| Article 2 | Jurisdiction | 6 |
| Article 3 | Scope of Application | 7 |
| Article 4 | Place of Arbitration | 8 |
| Article 5 | Language of Arbitration | 9 |
| Article 6 | Service | 10 |
| Article 7 | Bona Fide Cooperation | 11 |

**CHAPTER II  ARBITRATION AGREEMENT AND JURISDICTION**

| | | |
|---|---|---|
| Article 8 | Arbitration Agreements | 12 |
| Article 9 | Independence of Arbitration Agreements | 13 |
| Article 10 | Objection to Jurisdiction and Decision on Jurisdiction | 13 |

**CHAPTER III  COMMENCEMENT OF ARBITRATION PROCEEDINGS**

| | | |
|---|---|---|
| Article 11 | Request for Arbitration | 14 |
| Article 12 | Acceptance of a Case | 15 |
| Article 13 | Notice of Arbitration | 15 |
| Article 14 | Statement of Defence | 15 |
| Article 15 | Counterclaim | 16 |
| Article 16 | Amendments to the Claim or Counterclaim | 17 |

| Article 17 | Single Arbitration on Multiple Contracts | 17 |
| Article 18 | Consolidation of Arbitrations | 18 |
| Article 19 | Concurrent Hearings | 18 |
| Article 20 | Joinder of Additional Parties | 19 |
| Article 21 | Claim between Multiple Parties | 19 |
| Article 22 | Advance Payment of Arbitration Fees and Costs | 20 |
| Article 23 | Submission of Documents | 20 |
| Article 24 | Representatives | 20 |

**CHAPTER IV  INTERIM MEASURES**

| Article 25 | Preservation | 21 |
| Article 26 | Emergency Arbitrator | 22 |

**CHAPTER V  ARBITRAL TRIBUNAL**

| Article 27 | Independence and Impartiality | 24 |
| Article 28 | Application of the Panel of Arbitrators | 24 |
| Article 29 | Number of Arbitrators and Composition of Arbitral Tribunal | 24 |
| Article 30 | Arbitral Tribunal of Three Arbitrators | 25 |
| Article 31 | Sole Arbitrator | 27 |
| Article 32 | Disclosure by Arbitrators | 27 |
| Article 33 | Challenge of Arbitrators | 28 |
| Article 34 | Replacement of Arbitrators | 29 |
| Article 35 | Continuation of Arbitration by Majority Arbitrators | 30 |

**CHAPTER VI  HEARINGS**

| Article 36 | Conduct of Hearing Proceedings | 30 |
| Article 37 | Notice of Hearing | 31 |
| Article 38 | Place of Hearing | 32 |
| Article 39 | Default | 33 |

| | | |
|---|---|---|
| Article 40 | Declaration at the Hearing | 33 |
| Article 41 | Record of Hearing | 33 |
| Article 42 | Evidence | 34 |
| Article 43 | Examination of Evidence | 35 |
| Article 44 | Investigation by the Arbitral Tribunal | 36 |
| Article 45 | Expert Report | 36 |
| Article 46 | Suspension of the Arbitration Proceedings | 37 |
| Article 47 | Withdrawal and Dismissal | 37 |

**CHAPTER VII  MEDIATION AND SETTLEMENT**

| | | |
|---|---|---|
| Article 48 | Mediation by the Arbitral Tribunal | 38 |
| Article 49 | Settlement, Mediation and Negotiation Facilitation | 39 |

**CHAPTER VIII  ARBITRAL AWARD**

| | | |
|---|---|---|
| Article 50 | Time-limit for the Award | 40 |
| Article 51 | Rendering of Arbitral Award | 41 |
| Article 52 | Partial Award | 43 |
| Article 53 | Scrutiny of the Draft Award | 43 |
| Article 54 | Correction of the Award and Additional Award | 44 |
| Article 55 | Re-arbitration | 44 |

**CHAPTER IX  EXPEDITED PROCEDURE**

| | | |
|---|---|---|
| Article 56 | Application | 45 |
| Article 57 | Defence and Counterclaim | 46 |
| Article 58 | Formation of Arbitral Tribunal | 46 |
| Article 59 | Conduct of Hearing Proceedings | 46 |
| Article 60 | Notice of Hearings | 46 |
| Article 61 | Change of Procedure | 47 |
| Article 62 | Other Provisions | 48 |

## CHAPTER X  MISCELLANEOUS

| Article 63 | Arbitration Fees and Costs | 48 |
| Article 64 | Allocation of Fees | 49 |
| Article 65 | Calculation of Time-limits | 50 |
| Article 66 | Confidentiality | 51 |
| Article 67 | Application of Information Technology | 51 |
| Article 68 | Optional Appellate Arbitration Procedure | 51 |
| Article 69 | Waiver of Objection | 52 |
| Article 70 | Limitation of Liability | 52 |
| Article 71 | Interpretation of the Rules | 52 |
| Article 72 | Coming into Force | 53 |

**Appendix: Schedule of Fees and Costs of Arbitration**   **54**

# Shenzhen Court of International Arbitration Arbitration Rules

## CHAPTER I  GENERAL PROVISIONS

### Article 1  Arbitration Institution

1. Shenzhen Court of International Arbitration (also known as the Shenzhen Arbitration Commission and the South China International Economic and Trade Arbitration Commission, formerly known as the China International Economic and Trade Arbitration Commission South China Sub-commission and the China International Economic and Trade Arbitration Commission Shenzhen Sub-commission, hereinafter the "SCIA") is an arbitration institution established in Shenzhen, China.

2. Where all the parties to an arbitration agreement agree to submit their dispute to the SCIA for arbitration, or the name of the arbitration institution agreed by the parties is one of the former names of the SCIA, or it can be inferred that the SCIA is the arbitration institution, the parties shall submit their dispute to the SCIA for arbitration.

### Article 2  Jurisdiction

1. The SCIA accepts arbitration cases related to contractual disputes and other disputes over property rights and interests, including:
    (a)  international or foreign-related disputes;
    (b)  disputes related to the Hong Kong Special Administrative

Region, the Macao Special Administrative Region or Taiwan Region; and

(c)   Chinese Mainland disputes.

2.   The SCIA accepts arbitration cases related to investment disputes between states and nationals of other states.

**Article 3  Scope of Application**

1.   Where the parties agree to submit their dispute to the SCIA for arbitration, unless otherwise agreed, the parties shall be deemed to have agreed to arbitration in accordance with the Arbitration Rules of the Shenzhen Court of International Arbitration (hereinafter "the Rules").

2.   Where the parties agree to refer their dispute to arbitration in accordance with the Rules or the special rules stipulated by the SCIA, they shall be deemed to have agreed to refer their dispute to arbitration by the SCIA.

3.   Where the parties have agreed on the application of other arbitration rules or on a modification of the Rules, the parties' agreement shall prevail unless such agreement cannot be implemented or is in conflict with a mandatory provision of the law applicable to arbitration proceedings. Where the parties have agreed on the application of other arbitration rules, the SCIA shall perform the relevant functions of the administrative authority under those arbitration rules.

4.   Where the parties agree that dispute referred to under Article 2, Paragraph 1(a) or (b) of the Rules be governed by the "Arbitration

Rules of the United Nations Commission on International Trade Law" (hereinafter, the "UNCITRAL Arbitration Rules"), the SCIA shall administrate the case in accordance with the UNCITRAL Arbitration Rules and the "SCIA Guidelines for the Administration of Arbitration under the 'UNCITRAL Arbitration Rules'".

5.   Where the parties submit their dispute referred to under Article 2, Paragraph 2 of the Rules to the SCIA for arbitration, the SCIA shall administer the case in accordance with the UNCITRAL Arbitration Rules and the "SCIA Guidelines for the Administration of Arbitration under the 'UNCITRAL Arbitration Rules'".

6.   Where there is any inconsistency between any special rules or guidelines stipulated by the SCIA and the Rules, the special rules or guidelines shall prevail. As to matters not covered in those special rules or guidelines, the relevant provisions in the Rules shall apply.

7.   The SCIA or an arbitral tribunal shall have the power to resolve any matter not expressly stipulated in the Rules in a manner it deems appropriate.

### Article 4  Place of Arbitration

1.   Where the parties have agreed on the place of arbitration, the parties' agreement shall prevail.

2.   Where the parties have not agreed on the place of arbitration, the place of arbitration shall be the domicile of the SCIA. The SCIA may also determine the place of arbitration to be a location other than the domicile of the SCIA in regard of the circumstances of the case.

3.  The arbitral award shall be deemed to be made at the place of arbitration.

### Article 5  Language of Arbitration

1.  Where the parties have agreed on the language of arbitration, their agreement shall prevail.

2.  In the absence of such agreement, prior to the formation of the arbitral tribunal, the SCIA shall determine the initial language to be used in the arbitration proceedings, due regard being given to such relevant factors as the language of the contract involved. After the formation of the arbitral tribunal, the final language to be used in the arbitration proceedings shall be determined by the arbitral tribunal.

3.  Where the parties have agreed to use more than one language, the arbitral tribunal may, upon obtaining consent from the parties, determine to adopt one language. If the parties fail to reach an agreement thereon, the arbitral proceedings may be conducted in multiple languages as agreed by the parties, in which case the resulting additional costs shall be borne by the parties.

4.  Where a party or its representative or witness requires interpretation at an oral hearing, the party shall provide or request the SCIA to provide an interpreter(s).

5.  The arbitral tribunal or the SCIA may, if it considers it necessary, require the parties to submit a corresponding translation or an abstract of the translation of their documents and evidentiary materials in the language(s) of the arbitration.

6.  The arbitral award shall be made in the language(s) determined under the Paragraph 1, 2 or 3 of this Article.

**Article 6  Service**

1.  Where the parties have agreed upon the means of service, such agreement shall prevail.

2.  Unless otherwise agreed by the parties, all written documents, notices and materials in relation to the arbitration proceedings may be delivered in person or sent by mail, facsimile, electronic mail, or any other means of electronic data interchange that can provide a record of delivery, or by any other means the SCIA considers appropriate.

3.  Any arbitral document, notice or material sent by the SCIA to a party or its representative shall be deemed to have been properly delivered if:

    (a) delivered to the place of business, place of registration, place of residence, address indicated on household registration or on the identification card, address confirmed with the SCIA orally or in writing, any effective address for external use, address provided under the parties' agreements or any other mailing address the SCIA considers appropriate;

    (b) delivered to the addressee's last known mailing address by post or by any other means that provides a record of delivery, if none of the foregoing addresses can be found after reasonable inquiries; or

    (c) the subsequent arbitral documents, notices or materials are delivered to the original service address of the addressee if a party or its representative changes its address after having

received the arbitral documents, notices or materials sent by the SCIA yet did not notify the SCIA of such change.

4.   The time of delivery shall be the earliest time the document, notice or material reaches the addressee by any of the foregoing means of delivery.

5.   Unless otherwise agreed by the parties, the SCIA or the arbitral tribunal may permit a party to directly send arbitral documents and evidentiary materials to the other party at the same time as the submission thereof to the SCIA or the arbitral tribunal, or to send them directly to the online arbitration platform of the SCIA, and then submit the record of delivery to the SCIA. The time of delivery will be determined by the SCIA or the arbitral tribunal according to the record of delivery.

### Article 7  Bona Fide Cooperation

1.   All the parties and their representatives shall proceed with the arbitration in bona fide and cooperative manner.

2.   Where one party or its representative breaches the Rules, the agreements between the parties or the decisions of the arbitral tribunal such that the scheduled procedures are delayed or additional costs are incurred, the arbitral tribunal shall have the power to determine that such party shall bear the consequences therefrom.

3.   All the parties and their representatives shall ensure the authenticity of their statements, submissions and documents, otherwise such party shall bear the consequences therefrom.

# CHAPTER II  ARBITRATION AGREEMENT AND JURISDICTION

### Article 8  Arbitration Agreements

1. An arbitration agreement means an arbitration clause in a contract or any other form of written agreement concluded between the parties providing for arbitration.

2. An arbitration agreement may be concluded between the parties either before or after the occurrence of the dispute.

3. An arbitration agreement shall be in writing, which includes but not limited to, a memorandum of contract, letter or electronic message (including telex, facsimile, electronic mail and electronic data interchange), etc. which is capable of expressing its contents in a tangible form.

4. It shall be deemed that there is an arbitration agreement in writing:
   (a) where its existence is asserted by one party and not denied by the other during the exchange of the Request for Arbitration and the Statement of Defence;
   (b) where one party submits the dispute to the SCIA for arbitration and the other party expresses its agreement on arbitration in writing;
   (c) where one party undertakes in writing to submit the dispute to the SCIA for arbitration and the other party submits the dispute to the SCIA for arbitration; or
   (d) where the parties sign the record of oral hearings or other documents jointly during the arbitration proceedings, stating their agreement to arbitrate in the SCIA.

### Article 9  Independence of Arbitration Agreements

An arbitration clause contained in a contract or an arbitration agreement attached to a contract shall be treated as independent and separate from all other clauses of the contract. The validity of an arbitration agreement shall not be affected by the non-existence, ineffectiveness, invalidity, expiry, rescission, modification, cancellation, suspension, termination, transfer, or impossibility of performance of the underlying contract.

### Article 10  Objection to Jurisdiction and Decision on Jurisdiction

1.  A party may raise its objection to jurisdiction over an arbitral case to the SCIA on grounds such as the nonexistence or invalidity of an arbitration agreement.

2.  An objection to jurisdiction shall be raised in writing before the first oral hearing. Where a case is to be decided on the basis of documents only, such objection shall be raised in writing before the expiry of the time-limit for the submission of the first defence or within ten (10) days from the date of receipt of the notice for a document-based hearing. If a party fails to raise such objection, it shall be deemed to have agreed to the jurisdiction of the SCIA.

3.  The SCIA or the arbitral tribunal authorised by the SCIA, shall have the power to decide on the jurisdiction. The arbitral tribunal may make its decision on jurisdiction either during the arbitration proceedings or in the arbitral award.

4.  The arbitration shall proceed notwithstanding an objection to jurisdiction.

5.   The SCIA or its authorised arbitral tribunal shall decide to dismiss the case upon finding that the SCIA has no jurisdiction. Where a case is to be dismissed before the formation of the arbitral tribunal, the decision shall be made by the SCIA. Where the case is to be dismissed after the formation of the arbitral tribunal, the decision shall be made by the arbitral tribunal.

## CHAPTER III  COMMENCEMENT OF ARBITRATION PROCEEDINGS

### Article 11  Request for Arbitration

1.   A party applying for arbitration shall submit a Request for Arbitration.

2.   The Request for Arbitration shall include:
   (a)  the names and addresses, telephone and facsimile numbers, electronic mail addresses and other contact details of the parties and of their representative(s);
   (b)  a reference to the arbitration agreement that is relied upon;
   (c)  the statement of claim;
   (d)  the facts and grounds on which the claim is based; and
   (e)  the signature and/or the seal affixed by the Claimant or its authorised representative(s).

3.   Evidentiary materials in support of the claim and for the identification of the Claimant shall also be attached to the Request for Arbitration.

4.   The arbitration proceedings shall commence on the day on which the SCIA receives the Request for Arbitration.

**Article 12  Acceptance of a Case**

After the Claimant submits a Request for Arbitration and its attachments, and makes advance payment of arbitration fees under Article 22 of the Rules, the SCIA shall accept the case if it finds the required formalities complete. Otherwise, the SCIA may request the Claimant to complete them within a specified time period. If the formalities remain incomplete upon the expiry of the specified time period, it shall be deemed that no request for arbitration has been made.

**Article 13  Notice of Arbitration**

After the SCIA accepts the Request for Arbitration, the SCIA shall send a Notice of Arbitration to the parties together with one copy of each of the Rules and the SCIA's Panel of Arbitrators; the Request for Arbitration and its attachments submitted by the Claimant shall be forwarded to the Respondent simultaneously.

**Article 14  Statement of Defence**

1.  The Respondent shall submit the Statement of Defence in writing within thirty (30) days from the date of receipt of the Notice of Arbitration.

2.  The Statement of Defence shall include:
    (a) the names and addresses, telephone and facsimile numbers, electronic mail addresses and other contact details of the Respondent and its representative(s);
    (b) the defence, setting forth the facts and grounds on which the defence is based; and
    (c) the signature and/or the seal affixed by the Respondent or its

authorised representative(s).

3.  Evidentiary materials in support of the defence and for the identification of the Respondent shall also be attached to the Statement of Defence.

4.  Where the Respondent applies for an extension of time, if the arbitral tribunal deems any justified reasons exist, the arbitral tribunal may decide to grant an extension. Where the arbitral tribunal has not yet been formed, the decision on whether to grant the extension of the time period shall be made by the SCIA.

5.  Failure by the Respondent to file a Statement of Defence or one that complies with the provisions of the Rules shall not affect the continuation of the arbitration proceedings.

### Article 15  Counterclaim

1.  The Respondent shall submit a counterclaim, if any, in writing within thirty (30) days from the date of receipt of the Notice of Arbitration. If the Respondent fails to submit a counterclaim within the above period, the decision on whether to accept the counterclaim shall be made by the SCIA before the formation of the arbitral tribunal or by the arbitral tribunal after it is formed.

2.  The provisions of Articles 11-12 of the Rules shall apply mutatis mutandis to the submission and acceptance of a counterclaim.

3.  The SCIA shall send a Notice of Acceptance of Counterclaim to the parties if it finds the required formalities for the counterclaim submitted by the Respondent complete.

4.  The provision of Article 14 of the Rules shall apply mutatis mutandis to the defence of counterclaim by the Claimant.

## Article 16  Amendments to the Claim or Counterclaim

1.  Any party may apply in writing to amend its claim or counterclaim.

2.  The decision to grant the application for such amendments shall be made by the SCIA before the formation of the arbitral tribunal or by the arbitral tribunal after it is formed. The SCIA or the arbitral tribunal has the power to reject such amendments if it considers that the amendments will delay the arbitration proceedings, be unfair to the other party or result in other circumstances that may not be appropriate for such amendments.

3.  Amendments to the claim or the counterclaim shall not affect the conduct of the arbitration proceedings.

4.  The provisions of Articles 11-14 of the Rules shall apply mutatis mutandis to the submission of, acceptance of, and defence to the amendments to the claim or counterclaim.

## Article 17  Single Arbitration on Multiple Contracts

1.  Claims arising from more than one contract, a principal contract and its subordinate contract(s), or a contract and its related contract(s) between the parties may be jointly made in a single arbitration, if it is agreed under all arbitration agreements of the such contracts to refer disputes to arbitration by the SCIA and the relevant disputes arise from the same transaction or a series of transactions.

2. Where an objection is raised by the Respondent, the decision shall be made by the SCIA or the arbitral tribunal authorised by the SCIA.

### Article 18  Consolidation of Arbitrations

1. With the written consent by all parties, the SCIA may consolidate two or more pending arbitrations into a single arbitration to be decided by one arbitral tribunal.

2. Unless otherwise agreed by all the parties or otherwise determined by the SCIA, the arbitrations shall be consolidated into the arbitration that commenced first.

3. Following the consolidation of arbitrations, decisions on procedural matters shall be made by the SCIA before an arbitral tribunal is formed or by the arbitral tribunal after it is formed.

4. Where the arbitrations are consolidated, the arbitral tribunal shall have the discretion to either render a joint arbitral award on disputes between the parties, or render several arbitral awards separately.

### Article 19  Concurrent Hearings

Where two or more arbitration cases involve the same or similar or related legal or factual issues and the arbitral tribunal is composed of the same arbitrators, the hearings may be held concurrently with the consent of the parties.

**Article 20  Joinder of Additional Parties**

1. Any party in a pending arbitration may apply in writing to join an additional party under the same arbitration agreement to the arbitration. The decision on whether to grant such joinder shall be made by the arbitral tribunal or, if it is not yet formed, by the SCIA.

2. Subject to the unanimous consent of the parties and the additional party, the additional party may apply in writing to join the arbitration proceedings. The decision on whether to accept such application shall be made by the arbitral tribunal or, if it is not yet formed, by the SCIA.

3. Where the SCIA has agreed to grant a joinder prior to the formation of the arbitral tribunal, the parties shall appoint arbitrators to form the arbitral tribunal in accordance with the provisions of Articles 28-31 of the Rules, with the time-limit stipulated therein be calculated from the date when the decision to grant the joinder is served. Where the SCIA has agreed to grant a joinder after the formation of the arbitral tribunal, the arbitral tribunal shall continue to hear the case. Any party that fails to participate in the formation of an arbitral tribunal shall be deemed to have waived such right, without prejudice to its right to challenge the arbitrators under Article 33 of the Rules.

**Article 21  Claim between Multiple Parties**

1. Where there are two or more Claimants or Respondents in a single arbitration, or an additional party is joined in the arbitration proceedings, any party can raise claims against any other party

under the same arbitration agreement. The decision to accept such claims shall be made by the SCIA before an arbitral tribunal is formed, or by the arbitral tribunal after it is formed.

2. The provisions of Articles 11-16 shall apply mutatis mutandis to the submission and acceptance of, defence(s) to, and amendments of claims raised under this Article.

**Article 22  Advance Payment of Arbitration Fees and Costs**

1. A party making claims, counterclaims, or amendments to claims or counterclaims shall pay the arbitration fees and costs in advance within the required time-limit in accordance with the notice of the SCIA.

2. If a party requests for a set-off of any claim and such request requires the arbitral tribunal to consider additional matters, the request for set-off shall be regarded as an independent claim in terms of calculating the amount of arbitration fees and costs.

**Article 23  Submission of Documents**

Unless otherwise agreed by the parties, the SCIA or the arbitral tribunal may require the parties to submit the Request for Arbitration, the Statement of Defence, the Statement of Counterclaim, the evidentiary documents, and other written documents through electronic means and/or as a hard copy.

**Article 24  Representatives**

A party may be represented by its authorised representative(s)

including but not limited to the counsel from the Chinese Mainland or from jurisdictions outside the Chinese Mainland, in handling matters relating to the arbitration. In such a case, a Power of Attorney specifying the matters and scope of authorization shall be submitted to the SCIA.

## CHAPTER IV  INTERIM MEASURES

### Article 25  Preservation

1.  A party may apply for preservation of property or to require the other party to perform or to refrain from performing a specific act before the commencement of or during the arbitration proceedings if, due to emergency, the legitimate interests of the party applying for preservation may suffer irreparable damages without an immediate preservation, or if the other party's acts or some other circumstances may render the arbitral award impossible or difficult to be enforced.

2.  A party may apply for preservation of evidence before the commencement of or during the arbitration proceedings, where it is likely that the evidence may be destroyed, lost, or become difficult to obtain later on.

3.  If the place of arbitration is in Chinese Mainland, the party that applies for preservation before the commencement of the arbitration proceedings may directly submit the application to a competent court; if a party applies for preservation during the arbitration proceedings, the SCIA shall forward the application for preservation to a competent court. If the place of arbitration is in other countries or regions, the party that applies for preservation

shall, according to the applicable laws, submit the application to a competent court or an arbitral tribunal for determination.

### Article 26  Emergency Arbitrator

1.  Where it is permissible under the applicable laws to the arbitration proceedings, a party who needs to apply for interim measure(s) due to any emergency may, during the time period between the commencement of the arbitration proceedings and the formation of the arbitral tribunal, submit a written application to the SCIA for the appointment of an emergency arbitrator. The decision on whether to grant such application for appointment shall be made by the SCIA.

2.  The written application shall include:
    (a) the names and addresses, telephone and facsimile numbers, electronic mail addresses and other contact details of the relevant parties and their representative(s);
    (b) the interim measure(s) being sought and the grounds of the application; and
    (c) opinions on the place, language, and applicable laws on the emergency arbitration proceedings.

3.  If the SCIA determines that the emergency arbitration proceedings shall be commenced, the SCIA shall appoint an emergency arbitrator within two (2) days after receipt of both the application and the payment of fees required for the emergency arbitrator, and notify all the parties of such appointment. The SCIA shall forward the application documents and its attachments submitted by the applicant to the other party simultaneously.

4.  The provisions of Articles 32-33 shall apply mutatis mutandis to the disclosure by and challenge to an emergency arbitrator. A party wishing to challenge the arbitrator on the basis of the matters disclosed by the arbitrator shall submit the challenge in writing within two (2) days after the written disclosure by the arbitrator is received. If a party fails to submit a challenge within the above time-limit, the party shall not subsequently challenge the arbitrator on the grounds of the matters disclosed by the arbitrator.

5.  Unless otherwise agreed by the parties, the emergency arbitrator shall not act as an arbitrator for any such arbitration relating to the application of such interim measure(s).

6.  The emergency arbitrator shall have the power to review the interim measure(s) applied for by any party in such a manner as the arbitrator considers appropriate, and ensure that each party shall have a reasonable opportunity to be heard.

7.  The emergency arbitrator shall make the decisions with the grounds within fourteen (14) days from the date of appointment. The parties shall comply with such decisions made by the emergency arbitrator.

8.  A party wishing to object to the decisions made by the emergency arbitrator may apply to the arbitrator for modification, suspension, or revocation of such decisions within three (3) days upon the receipt of such decisions. Whether to grant such application shall be decided by the arbitrator.

9.  The arbitral tribunal, after being formed, may modify, suspend, or revoke the decisions made by the emergency arbitrator.

## CHAPTER V  ARBITRAL TRIBUNAL

### Article 27  Independence and Impartiality

Every arbitrator shall be and remain impartial and independent of the parties involved in the arbitration.

### Article 28  Application of the Panel of Arbitrators

1.  The parties shall appoint arbitrators from the Panel of Arbitrators of Shenzhen Court of International Arbitration (hereinafter, the "Panel of Arbitrators").

2.  Where an arbitration is governed by the UNCITRAL Arbitration Rules or the SCIA Rules of Maritime and Logistics Arbitration, the parties may either appoint arbitrator(s) from the Panel of Arbitrators or nominate arbitrator candidate(s) outside the Panel of Arbitrators. The candidate(s) so nominated may serve as arbitrator(s) after being confirmed by the SCIA.

3.  Where an arbitration is governed by the expedited procedure of the Rules, the SCIA Arbitration Rules for Financial Loan Disputes, or the SCIA Online Arbitration Rules, the parties shall appoint arbitrator(s) from the Panel of Arbitrators or the SCIA List of Arbitrators for Specific Types of Cases.

### Article 29  Number of Arbitrators and Composition of Arbitral Tribunal

1.  The parties may reach an agreement on the number of arbitrators, which may be one (1) or three (3) persons.

2. Unless otherwise agreed by the parties or provided by the Rules, an arbitral tribunal shall be composed of three arbitrators.

3. Parties may agree on the means of appointing arbitrators, unless such agreement cannot be implemented or is in conflict with a mandatory provision of the law applicable to arbitration proceedings.

**Article 30  Arbitral Tribunal of Three Arbitrators**

1. Unless otherwise agreed by the parties, within fifteen (15) days from the date of receipt of the Notice of Arbitration, the Claimant and the Respondent shall each appoint, or entrust the President of the SCIA to appoint, an arbitrator, failing which, the arbitrator shall be appointed by the President of the SCIA. Where there are two or more Claimants and/or Respondents in an arbitration, the Claimant side and/or the Respondent side shall each jointly appoint or jointly entrust the President of the SCIA to appoint one arbitrator, failing which, the arbitrator shall be appointed by the President of the SCIA.

2. Unless otherwise agreed by the parties, within fifteen (15) days from the date of the Respondent's receipt of the Notice of Arbitration, the parties shall jointly appoint or jointly entrust the President of the SCIA to appoint the presiding arbitrator, failing which, the presiding arbitrator shall be appointed by the President of the SCIA. Where any party expressly waives in writing the right to jointly appoint or jointly entrust the President to appoint the presiding arbitrator, the presiding arbitrator shall be appointed by the President of the SCIA, not subject to the above time-limit.

3.  In the alternative, the parties may agree, and the President of the SCIA may also decide that the presiding arbitrator shall be appointed jointly by the two appointed arbitrators under Paragraph 1 of this Article. Unless otherwise agreed by the parties, where the two appointed arbitrators fail to appoint the presiding arbitrator within ten (10) days from the date of the appointment of the second arbitrator, the presiding arbitrator shall be appointed by the President of the SCIA.

4.  At the request of or with the consent of the parties, the President of the SCIA may recommend a list of more than three (3) candidates for the presiding arbitrator for each of the parties to rank in the order of their respective preference within five (5) days of receipt of the list. Out of the recommended candidates, a candidate placed in the highest ranking in the lists of both parties shall be deemed to be jointly appointed by both parties as the presiding arbitrator. If there is more than one candidate being placed in the highest ranking, the President of the SCIA shall choose one of them as the presiding arbitrator jointly appointed by the parties.

5.  At the request of or with the consent of the parties, the President of the SCIA may recommend a list of more than three (3) candidates for the presiding arbitrator, from which each of the parties may choose one as its preferred presiding arbitrator within five (5) days of receipt of the list. Where a candidate is chosen by both parties, such candidate shall be deemed to have been jointly appointed by both parties as presiding arbitrator. If more than one candidate are chosen by both parties, the President of SCIA shall decide one of them as the presiding arbitrator, who shall be deemed to have been jointly appointed by the parties. If the candidate chosen by the respective parties is not the same person, the President shall

— 26 —

appoint an arbitrator other than those recommended candidates to be the presiding arbitrator.

6.  At the request of or with the consent of the parties, the President of the SCIA may recommend a list of more than three (3) candidates for the presiding arbitrator from which each of the parties may remove one or several of the given choices within five (5) days of receipt of the list. The presiding arbitrator shall be determined by the President of the SCIA from the remaining candidates; Where all candidates are excluded, the presiding arbitrator shall be appointed by the President of the SCIA outside the list of the candidates.

### Article 31  Sole Arbitrator

Where the arbitral tribunal is composed of a sole arbitrator, the sole arbitrator shall be appointed pursuant to the procedures stipulated in Article 30, Paragraph 2, 4, 5 or 6 of the Rules.

### Article 32  Disclosure by Arbitrators

1.  Upon being appointed, each arbitrator shall sign a Declaration to undertake to conduct arbitration independently and impartially.

2.  The arbitrator shall disclose in the Declaration any circumstances he/she is aware of that are likely to give rise to reasonable doubts as to his/her impartiality or independence.

3.  Where any circumstance occurs during the arbitration proceedings after the Declaration is signed which is necessary to be disclosed, the arbitrator shall disclose in writing immediately after such

circumstance takes place.

**Article 33  Challenge of Arbitrators**

1.  A party wishing to challenge the arbitrator on the grounds of the information disclosed by the arbitrator shall forward the challenge in writing within ten (10) days from the date of such receipt. Failing to file a challenge within the above time period, the party may not subsequently challenge the arbitrator on the grounds of the information disclosed by the arbitrator.

2.  A party which has justifiable doubts as to the impartiality or independence of an arbitrator may challenge that arbitrator in writing and shall state the reasons on which the challenge is based and provide supporting evidence.

3.  The challenge by one party shall be promptly communicated to the other party and all the members of the arbitral tribunal.

4.  Where an arbitrator is challenged by one party and the other party agrees to the challenge, or the arbitrator being challenged voluntarily withdraws from his/her office, such arbitrator shall no longer be a member of the arbitral tribunal. However, in neither case shall it be implied that the reasons for the challenge are sustained.

5.  In circumstances other than those specified in Paragraph 4 of this Article, the President of the SCIA shall make a final decision on the challenge. An arbitrator who has been challenged shall continue to serve on the arbitral tribunal until a final decision on the challenge has been made by the President of the SCIA.

6.   A party who, after receiving the notice on the formation of the arbitral tribunal, engages its representative who may give rise to grounds for the challenge of any arbitrator, shall have no right to challenge the arbitrator on those grounds; the right of the other party to challenge the arbitrator shall not, however, be affected. Consequences including but not limited to additional costs due to any resultant delay in the arbitration proceedings under these circumstances shall be borne by the party responsible for giving rise to the grounds for challenge.

### Article 34  Replacement of Arbitrators

1.   An arbitrator shall be replaced if he/she becomes unable to fulfil his/her functions due to, inter alia, being challenged or voluntary withdrawal from his/her office or other specific reasons.

2.   Where an arbitrator is prevented de jure or de facto from fulfilling his/her functions, or fails to fulfil his/her functions in accordance with the requirements of the Rules, the President of the SCIA shall have the power to replace the arbitrator and the parties and all the members of the arbitral tribunal shall be given opportunity to opine in writing.

3.   If the arbitrator to be replaced was appointed by a party, the party shall appoint a substitute arbitrator in the same manner as that of appointing the original arbitrator within five (5) days from the date of the receipt of the notice of replacement; if the party fails to appoint a substitute arbitrator within the prescribed time-limit or if the arbitrator to be replaced was appointed by the President of the SCIA, the substitute arbitrator shall be appointed by the President of the SCIA.

4.  Unless otherwise agreed by the parties, following the replacement of any arbitrator, the arbitral tribunal shall determine whether all or part of the arbitration proceedings having been conducted shall be restarted. If the arbitral tribunal decides to restart all the proceedings, the time-limit for the arbitral award under the Article 50 of the Rules shall be recalculated to start from the date when the arbitral tribunal decides to restart all the proceedings.

**Article 35  Continuation of Arbitration by Majority Arbitrators**

After the conclusion of the last oral hearing, if an arbitrator of a three-member tribunal is unable to participate in the arbitration proceedings due to certain reasons, the President of the SCIA may replace that arbitrator pursuant to Article 34 of the Rules. Upon the approval of the parties and the President of the SCIA, the other two arbitrators may also continue the arbitration proceedings and render decisions or arbitral awards.

## CHAPTER VI  HEARINGS

**Article 36  Conduct of Hearing Proceedings**

1.  Unless otherwise agreed by the parties, the arbitral tribunal shall have the power to decide procedural matters, and conduct the arbitration in such a manner as it considers appropriate. Under all circumstances, the arbitral tribunal shall act independently and impartially, treat the parties fairly and equitably, and shall afford reasonable opportunities to all parties to make submissions and arguments.

2.  Where the arbitral tribunal cannot reach consensus over

procedural matters, the arbitration proceedings shall be conducted in accordance with the opinion of a majority of the arbitrators. Where the arbitral tribunal cannot reach a majority opinion, the arbitration proceedings shall be conducted in accordance with the presiding arbitrator's opinion.

3.  The arbitral tribunal may, if it considers it necessary, issue procedural orders or question lists, hold pre-hearing conferences, produce terms of reference, require pre-hearing exchange of evidence or discovery of relevant documents by the parties, request submission of agreed list of issues by the parties, and exercise the power of interpretation to the extent permissible under the governing law.

4.  Unless otherwise stipulated by the Rules, the arbitral tribunal shall hold oral hearings. However, the arbitral tribunal may conduct the arbitration only on the basis of documents if the arbitral tribunal deems that oral hearings are unnecessary and the parties so agree.

5.  Where the parties agree to conduct the arbitration on the basis of documents only, their agreement shall prevail; except where the arbitral tribunal deems that oral hearings are necessary, in which case it may hold oral hearings.

6.  The parties may agree to adopt inquisitorial, adversarial or other approaches in the oral hearings.

**Article 37  Notice of Hearing**

1.  Where an arbitration is to be conducted by way of an oral hearing, the parties shall be notified of the date of the first oral hearing

at least ten (10) days prior to the oral hearing. A party having justified reasons may request a postponement of the oral hearing. However, such request must be communicated in writing to the arbitral tribunal at least five (5) days prior to the fixed oral hearing date. The arbitral tribunal shall decide whether or not to postpone the oral hearing.

2. Where a party has justified reasons for failure to submit a request for a postponement of the oral hearing within the time period specified in the preceding Paragraph 1, the arbitral tribunal shall decide whether or not to accept the request.

3. A notice of a subsequent oral hearing and a notice of a postponed oral hearing shall not be subject to the time periods specified in the preceding Paragraph 1.

4. Where the parties have agreed, the arbitral tribunal may hold the hearing earlier than the scheduled time.

### Article 38  Place of Hearing

1. Unless otherwise agreed by the parties, the place of oral hearings shall be the domicile of the SCIA, or if the arbitral tribunal considers it necessary and with the approval of the SCIA, at another location.

2. Where the parties have agreed to hold an oral hearing at a place other than the domicile of the SCIA, the additional costs so generated shall be borne by the parties. The parties shall deposit in advance for such additional costs in accordance with the proportion agreed by them or decided upon by the SCIA. If such

deposit is not made, the hearing shall be held at the domicile of the SCIA.

## Article 39  Default

1.  If the Claimant fails to appear at an oral hearing without valid excuses, or withdraws from an on-going oral hearing without the permission of the arbitral tribunal, the Claimant shall be deemed to have withdrawn its Request for Arbitration. In such a case, if the Respondent has filed a counterclaim, the arbitral tribunal shall proceed with the hearing of the counterclaim.

2.  If the Respondent fails to appear at an oral hearing without valid excuses, or withdraws from an on-going oral hearing without the permission of the arbitral tribunal, the arbitral tribunal shall make a default hearing, and proceed with the arbitration. In such a case, if the Respondent has filed a counterclaim, the Respondent shall be deemed to have withdrawn its counterclaim.

## Article 40  Declaration at the Hearing

At the oral hearing, the arbitral tribunal shall read out a declaration of independence and impartiality; the parties and their representatives, witnesses, appraisers, and other related parties may read out a declaration of good faith and bona fide cooperation.

## Article 41  Record of Hearing

1.  The arbitral tribunal shall make a written record of the oral hearings, and may make an audio or video record of the oral hearings. The parties may request and obtain a copy of such written record.

2. Arbitrators, parties and/or their representatives, witnesses and/or other persons involved are required to sign the written record. If the parties or other participants to the arbitration consider that the record has omitted a part of their statements or is incorrect in some respect, they may request for correction thereof. Such request shall be recorded if the arbitral tribunal does not grant the rectification.

3. Upon a joint request by both parties, or a request by one party that has been approved by the arbitral tribunal, or a decision of the arbitral tribunal, the SCIA may appoint one or more stenographers for the arbitral tribunal or use other means to record the oral hearing.

**Article 42  Evidence**

1. The arbitral tribunal may specify a time period for the parties to produce evidence and the parties shall produce evidence within the specified time period. The arbitral tribunal shall have the power to refuse to admit any evidence produced after that time period.

2. Each party shall bear the burden of proving the facts upon which its claims, defences or counterclaims are based. The arbitral tribunal shall have the power to assign the burden of proof between the parties.

3. If a party bearing the burden of proof fails to produce evidence within the specified time period, or if the produced evidence is not sufficient to support its claims, defences or counterclaims, it shall bear the consequences thereof.

4.   Where a party applies to produce witness in the oral hearings, it shall notify in its application to the arbitral tribunal the identity information of the witness, the witness statement and language to be used by the witness.

5.   As to the law and other professional issues, the parties may engage an expert witness on such relevant issues to provide written submissions and/or testify in the oral hearings.

6.   Where the parties have an agreement specifying the applicable evidence rules, their agreement shall prevail, unless the agreement cannot be implemented or is in conflict with a mandatory provision of the law as it applies to the arbitration proceedings.

### Article 43  Examination of Evidence

1.   Unless otherwise agreed by the parties, the evidence shall be produced at the hearing and may be examined by the parties.

2.   Where a case is to be decided on the basis of documents only, or where the evidentiary materials are to be submitted after the hearing, and the parties agree to examine the evidentiary materials in writing, the parties shall submit their written opinions on the documents or the evidentiary materials within the time period specified by the arbitral tribunal.

3.   Evidence that the parties have jointly recognised or have no objection to shall be considered as examined evidence.

4.   A party who provides forged evidence shall bear the consequences accordingly, and the arbitral tribunal shall have the power to reject

the claims or counterclaims submitted by the party so concerned.

**Article 44  Investigation by the Arbitral Tribunal**

1.  Where the arbitral tribunal considers it necessary, or where a party so requests and the arbitral tribunal agrees, the arbitral tribunal may undertake investigations and collect evidence on its own initiative.

2.  When investigating and collecting evidence at site, the arbitral tribunal shall notify the parties to be present in a timely fashion when it thinks necessary. In the event that the parties fail to be present after being notified, the investigation and collection of evidence shall proceed without being affected.

3.  Information investigated or evidence collected by the arbitral tribunal shall be forwarded to the parties for their comments.

**Article 45  Expert Report**

1.  Where the arbitral tribunal considers it necessary, or where a party so requests and the arbitral tribunal agrees, the arbitral tribunal may appoint experts for, inter alia, appraisal, audit, evaluation, testing or consultancy to produce expert report.

2.  The arbitral tribunal may notify the parties to jointly nominate an expert within a time period specified by the arbitral tribunal. If the parties fail to do so, the expert shall be appointed by the arbitral tribunal.

3.  The parties shall pay advance deposits for the expert costs in

accordance with the proportion agreed by them or decided by the arbitral tribunal. The arbitral tribunal may decide not to conduct the arbitral proceeding provided in Paragraph 1 if the parties do not deposit in advance.

4.   Copies of the expert report shall be forwarded to the parties for their comments. The arbitral tribunal may notify the expert to participate at an oral hearing to explain the expert report if the arbitral tribunal considers it necessary, or if a party so requests.

**Article 46  Suspension of the Arbitration Proceedings**

1.   Where parties request a suspension of the arbitration proceedings, or under circumstances where such suspension is necessary pursuant to relevant law or provisions of the Rules, the arbitration proceedings may be suspended by the arbitral tribunal. Where the arbitral tribunal has not yet been formed, such decision shall be made by the SCIA.

2.   The arbitration proceedings shall resume as soon as the reason for the suspension no longer exists.

**Article 47  Withdrawal and Dismissal**

1.   A party may withdraw its claims or counterclaims in its entirety. In the event that the Claimant withdraws its claims in its entirety, the arbitral tribunal shall proceed with its examination of the counterclaims and render an arbitral award thereon. In the event that the Respondent withdraws its counterclaims in its entirety, the arbitral tribunal shall proceed with the examination of the claims and render an arbitral award thereon.

2. A case shall be dismissed by the arbitral tribunal if the claims and counterclaims have been withdrawn in their entirety. Where a case is to be dismissed prior to the formation of the arbitral tribunal, the SCIA shall make a decision on the dismissal. The SCIA or the arbitral tribunal shall have the power to determine that the relevant arbitration fees and costs be borne by the party that withdraws the claims or counterclaims, unless otherwise agreed by the parties where the agreement of the parties shall prevail.

3. Where a party requests to withdraw its claims or counterclaims in its entirety after the oral hearings, the arbitral tribunal may give the other party a reasonable opportunity to express its opinions. Should the other party make a reasonable objection, and the arbitral tribunal considers that there is a justified reason to resolve the dispute through rendering the arbitral award, the arbitral tribunal shall have the power to continue the arbitration proceedings.

## CHAPTER VII  MEDIATION AND SETTLEMENT

### Article 48  Mediation by the Arbitral Tribunal

1. Where the parties wish to mediate, the arbitral tribunal may conduct mediation during the arbitration proceedings. If the parties agree that the arbitrator(s) conduct the mediation, the arbitrator(s) who have conducted the mediation can continue to serve on the arbitral tribunal in the subsequent arbitration proceedings, unless otherwise agreed by the parties or provided by the applicable laws.

2. The arbitral tribunal may mediate in a manner it considers appropriate. With the consent of each party, the mediation may be

conducted by all or some members of the arbitral tribunal.

3. Where either party requests for the joinder of an additional party in the mediation proceedings and the other parties and the said additional party so agree, the arbitral tribunal may notify the said additional party to join the mediation.

4. During the mediation, the arbitral tribunal shall terminate the mediation if either party so requests or if the arbitral tribunal deems that further mediation would be futile.

5. Where mediation reaches a settlement, the parties may withdraw their claims or counterclaims, or may request the arbitral tribunal to render an arbitral award or a mediation statement in accordance with the terms of the settlement agreement.

6. Where mediation fails, acceptance or opposition, expressed in any statement, view, opinion, proposal or proposition, by either party or by the arbitral tribunal in mediation, cannot be invoked by either party as grounds for supporting any claims, defences or counterclaims in the subsequent arbitration proceedings, judicial proceedings, or any other proceedings.

**Article 49  Settlement, Mediation and Negotiation Facilitation**

1. The parties may reach a settlement agreement by themselves, or apply to the SCIA Mediation Centre, or other mediation institutions recognised by the SCIA for mediation, or may apply for negotiation to the SCIA Negotiation Facilitation Centre.

2. Where a settlement agreement is reached in accordance with

Paragraph 1, the parties may apply to the arbitral tribunal for rendering an arbitral award or a mediation statement in accordance with the terms of the settlement agreement or apply to withdraw the arbitration case. In the event the parties have not requested for arbitration or the arbitral tribunal has not yet been formed, and the parties apply for rendering an arbitral award or a mediation statement in accordance with the settlement agreement, unless otherwise agreed by the parties, the President of the SCIA shall appoint a sole arbitrator to form the arbitral tribunal to conduct the arbitration in appropriate procedures and render an arbitral award or a mediation statement in due course. The specific procedures and time-limit shall not be subject to other provisions of the Rules.

3. The SCIA or the arbitral tribunal shall have the power to request the parties to make statements to ensure the legitimacy and authenticity of the settlement agreement, and to promise not to harm the interest of third persons to the case or the public interest, and other relevant circumstances. If the arbitral tribunal has reasonable doubts on the legitimacy and authenticity of the settlement agreement, or believes that rendering an arbitral award or a mediation statement in accordance with such settlement agreement may be prejudicial to the interest of third persons to the case or the public interest, it shall reject the application to render an arbitral award or a mediation statement in accordance with the terms of the settlement agreement.

## CHAPTER VIII   ARBITRAL AWARD

### Article 50  Time–limit for the Award

1. For cases under Article 2, Paragraph 1(a) and (b), the arbitral

tribunal shall render an arbitral award within six (6) months from the date on which the arbitral tribunal is formed.

2.  For cases under Article 2, Paragraph 1(c), the arbitral tribunal shall render an arbitral award within four (4) months from the date on which the arbitral tribunal is formed.

3.  For cases under Article 2, Paragraph 1 that may apply the Expedited Procedure under Chapter IX, the arbitral tribunal shall render an arbitral award within two (2) months from the date on which the arbitral tribunal is formed.

4.  Where there are special circumstances or adequate reasons justifying an extension of the duration of the arbitration, the SCIA may approve an appropriate extension upon the request of the arbitral tribunal.

5.  The following periods shall be excluded when calculating the time-limit in the preceding paragraphs:
    (a) Period of appointing experts for, inter alia, appraisal, audit, evaluation, testing, consultancy pursuant to Article 45;
    (b) Any period of settlement, mediation and negotiation facilitation pursuant to Article 48 and Article 49; and
    (c) Any suspension period pursuant to relevant provisions of law and the Rules.

**Article 51  Rendering of Arbitral Award**

1.  The arbitral tribunal shall independently and impartially render an arbitral award in a fair and reasonable manner, based on the facts and in accordance with the applicable laws and the universally

acknowledged legal principles, and with reference to commercial practices.

2.  Where the parties have agreed on the law as it applies to the merits of their dispute, the parties' agreement shall prevail. In the absence of such an agreement or where such agreement is in conflict with a mandatory provision of the law of the place of arbitration, the arbitral tribunal shall determine which law is applicable.

3.  The arbitral tribunal shall state in the arbitral award the claims, the facts of the dispute, the reasons on which the arbitral award is based, the decision on the claims, the allocation of the arbitration costs, the date of the arbitral award, and the place of the arbitration. The facts of the dispute and the reasons on which the arbitral award is based may not be stated in the arbitral award if the parties have so agreed, or if the arbitral award is rendered in accordance with the terms of a settlement agreement between the parties. The arbitral tribunal has the power to determine the specific time period for the parties to carry out the arbitral award and the liabilities for failure to do so within the specified time period.

4.  Where a case is arbitrated by an arbitral tribunal formed of three arbitrators, the arbitral award shall be rendered by all three arbitrators or a majority of the arbitrators. A written dissenting opinion shall be kept with the file and may be notified to the parties together with the arbitral award. Such dissenting opinion shall not form a part of the arbitral award. Where the arbitral tribunal cannot reach a majority opinion, the arbitral award shall be rendered in accordance with the presiding arbitrator's opinion. The written opinions of the other arbitrators shall be kept with

the file and may be notified to the parties together with the award. Such written opinions shall not form a part of the award.

5.  The arbitral award shall be signed by arbitrators. An arbitrator who has a dissenting opinion may or may not sign his/her name on the arbitral award.

6.  The date on which the arbitral award is rendered shall be the date on which the arbitral award comes into legal effect.

7.  The seal of the SCIA shall be affixed to the arbitral award.

8.  The arbitral award is final and binding upon the parties, except for cases in which the parties agree to apply the Optional Appellate Arbitration Procedure. The effectiveness of such arbitral award shall be determined according to article 68 of the Rules and the "Guidelines for the Optional Appellate Arbitration Procedure of the Shenzhen Court of International Arbitration".

**Article 52  Partial Award**

Where the arbitral tribunal considers it necessary, or where a party so requests and the arbitral tribunal agrees, the arbitral tribunal may render a partial award on any part of the claim before rendering the arbitral award in accordance with Article 51. A partial award is final and binding upon the parties.

**Article 53  Scrutiny of the Draft Award**

The arbitral tribunal shall submit its draft award to the SCIA for scrutiny before signing. The SCIA may suggest modifications on the

form of the draft award and may also draw the attention of the arbitral tribunal to substantive issues without affecting its independence.

### Article 54  Correction of the Award and Additional Award

1.  Within thirty (30) days after its receipt of the arbitral award, either party may request the arbitral tribunal in writing for a correction of any clerical, typographical or computational errors, or any errors of a similar nature contained in the award. If such an error does exist in the arbitral award, the arbitral tribunal shall make a correction in writing within thirty (30) days of receipt of the written request for the correction.

2.  Either party may, within thirty (30) days from its receipt of the arbitral award, request the arbitral tribunal in writing for an additional award on any claim which was advanced in the arbitration proceedings but was omitted from the arbitral award. If such an omission does exist, the arbitral tribunal shall render an additional award within thirty (30) days of receipt of the written request.

3.  The arbitral tribunal may, on its own initiative, make corrections of the arbitral award or render additional award in writing, within a reasonable time period after the arbitral award is rendered.

4.  Such correction of award or additional award in writing shall form a part of the arbitral award.

### Article 55  Re–arbitration

1.  Where a competent court notifies the case be re-arbitrated in

accordance with provisions of law, the case shall be arbitrated by the original arbitral tribunal. Where the member(s) of the original arbitral tribunal is/are unable to fulfil his/her duties due to being challenged or voluntary withdrawal from his/her office or other specific reasons, a substitute arbitrator shall be appointed under Article 34.

2. The arbitral tribunal shall decide on the specific procedures for the case to be re-arbitrated.

3. The arbitral tribunal shall render an arbitral award after the re-arbitration in accordance with the Rules.

4. The re-arbitral award shall replace the original award. The parties shall carry out the re-arbitral award.

## CHAPTER IX  EXPEDITED PROCEDURE

### Article 56  Application

1. Expedited Procedure shall apply to any case where the amount in dispute does not exceed RMB3,000,000 Yuan; or to any case where the amount in dispute exceeds RMB3,000,000 Yuan but the parties agree in writing that the Expedited Procedure shall apply; or to any case where the parties agree to apply the Expedited Procedure or Summary Procedure.

2. Where the amount in dispute is not clear, the SCIA shall determine whether or not to apply the Expedited Procedure after a full consideration of relevant factors, including but not limited to the complexity of the case and the interests involved.

### Article 57  Defence and Counterclaim

1.   The Respondent shall submit its Statement of Defence and evidentiary materials within ten (10) days after receipt of the Notice of Arbitration.

2.   The Respondent shall submit its counterclaim (if any) in writing within ten (10) days after receipt of the Notice of Arbitration. The Claimant shall submit its Statement of Defence to the Respondent's counterclaim within ten (10) days after receipt of the Notice of Acceptance of Counterclaim.

### Article 58  Formation of Arbitral Tribunal

For any case that applies the Expedited Procedure, an arbitral tribunal of a sole arbitrator shall be formed in accordance with Article 31 to hear the case. The sole arbitrator shall be selected from the Panel of Arbitrators or the SCIA List of Arbitrators for Special Types of Cases.

### Article 59  Conduct of Hearing Proceedings

The arbitral tribunal may conduct the arbitration in the manner it considers appropriate. The arbitral tribunal may decide whether to conduct the arbitration solely on the basis of the written materials and evidence submitted by the parties or to hold an oral hearing.

### Article 60  Notice of Hearings

1.   For an arbitration conducted by way of an oral hearing, after the arbitral tribunal has fixed a date for oral hearing, the parties shall be notified at least seven (7) days prior to the oral hearing. A party

having justified reasons may request a postponement of the oral hearing. However, such request shall be communicated in writing to the arbitral tribunal at least three (3) days prior to the fixed oral hearing date. The arbitral tribunal shall decide whether or not to postpone the oral hearing.

2. Where a party has justified reasons for failure to submit a request for a postponement of the oral hearing within the time period specified in the preceding Paragraph 1, the arbitral tribunal shall decide whether or not to accept the request.

3. A notice of a subsequent oral hearing, as well as a notice of a postponed oral hearing, shall not be subject to the time-limit specified in the preceding Paragraph 1.

**Article 61  Change of Procedure**

1. The application of Expedited Procedure shall not be affected by any amendment to the claim or by the filing of a counterclaim.

2. Where the amount in dispute of the amended claim or that of the counterclaim exceeds RMB 3,000,000 Yuan, upon one of the parties' request or the suggestion of the arbitral tribunal, and if the SCIA considers it necessary, the Expedited Procedure may be changed to the general procedure by the SCIA.

3. For any case that originally applies the general procedure, if the Claimant amends its claims before the formation of the arbitral tribunal and the amount in dispute as amended does not exceed RMB 3,000,000 Yuan, the Expedited Procedure shall apply. The application of the general procedure shall not be affected by any

amendment to the claim or by the filing of a counterclaim after the formation of the arbitral tribunal.

**Article 62  Other Provisions**

The relevant provisions in the other Chapters of the Rules shall apply to matters not covered in this Chapter.

## CHAPTER X  MISCELLANEOUS

**Article 63  Arbitration Fees and Costs**

1. The parties shall pay the arbitration fees and costs in advance to the SCIA in accordance with the "Schedule of Fees and Costs of Arbitration" stipulated by the SCIA.

2. Where the parties agree to apply other arbitration rules, the SCIA may charge in accordance with the schedule of fees and costs of arbitration stipulated by such other arbitration rules. If such other arbitration rules lack such a schedule, the Schedule of Fees and Costs of Arbitration adopted by the SCIA shall apply.

3. During the course of the arbitration proceedings, where the parties fail to pay in advance the relevant fees and costs as required, the SCIA shall so inform the parties in order that one or another of them may make the required payment. If such payment is not made, the SCIA may order the suspension of the arbitration proceedings, or regard such as the total withdrawal of the claims or counter-claims of the parties.

4. The Schedule of Fees and Costs of Arbitration which is attached

hereto forms an integral part of the Rules.

**Article 64  Allocation of Fees**

1.  The arbitral tribunal has the power to determine in the arbitral award the arbitration fees and other expenses to be borne by the parties. Such fees and other expenses include fees and actual expenses payable under the Schedule of Fees and Costs of Arbitration, and the reasonable legal fees and other expenses incurred by the parties for conducting the arbitration.

2.  Unless otherwise agreed by the parties or stipulated in the Rules, the arbitration fees and costs shall in principle be borne by the losing party. Notwithstanding the foregoing, the arbitral tribunal may decide to assign the arbitration fees and costs among the parties according to the proportions it deems appropriate for the circumstances. If the parties reach a settlement either on their own initiative or as a result of mediation by the arbitral tribunal, the parties may reach an agreement upon the payment of such fees and costs.

3.  In case of any breach of the Rules or failure to carry out the arbitral tribunal's decisions by any party which causes delay in the arbitration proceedings, the allocation of arbitration fees and costs to such party shall not be subject to the provisions under the preceding paragraph. Where other costs are incurred or increased due to delay in the arbitration proceedings, such party shall also bear the costs so incurred or increased.

4.  The arbitral tribunal shall, at the request of a party, have the power to determine in the arbitral award that the losing party bears the

reasonable costs and expenses of the successful party incurred in relation to the arbitration proceedings, including but not limited to the attorney's fees, the costs of preservation measures, travel and accommodation expenses, notarial fees and witness expenses. While determining the amount of these costs and expenses, the arbitral tribunal shall take into account the outcome and complexity of the case, the actual workload of the parties or their representatives, the amount in dispute and any other relevant factors.

### Article 65  Calculation of Time–limits

1. Periods of time specified in or fixed under the Rules shall start to run on the day following the date a notification or communication is deemed to have been made.

2. When the day next following such date is a public holiday, or a non-business day in the country where the notification or communication is deemed to have been made, the period of time shall commence on the first following business day. Public holidays and non-business days within the period concerned are included in the calculation of the period of time. If the last day of the relevant period of time is a public holiday or a non-business day, the period of time shall expire at the end of the first following business day.

3. If a party breaches a time-limit because of force majeure events or other justifiable reasons, it shall inform the SCIA within a reasonable time period and may apply for an extension of time within ten(10) days after such reasons no longer exist. The arbitral tribunal shall decide on the request. Where the arbitral tribunal has

not yet been formed, such decision shall be made by the SCIA.

**Article 66  Confidentiality**

1.  Arbitration shall not be open to the public.

2.  Where all the parties agree that an oral hearing be open to the public, the arbitral tribunal shall decide whether the oral hearing shall be open to the public.

3.  Where an oral hearing is not to be open to the public, the parties and their representatives, witnesses, interpreters, arbitrators, experts consulted or appraisers appointed by the arbitral tribunal, persons recording the oral hearings, staff of the SCIA and other relevant persons shall keep any substantive or procedural matters relating to the case confidential, unless otherwise stipulated under the laws.

**Article 67  Application of Information Technology**

Unless otherwise agreed by the parties, the SCIA or the arbitral tribunal may decide to conduct all or part of the arbitral proceedings by virtue of information technology, including but not limited to online registration, service, oral hearing, and examination of evidence.

**Article 68  Optional Appellate Arbitration Procedure**

1.  Unless prohibited by the laws of the place of arbitration, where the parties have agreed on submitting to the SCIA for appellate arbitration in respect of the award rendered by the arbitral tribunal according to Chapter VIII herein, their agreement shall prevail.

The optional appellate arbitration procedure shall not apply to the expedited procedure of the Rules.

2.   The optional appellate arbitration procedure shall be conducted in accordance with the "SCIA Guidelines for the Optional Appellate Arbitration Procedure".

**Article 69  Waiver of Objection**

A party shall be deemed to have waived its right to object where it knows or should have known that any provision of the Rules, other arbitration rules applicable to the arbitration proceedings, decisions of the arbitral tribunal or any term under the arbitration agreement has not been complied with and yet participates in or proceeds with the arbitration proceedings without promptly submitting its objection in writing to such non-compliance.

**Article 70  Limitation of Liability**

The arbitrator(s), the SCIA and its related persons shall not be liable to any person for any act or omission related to the arbitration, except for intentional misconduct.

**Article 71  Interpretation of the Rules**

1.   The headings of the articles in the Rules shall not be construed as interpretations of the contents of the provisions contained therein.

2.   The Rules shall be interpreted by the SCIA.

3.   Unless otherwise stated, other documents issued by the SCIA shall

not constitute integral parts of the Rules.

### Article 72  Coming into Force

The Rules shall be effective as from 21 February 2019 upon the deliberation and approval of the Council of the SCIA. As of the date of the Rules' coming into force, all cases accepted by the SCIA shall be governed by the Rules. For cases accepted by the SCIA before the Rules come into force, the Rules effective at the time of acceptance shall apply, or where the parties agree, the Rules shall apply.

**Appendix**

# Schedule of Fees and Costs of Arbitration

**Article 1  Arbitration Fees and Costs for the International and Foreign–related Cases and Cases related to the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan Region**

**Schedule I**

| Amount in Dispute ("AID") ("RMB") | Arbitration Fees and Costs ("RMB") |
| --- | --- |
| 1,000,000 and below | 3.5% of the AID, minimum 10,000 |
| 1,000,001 to 5,000,000 (inclusive of 5,000,000) | 35,000 plus 2.5% of the AID above 1,000,000 |
| 5,000,001 to 10,000,000 (inclusive of 10,000,000) | 135,000 plus 1.5% of the AID above 5,000,000 |
| 10,000,001 to 50,000,000 (inclusive of 50,000,000) | 210,000 plus 1% of the AID above 10,000,000 |
| above 50,000,000 | 610,000 plus 0.65% of the AID above 50,000,000 |

(1) This Schedule I applies to the international and foreign-related arbitration cases and those related to the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan Region under Article 2, Paragraph 1(1) and (2) of the Rules.

(2) A registration fee of RMB 10,000 Yuan shall be payable upon application for arbitration, for the purposes of examining

the application for arbitration, initiating the arbitration proceedings, computerizing management, filing management and correspondence. The registration fee is non-refundable.

(3) The parties shall pay the arbitration fees and costs in advance in accordance with the rates under this Schedule I for their respective claim or counterclaim. The AID referred to in this Schedule I shall be on the basis of the amount of money claimed by the parties. Where no monetary claim is specified or the amount in dispute is not clear, the amount of arbitration fee shall be determined by the SCIA in consideration of the specific rights and interests involved in the disputes.

(4) If the arbitration fee is charged in a foreign currency, an amount of the foreign currency equivalent to the corresponding RMB value specified in this schedule shall be paid.

(5) The SCIA may charge for other disbursements reasonably incurred in accordance with the relevant provisions under the Rules.

(6) Unless otherwise stipulated by the Rules, the remuneration of the arbitrator(s) shall be decided by the SCIA and shall be payable by the SCIA out of the arbitration fees and costs collected by the SCIA under this Schedule I. While determining the remuneration of the arbitrator(s), the SCIA shall take into account of factors such as the time spent by the arbitrator(s) to handle the case, the AID, the complexity of the case, and the diligence and efficiency of the arbitrator(s).

### Article 2  Arbitration Fees and Costs for Chinese Mainland Arbitration Cases

## Schedule II

### (1) Schedule of Case–acceptance Fee

| Amount in Dispute ("AID") ("RMB") | Case-acceptance Fee ("RMB") |
| --- | --- |
| 1,000 and below | 100 |
| 1,001 to 50,000 (inclusive of 50,000) | 100 plus 5% of the AID above 1,000 |
| 50,001 to 100,000 (inclusive of 100,000) | 2,550 plus 4% of the AID above 50,000 |
| 100,001 to 200,000 (inclusive of 200,000) | 4,550 plus 3% of the AID above 100,000 |
| 200,001 to 500,000 (inclusive of 500,000) | 7,550 plus 2% of the AID above 200,000 |
| 500,001 to1,000,000 (inclusive of 1,000,000) | 13,550 plus 1% of the AID above 500,000 |
| above1,000,000 | 18,550 plus 0.5% of the AID above 1,000,000 |

### (2) Schedule of Case–handling Fee

| Amount in Dispute ("AID") ("RMB") | Case-handling Fee ("RMB") |
| --- | --- |
| 200,000 and below | 8,000 |
| 200,001 to 500,000 (inclusive of 500,000) | 8,000 plus 2% of the AID above 200,000 |
| 500,001 to 1,000,000 (inclusive of 1,000,000) | 14,000 plus 1.5% of the AID above 500,000 |
| 1,000,001 to 3,000,000 (inclusive of 3,000,000) | 21,500 plus 0.5% of the AID above 1,000,000 |

| Amount in Dispute ("AID") ("RMB") | Case-handling Fee ("RMB") |
|---|---|
| 3,000,001 to 6,000,000 (inclusive of 6,000,000) | 31,500 plus 0.45% of the AID above 3,000,000 |
| 6,000,001 to 10,000,000 (inclusive of 10,000,000) | 45,000 plus 0.4% of the AID above 6,000,000 |
| 10,000,001 to 20,000,000 (inclusive of 20,000,000) | 61,000 plus 0.3% of the AID above 10,000,000 |
| 20,000,001 to 40,000,000 (inclusive of 40,000,000) | 91,000 plus 0.2% of the AID above 20,000,000 |
| Above 40,000,000 | 131,000 plus 0.15% of the AID above 40,000,000 |

(1) Schedule II apply to the arbitration cases related to Chinese Mainland disputes under Article 2, Paragraph 1(3) of the Rules, including case-acceptance fee and case-handling fee.

(2) The parties shall pay the case-acceptance fee and case-handling fee in advance in accordance with the rates under this Schedule II for their respective claim or counterclaim. The AID referred to in this Schedule II shall be on the basis of the amount of money claimed by the parties. Where no monetary claim is specified or the amount in dispute is not clear, the amount of arbitration fee shall be determined by the SCIA in consideration of the specific rights and interests involved in the disputes.

(3) The SCIA may charge for other disbursements reasonably incurred in accordance with the relevant provisions under the Rules.

(4) The remuneration of the arbitrator(s) shall be decided by the SCIA and shall be payable by the SCIA out of the arbitration fees and costs collected by the SCIA under this Schedule II.

While determining the remuneration of the arbitrator(s), the SCIA shall take into account of factors such as the time spent by the arbitrator(s) to handle the case, the amount in dispute, the complexity of the case, and the diligence and efficiency of the arbitrator(s). The personal fee rate of any arbitrator (if any) shall only be for SCIA's reference, and is not binding on the SCIA.

### Article 3  Advance Payment of Arbitration Fees and Costs in Installments

(1) In cases whereby a large amount of arbitration fees and costs is payable under Article 1 or 2 of this Appendix or there are special circumstances in any arbitration case, the SCIA may, at the request of the parties, agree to allow the party to make the advance payment of the arbitration fees and costs in installments, provided that:

    (a)  no less than one-third of the total arbitration fees and costs is paid upon request for arbitration;

    (b)  no less than half of the total arbitration fees and costs is paid by the time the arbitral tribunal is formed; and

    (c)  the total arbitration fees and costs shall be paid in full by the time of the hearing.

(2) Such installments as agreed upon by the SCIA shall not include the registration fee stipulated under Article 1 of this Appendix.

### Article 4  Arbitration Fees and Costs in relation to Arbitral Cases Governed by UNCITRAL Arbitration Rules

As for the international and foreign-related arbitration cases and those related to the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan Region governed

by the UNCITRAL Arbitration Rules under Article 3 (4) , and for arbitral cases related to the investment disputes under Article 2 (2), the arbitration fees and costs shall be charged by the SCIA in accordance with the "SCIA Guidelines for the Administration of Arbitration under the 'UNCITRAL Arbitration Rules'" (hereinafter, the "Guidelines") as follows:

(1)  Registration Fee
     The registration fee shall be RMB 5,000 Yuan, which is non-refundable under any circumstances.

(2)  Administrative Fee
     The administrative fees shall include the costs and expenses incurred from providing the service under Article 4(1) of the Guidelines in relation to the following:
     (a)  Appointment of Arbitrators ("RMB")

|  | 1 arbitrator appointed | 2 arbitrators appointed | 3 arbitrators appointed |
|---|---|---|---|
| Fees payable by the parties | 10,000 | 15,000 | 18,000 |

     (b)  Decision on the Challenge of Arbitrator
          An amount of RMB 20,000 Yuan shall be charged for each decision on the challenge of arbitrator(s).
     (c)  Financial Management of Arbitration Case
          The SCIA shall charge a financial management fee, being 0.1% of the total amount of fees in custody of SCIA. The minimum management fee chargeable shall be RMB 1,000 Yuan and shall be capped at a maximum of RMB 100,000 Yuan.
     (d)  Services under Article 4 (2) of the Guidelines
          The SCIA shall charge disbursements incurred from services provided by SCIA under Article 4 (2) of the Guidelines or

from other administrative services requested by the parties or the arbitral tribunal, which shall be charged on actual costs basis.

## Article 5  Arbitration Fees and Costs in relation to Application of other Arbitration Rules

### Schedule III

| Amount in Dispute ("AID") ("RMB") | Administrative Fee ("RMB") |
| --- | --- |
| 1,000,000 and below | 1.4% of the AID, minimum 4,000 |
| 1,000,001 to 5,000,000 (inclusive of 5,000,000) | 14,000 plus 1% of the AID above 1,000,000 |
| 5,000,001 to 10,000,000 (inclusive of 10,000,000) | 54,000 plus 0.6% of the AID above 5,000,000 |
| 10,000,001 to 50,000,000 (inclusive of 50,000,000) | 84,000 plus 0.4% of the AID above10,000,000 |
| Above 50,000,000 | 244,000 plus 0.2% of the AID above 50,000,000 |

(1) This Schedule III shall apply if the parties agree to submit to the SCIA for arbitration in accordance with the arbitration rules other than the SCIA Rules and the UNCITRAL Arbitration Rules, and that the SCIA shall provide the administrative services for the arbitration proceedings.

(2) A registration fee of RMB 10,000 Yuan shall be payable upon application for arbitration, for the purposes of examining the application for arbitration, initiating the arbitration proceedings, computerizing management, filing management and

correspondence. The registration fee is non-refundable.

(3) The parties shall pay the arbitration fees and costs in advance in accordance with the rates under this Schedule III for their respective claim or counterclaim. The AID referred to in this Schedule III shall be on the basis of the sum amount of money claimed by the parties. Where no monetary claim is specified or the amount in dispute is not clear, the amount of administrative fee shall be determined by the SCIA in consideration of the specific rights and interests involved in the disputes.

(4) If the arbitration fee is charged in a foreign currency, the foreign currency shall be payable at an amount equivalent to the corresponding amount in RMB under this Schedule III.

(5) The SCIA can charge for other disbursements reasonably incurred in accordance with the relevant provisions under the Rules.

(6) The administrative fee payable to the SCIA shall not include the remuneration of the arbitrator(s).

### Article 6  Renumeration of the Arbitrators Determined by Agreement between the Parties and the Arbitrators and the Payment Thereof

(1) Except for arbitration cases related to Chinese Mainland disputes under Article 2, Paragraph 1(3) of the Rules, the renumeration of arbitrators may be determined by agreement. Any agreement-based method of determination shall require the unanimous consent of all parties and shall be applicable to all members of the arbitral tribunal.

(2) The fees and expenses of arbitrators determined in accordance with the fee arrangements shall be reasonable in amount, taking into account the amount in dispute, the complexity of the subject-matter, the time spent by the arbitrators and any other relevant circumstances of the case. According to the above circumstances, the SCIA shall have the power to make any necessary adjustment to the fees and expenses of arbitrators, which will be binding upon the arbitral tribunal.

(3) The SCIA is entitled to adjust the arbitration fees and costs payable by the parties in advance based on the circumstances of the case concerned.

(4) Where any party raises an objection regarding the adoption or the amount of agreement-based renumeration of the arbitrators, the decision of the SCIA shall be conclusive.

(5) In cases where the renumeration of the arbitrators is established by agreement, the payment of such renumeration shall be decided by the arbitral tribunal in accordance with applicable arbitration rules and the relevant provisions of this Schedule.

**Article 7　Arbitration Fees and Costs in relation to Appointment of Emergency Arbitrator**

### Schedule IV

| Application for Interim Measures | Amount Charged ("RMB") |
| --- | --- |
| One single interim measure | 10,000 |
| Multiple interim measures | $10,000 + (n-1) \times 2,000$ |

(where "n" refers to the number of interim measures applied for by the parties)

This Schedule IV shall apply if a party applies to the SCIA for appointment of an emergency arbitrator for the interim measure(s) under Article 26 of the Rules.